

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: FACEBOOK, INC., IPO SECURITIES
AND DERIVATIVE LITIGATION                                    MDL No. 2389

**TRANSFER ORDER**

**Before the Panel:** Pursuant to 28 U.S.C. § 1407, defendants Facebook, Inc. (Facebook); Mark Zuckerberg; Sheryl K. Sandberg; David A. Ebersman; David M. Spillane; Marc L. Andreessen; Erskine B. Bowles; James B. Breyer; Donald E. Graham, Reed Hastings; Peter A. Thiel; Morgan Stanley & Co. LLC (Morgan Stanley); J.P. Morgan Securities LLC (JP Morgan); and Goldman, Sachs & Co. (Goldman Sachs) seek centralization in the Southern District of New York. This litigation currently consists of 41 actions, pending in three districts, listed on Schedule A.[1]

The remaining underwriter defendants[2] concur in the motion for centralization, as do plaintiffs in four Southern District of New York actions. Defendants The NASDAQ OMX Group, Inc. and The Nasdaq Stock Market LLC (collectively "NASDAQ") and plaintiffs in one Southern District of New York potential tag-along action support centralization of the actions involving NASDAQ in the Southern District of New York and support limited coordination with the remaining actions, but oppose coordination of all cases beyond the coordination of common discovery and oppose

---

[1] Four additional actions were included in the motion for centralization, but they have since been dismissed or closed. Additionally, the parties have notified the Panel of eleven related actions pending in the Northern District of California, the District of District of Columbia, and the Southern District of New York. These actions and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[2] Merrill Lynch, Pierce, Fenner & Smith Inc., Barclays Capital Inc., Allen & Company LLC, Citigroup Global Markets Inc., Credit Suisse Securities (USA), LLC, Deutsche Bank Securities Inc., RBC Capital Markets, LLC, Wells Fargo Securities, LLC, Blaylock Robert Van LLC, BMO Capital Markets Corp., C.L. King & Associates, Inc., Cabrera Capital Markets, LLC, CastleOak Securities, L.P., Cowen and Company, LLC., E*TRADE Securities LLC, Itaú BBA USA Securities, Inc., Lazard Capital Markets LLC, Lebenthal & Co., LLC, Loop Capital Markets LLC, M.R. Beal & Company, Macquarie Capital (USA) Inc., Muriel Siebert & Co., Inc., Oppenheimer & Co. Inc., Pacific Crest Securities LLC, Piper Jaffray & Co., Raymond James & Associates, Inc., Samuel A. Ramirez & Co., Inc., Stifel, Nicolaus & Co., Inc., The Williams Capital Group, L.P., and William Blair & Company, L.L.C.

A CERTIFIED COPY
RUBY J. KRAJICK, CLERK

BY _Shanto Ores_
Deputy Clerk

-2-

consolidation of the cases involving Facebook with those involving NASDAQ.[3] NASDAQ also opposes transfer of the actions involving NASDAQ to any other district. Plaintiffs in one Southern District of New York NASDAQ action oppose global centralization of the securities and derivative actions and the NASDAQ actions and, alternatively, support the Southern District of New York as transferee district. Plaintiffs in seven removed Northern District of California securities actions and three removed Northern District of California derivative actions argue that if the actions remain in federal court, the Northern District of California is the preferable transferee district. Generally, these plaintiffs oppose inclusion of the NASDAQ actions and believe the MDL should include only the securities and derivative actions.

All actions arise from Facebook's May 18, 2012 initial public offering (IPO). Thirty of these actions allege violations of the Securities Act of 1933 (the 1933 Act) or the Securities Exchange Act of 1934 against movants and various underwriter defendants. Three of these actions assert derivative claims against certain of Facebook's directors and officers in connection with alleged violations of the 1933 Act. Specifically, they allege that although Facebook publicly announced before the IPO that its growth in users had continued to outpace the number of ads displayed on its site, Facebook had material non-public discussions with the underwriters' analysts concerning ad growth, and that these analysts relayed their resulting revised earnings forecasts to "preferred investors." The plaintiffs allege that after the IPO, Facebook's stock price declined when the public first learned about these non-public discussions. The remaining eight actions against NASDAQ allege that it caused technical and other trading-related errors that created market uncertainty and caused investor losses.

