UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

IN RE FACEBOOK, INC., IPO SECURITIES AND
DERIVATIVE LITIGATION,

O R D E R
MDL No. 12-2389

This Order
Relates to:
ALL CASES

------------------------------------------X

Sweet, D.J.


### PRACTICE & PROCEDURE ORDER UPON TRANSFER PURSUANT TO 28 U.S.C. § 1407

### I.   Coordination of Actions

A.  This Order shall govern the practice and procedure in those actions transferred to this Court by the Judicial Panel on Multidistrict Litigation (the "MDL Panel") pursuant to its Order of October 4, 2012, as well as all related actions originally filed in this Court or transferred or removed to this Court.  These actions are listed in Schedule A attached hereto.  This Order shall also govern the practice and procedure in any tag-along actions transferred to this Court by the MDL Panel subsequent to the filing of the final transfer order by the Clerk of this Court and any related actions subsequently

1

filed in this Court or otherwise transferred or removed to this Court.

    B.  The actions described in paragraph 1 of this Order have been sent to this Court for coordination or consolidation of pretrial proceedings.

## II. Filing and Docketing

    A.  The Clerk of this Court will maintain a master docket case file under the name "In Re Facebook, Inc., IPO Securities and Derivative Litigation" and the identification "MDL No. 12-2389." All pleadings, motions and other submissions filed in these actions shall bear the identification "MDL No. 12-2389." If a submission relates to all these actions, the MDL docket number shall be followed only by the notation "ALL CASES." If such paper does not relate to all of these actions, the individual docket numbers assigned by the Clerk of this Court (as listed in Schedule A hereto) of those actions to which the paper relates shall also be listed. If such paper relates to five or fewer actions the abbreviated caption of each of the actions may be listed opposite its number.

B. Any paper which is to be filed in any of these actions shall be filed with the Clerk of this Court and not with the transferor district court. Use of CM/ECF System is mandatory; all filing and docketing shall be done electronically through the CM/ECF System. Counsel must comply with the District's CM/ECF Rules & Instructions, a copy of which may be obtained on the Court's website, www.nysd.uscourts.gov. Those who will be responsible for electronic filing and docketing must fully understand the CM/ECF System and be familiar with this Court's practices and procedures.

### III. Application of This Order to Subsequently Filed or Transferred Cases

A. When an action that properly belongs as part of In Re Facebook, Inc., IPO Securities and Derivative Litigation is filed after the date of this Order in the Southern District of New York or is transferred here from another court, the Clerk of this Court shall: (1) file a copy of this Order in the separate file for such action; (2) mail a copy of this Order or give ECF Notice to the counsel for the plaintiff(s) in the newly-filed action and to any new defendant(s) in the newly filed action; and (3) make the appropriate entry in the master docket sheet.

IV.  **Admission of Attorneys**

    A.  No party to any action transferred to this Court as part of MDL No. 12-2389 shall be required to obtain local counsel in this District, and any attorney may appear in these actions who is duly admitted to practice before any United States Court.  Counsel who appeared in the transferor district court prior to the transfer need not enter a separate appearance before this Court.

V.  **Interim Measures**

    A.  Upon remand of any of these actions the parties will be required to provide to this Court copies of any necessary and relevant papers previously filed.

    B.  All orders previously entered by this Court or any transferor district court shall remain in full force and effect unless modified by this Court upon application.

    D.  All motions pending as of the date of this Order in any of the actions transferred to this Court by the MDL Panel

4

are hereby denied without prejudice.  Any hearings or pretrial deadlines previously set by any other court are hereby vacated.

E.  Hearings shall not be held on any motions filed except by order of Court upon such notice as the Court may direct.

F.  All discovery proceedings in these actions are stayed until further order of this Court and the time requirements to perform any acts or file any papers pursuant to Rules 26 through 37, Federal Rules of Civil Procedure, are tolled until the first pretrial conference at which time a discovery schedule will be established.

## VI. Preparations for Conference

A.  The Court will be guided by the Manual for Complex Litigation, Fourth approved by the Judicial Conference of the United States, and counsel are directed to familiarize themselves with that publication.

B.  Counsel should familiarize themselves the Local Rules of this Court and the Individual Rules of Judge Robert W.

Sweet which may be viewed at http://www.nysd.uscourts.gov.