Almost all parties agree that the securities and derivative actions should be centralized, and that the NASDAQ actions should be centralized. The securities and derivative actions allege that the Facebook and underwriter defendants violated federal securities laws by providing material non-public information to certain preferred investors, causing Facebook's stock price to decline. The securities actions plaintiffs seek to represent overlapping putative classes of purchasers of Facebook IPO stock. Certainly, these actions share questions of fact. On the other hand, the NASDAQ plaintiffs allege that trading errors by the NASDAQ defendants caused some of their losses. Seven of the NASDAQ actions are brought on behalf of overlapping putative classes of purchasers of Facebook IPO stock who experienced such trading errors. The NASDAQ actions thus also involve common questions of fact.

The central dispute among the parties is whether the NASDAQ actions should be included in one MDL with the securities and derivative actions. All actions do address the common issue of

---

[3] At oral argument, NASDAQ clarified that they agree the securities and derivative actions involving Facebook should be in the same court as the NASDAQ actions, whether in two separate MDLs or in a single MDL with separate tracks. They would oppose any suggestion of consolidation of the Facebook and NASDAQ actions.

-3-

the cause of the decline in Facebook's stock price. Various parties in both the securities and derivative actions on the one hand, and the NASDAQ actions on the other, will argue that NASDAQ's actions caused the investor losses in some instances. Parties opposing global centralization argue that such factual overlap is too limited to warrant centralization and that the NASDAQ actions involve separate defendants, different claims, and arise from different conduct. These parties also argue that the securities actions will be stayed pursuant to the Private Securities Litigation Reform Act of 1995, 15U.S.C. § 78u-4, which will unduly delay the NASDAQ actions. The NASDAQ defendants themselves do not oppose inclusion of the NASDAQ actions in the MDL, conceding that there will be some factual overlap, but they argue that the NASDAQ actions should be included only for limited coordination for discovery purposes and not consolidation.

We conclude that though the NASDAQ actions involve different defendants and claims from those in the securities and derivative actions, they do involve enough common questions of fact, related circumstances and common discovery to warrant centralization. The securities and derivative actions involve some unique factual issues and some discovery and pretrial motions practice that will not overlap with the NASDAQ actions. While NASDAQ expresses concerns about this, as we have held in the past, "[w]e leave the degree of any coordination or consolidation to the discretion of the transferee judge." *In re: Gerova Fin. Group, Ltd., Sec. Litig.*, 816 F. Supp. 2d 1381, 1832 (J.P.M.L. 2011). We have complete confidence that the transferee judge can accommodate these differences without delaying or compromising consideration of claims on their individual merits. *See In re: Tribune Co. Fraudulent Conveyance Litig.*, 831 F. Supp. 2d 1371, 1371-72 (J.P.M.L. 2011). We also find persuasive that all the actions in the Southern District of New York have been related before Judge Robert W. Sweet without apparent objection from any party.

We will not delay transfer of the removed Northern District of California actions. The Northern District of California recently denied the motions to remand the securities actions. Plaintiffs in the removed derivative actions can present their pending motions for remand to state court to the transferee court. *See, e.g., In re: Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001). We are confident the transferee judge will give the pending remand motions his prompt attention.

The Southern District of New York is an appropriate transferee district for pretrial proceedings in this litigation. Twenty-six of the actions are already pending there before Judge Sweet, including seven of the eight NASDAQ actions. Much of the relevant discovery will be located in New York, including most discovery relating to alleged NASDAQ trading errors and discovery from the underwriter defendants, many of whom are located in New York.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Robert W. Sweet, for coordinated or consolidated pretrial proceedings.