C.  Prior to the first pretrial conference, service of all papers shall be made on each of the attorneys listed on the In Re Facebook, Inc., IPO Securities and Derivative Litigation docket. Any attorney who wishes to have his name added to or deleted from the docket may do so upon request of the Clerk of this Court with notice to all other persons on such service list. Service shall be deemed sufficient if made upon all attorneys on the docket.

## VII. Organization, Designation and Responsibilities of Counsel

A.  Prior to the first pretrial conference, counsel for each group of parties whose interests are similarly aligned shall confer and designate liaison counsel by October 31, 2012, subject to the approval of the Court. The Court will only consider attorneys who have filed a civil action in this litigation. Any issues relating to the designation of liaison counsel shall be submitted to the Court.

(i)  Liaison counsel shall be authorized to receive orders and notices from the Court on behalf of

6

           all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group.

(ii)    Liaison counsel shall be required to maintain complete files with copies of all documents served upon them and shall make such files available to parties within their liaison group upon request.

(iii)    Liaison counsel are also authorized to receive orders and notices from the MDL Panel on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group.

(iv)    Liaison counsel shall maintain an up-to-date service list and make such list available to the Court and all parties, including co-counsel and to Defendants' liaison counsel.

B.    Prior to the first pretrial conference, counsel

for each group of parties whose interests are similarly aligned shall confer and designate lead counsel by October 31, 2012, subject to the approval of the Court.  The Court will only consider attorneys who have filed a civil action in this litigation.

    (i)    In the event that counsel for each group of parties whose interests are similarly aligned successfully designates lead counsel, the designated lead counsel shall appear for a hearing set at noon on November 7, 2012, in Courtroom 18C, United States Courthouse, 500 Pearl Street, New York, New York.

    (ii)    In the event that counsel for each group of parties whose interests are similarly aligned cannot successfully designate lead counsel, applications and supporting memoranda must be submitted by November 14, 2012.  Any opposition papers must be submitted by November 28, 2012, and any reply papers must be submitted by December 5, 2012.  One courtesy copy of all motion papers should be marked as such and

        submitted to chambers. The applications will be reviewed and all applicants shall appear for a hearing set at noon on Wednesday, December 12, 2012, in Courtroom 18C, United States Courthouse, 500 Pearl Street, New York, New York.

(iii)  Once designated, the lead counsel shall be charged with the following responsibilities and obligations on behalf of all the plaintiffs:

    (a)  sign any and all consolidated complaints, motions, briefs, discovery requests, objections and/or notices;

    (b)  conduct all pre-trial proceedings;

    (c)  determine (after consultation with other counsel as may be appropriate) and present (in briefs, oral argument or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the plaintiffs' position on all matters arising during pretrial

proceedings;

(d) coordinate the initiation and conduct of discovery consistent with the requirements of Rule 26 of the Federal Rules of Civil Procedure including, without limitation, preparation of interrogatories, requests for admission and/or requests for production of documents and the examination of witnesses in depositions;

(e) employ and consult with experts or consultants, as necessary;

(f) conduct settlement negotiations or other ADR efforts, under the supervision of the Court, if and as appropriate;

(g) enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

(h) delegate specific tasks to other counsel based on their experience, expertise and willingness and desire to work on the

      litigation in such a manner to ensure that pretrial preparation is conducted efficiently and effectively;

(i) conduct regular meetings and/or telephone conferences with other plaintiffs' counsel to keep them informed and/or to consult with them about the conduct of the litigation;

(j) prepare and distribute periodic status reports to the plaintiffs and their counsel;

(k) maintain time and expense records pursuant to the standards set forth below;

(l) monitor the activities of other plaintiffs' counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

(m) perform such other duties and tasks incidental to the proper coordination of

                plaintiffs' pretrial activities or authorized by further order of the Court.

    (iv)    Counsel for plaintiffs who disagree with lead counsel or who have individual or divergent positions may present written and oral arguments, conduct examinations of deponents and/or otherwise act separately on behalf of their clients as appropriate, provided they do not repeat lead counsel's arguments, questions and/or actions.

## VIII.   Initial Conference

    A.   All other matters, including various pretrial issues, will be discussed at the initial conference which shall be scheduled once liaison and lead counsel are designated and approved.

    It is so ordered.

**New York, NY**
**October  /0 , 2012**

                                                 _____
                                                 ROBERT W. SWEET
                                                 U.S.D.J.