-4-

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Barbara S. Jones | Paul J. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |

IN RE: FACEBOOK, INC., IPO SECURITIES
AND DERIVATIVE LITIGATION                                    MDL No. 2389

### SCHEDULE A

Northern District of California

Michael Spatz, et al. v. Facebook, Inc., et al., C.A. No. 3:12-02662
James Chang, et al. v. Facebook, Inc., et al., C.A. No. 3:12-02680
John Gregory v. Facebook, Inc., et al., C.A. No. 3:12-02815
Darryl Lazar v. Facebook, Inc., et al., C.A. No. 3:12-03199
Edward J. Shierry v. Facebook, Inc., et al., C.A. No. 3:12-03200
Michael Lieber v. Facebook, Inc., et al., C.A. No. 3:12-03202
Thomas J. Ahrendtsen, et al. v. Facebook, Inc., et al., C.A. No. 3:12-03212
Kevin Hicks, et al. v. Facebook Inc., et al., C.A. No. 3:12-03353
Harvey Lapin v. Facebook, Inc., et al., C.A. No. 3:12-03195
Karen Cuker, et al. v. Facebook, Inc., et al., C.A. No. 3:12-03201
Jennifer Stokes v. Facebook, Inc., et al., C.A. No. 3:12-03203
William Cole v. Mark Zuckerberg, et al., C.A. No. 3:12-03367
Vernon R. DeMois, Jr. v. Facebook, Inc. et al., C.A. No. 3:12-03196
Hal Hubuschman v. Mark Zuckerberg, et al., C.A. No. 3:12-03366

Middle District of Florida

Jonathan R. Simon, et al. v. The Nasdaq Stock Market LLC, C.A. No. 6:12-00973

Southern District of New York

Phillip Goldberg v. Nasdaq OMX Group, Inc., et al., C.A. No. 1:12-04054
Brian Roffe Profit Sharing Plan, et al. v. Facebook, Inc., et al., C.A. No. 1:12-04081
Maren Twining v. Facebook, Inc., et al., C.A. No. 1:12-04099
Goldrich Cousins P.C. 401(k) Profit Sharing Plan & Trust, et al. v. Facebook, Inc.,
    C.A. No. 1:12-04131
Irving S. Braun, et al. v. Facebook, Inc., et al., C.A. No. 1:12-04150
Edward Childs v. Mark Zuckerberg, et al., C.A. No. 1:12-04156
Alexis Alexander, et al. v. Facebook, Inc., et al., C.A. No. 1:12-04157
Douglas M. Lightman v. Facebook, Inc., et al., C.A. No. 1:12-04184
Kathy Reichenbaum v. Facebook, Inc., et al., C.A. No. 1:12-04194
Jun Yan v. Nasdaq OMX Group, Inc., et al., C.A No. 1:12-04200
Elbita Alfonso v. The Nasdaq Stock Market LLC, et al., C.A. No. 1:12-04201
Lawrence Corneck v. Morgan Stanley & Co. LLC, et al., C.A. No. 1:12-04215
Justin F. Lazard v. Facebook, Inc., et al., C.A. No. 1:12-04252
Sylvia Gregorcyzk v. Facebook, Inc., et al., C.A. No. 1:12-04291

-2-

**MDL No. 2389 Schedule A (Continued)**

Southern District of New York (Continued)

Peter Brinckerhoff v. Facebook, Inc., et al., C.A. No. 1:12-04312
Lidia Levy v. The Nasdaq Stock Market LLC, et al., C.A. No. 1:12-04315
David Goldberg, et al. v. Facebook, Inc., et al., C.A. No. 1:12-04332
Richard P. Eannarino v. Facebook, Inc., et al., C.A. No. 1:12-04360
Peter Mamula v. Facebook, Inc., et al., C.A. No. 1:12-04362
Khodayar Amin v. The Nasdaq Stock Market LLC, et al., C.A. No. 1:12-04403
Elliot Leitner v. Facebook, Inc., et al., C.A. No. 1:12-04551
Barbara Steinman v. Nasdaq OMX Group, Inc., et al., C.A. No. 1:12-04600
Howard Savitt v. Facebook, Inc., et al., C.A. No. 1:12-04648
Chad Roderick v. Nasdaq OMX Group, Inc., et al., C.A. No. 1:12-04716
Eugene Stricker v. Morgan Stanley & Co. LLC, et al., C.A. No. 1:12-04763
Keith Wise, et al. v. Facebook, Inc., et al., C.A. No. 1:12-04777