**SCHEDULE A**

**Northern District of California**

Michael Spatz, et al. v. Facebook, Inc., et al., C.A. No. 3:12-02662

James Chang, et al. v. Facebook, Inc., et al., C.A. No. 3:12-02680

John Gregory v. Facebook, Inc., et al., C.A. No. 3:12-02815

Darryl Lazar v. Facebook, Inc., et al., C.A. No. 3:12-03199

Edward J. Shierry v. Facebook, Inc., et al., C.A. No. 3:12-03200

Michael Lieber v. Facebook, Inc., et al., C.A. No. 3:12-03202

Thomas J. Ahrendtsen, et al. v. Facebook, Inc., et al., C.A. No. 3:12-03212

Kevin Hicks, et al. v. Facebook Inc., et al., C.A. No. 3:12-03353

Harvey Lapin v. Facebook, Inc., et al., C.A. No. 3:12-03195

Karen Cuker, et al. v. Facebook, Inc., et al., C.A. No. 3:12-03201

Jennifer Stokes v. Facebook, Inc., et al., C.A. No. 3:12-03203

William Cole v. Mark Zuckerberg, et al., C.A. No. 3:12-03367

Vernon R. DeMois, Jr. v. Facebook, Inc. et al., C.A. No. 3:12-03196

Hal Hubuschman v. Mark Zuckerberg, et al., C.A. No. 3:12-03366

**Middle District of Florida**

Jonathan R. Simon, et al. v. The Nasdaq Stock Market LLC, C.A. No. 6:12-00973

**Southern District of New York**

Phillip Goldberg v. Nasdaq OMX Group, Inc., et al., C.A. No. 1:12-04054

Brian Roffe Profit Sharing Plan, et al. v. Facebook, Inc., et al., C.A. No. 1:12-04081

Maren Twining v. Facebook, Inc., et al., C.A. No. 1:12-04099

Goldrich Cousins P.C. 401(k) Profit Sharing Plan & Trust, et al. v. Facebook, Inc., C.A. No. 1:12-04131

Irving S. Braun, et al. v. Facebook, Inc., et al., C.A. No. 1:12-04150

Edward Childs v. Mark Zuckerberg, et al., C.A. No. 1:12-04156

Alexis Alexander, et al. v. Facebook, Inc., et al., C.A. No. 1:12-04157

Douglas M. Lightman v. Facebook, Inc., et al., C.A. No. 1:12-04184

Kathy Reichenbaum v. Facebook, Inc., et al., C.A. No. 1:12-04194

Jun Yan v. Nasdaq OMX Group, Inc., et al., C.A No. 1:12-04200

Elbita Alfonso v. The Nasdaq Stock Market LLC, et al., C.A. No. 1:12-04201

Lawrence Corneck v. Morgan Stanley & Co. LLC, et al., C.A. No. 1:12-04215

Justin F. Lazard v. Facebook, Inc., et al., C.A. No. 1:12-04252

Sylvia Gregorcyzk v. Facebook, Inc., et al., C.A. No. 1:12-04291
Southern District of New York (Continued)

Peter Brinckerhoff v. Facebook, Inc., et al., C.A. No. 1:12-04312

Lidia Levy v. The Nasdaq Stock Market LLC, et al., C.A. No. 1:12-04315

David Goldberg, et al. v. Facebook, Inc., et al., C.A. No. 1:12-04332

Richard P. Eannarino v. Facebook, Inc., et al., C.A. No. 1:12-04360

Peter Mamula v. Facebook, Inc., et al., C.A. No. 1:12-04362

Khodayar Amin v. The Nasdaq Stock Market LLC, et al., C.A. No. 1:12-04403

Elliot Leitner v. Facebook, Inc., et al., C.A. No. 1:12-04551

Barbara Steinman v. Nasdaq OMX Group, Inc., et al., C.A. No. 1:12-04600

Howard Savitt v. Facebook, Inc., et al., C.A. No. 1:12-04648

Chad Roderick v. Nasdaq OMX Group, Inc., et al., C.A. No. 1:12-04716

Eugene Stricker v. Morgan Stanley & Co. LLC, et al., C.A. No. 1:12-04763

Keith Wise, et al. v. Facebook, Inc., et al., C.A. No. 1:12-04777