# HARWOOD FEFFER LLP
488 MADISON AVENUE
NEW YORK, NEW YORK 10022

TELEPHONE: (212) 935-7400
TELECOPIER: (212) 753-3630

November 5, 2012

<u>By ECF</u>

Honorable Robert W. Sweet,
United States District Court Judge
United States District Court
500 Pearl Street
New York, New York 10007-1312

> Re: *In re Facebook, Inc. IPO Securities and Derivative Litigation*, MDL No. 12-2389
>
> <u>*Lawrence Corneck v. Morgan Stanley & Co., LLC, et al.*</u>, C.A. No. 1:12-04215
> and <u>*Eugene Stricker v. Morgan Stanley & Co., LLC, et al.*</u>, C.A. No. 1:12-04763

Dear Judge Sweet:

  We are counsel to plaintiffs in the only two actions in the *In re Facebook, Inc., IPO Securities and Derivative Litigation* (the "Facebook Litigation") brought under Section 20A of the Securities Exchange Act of 1934 ("Exchange Act"). By its Order dated October 10, 2012, the Court advised "each group of parties whose interests are similarly aligned [to] confer and designate lead counsel." This letter constitutes such designation on behalf of the Exchange Act plaintiffs.

  Because there are only two parties, Messrs. Corneck and Stricker, who brought actions under the Exchange Act (alleging, specifically, that the lead underwriters traded on inside information), they are the only "parties whose interests are similarly aligned," in the Facebook Litigation. We have been contacted by an attorney who advised us that plaintiffs whose actions were brought under the Securities Act of 1933 ("Securities Act") have conferred and designated lead counsel and that the Securities Act plaintiffs' proposed lead counsel (i) believes that our two Exchange Act cases should be consolidated with the Securities Act cases, but (ii) is not inclined to include our clients' Exchange Act claims in a consolidated complaint for fear of subjecting the Securities Act claims to a heightened pleading standard. The benefit of such strategy to any putative class asserting Exchange Act claims is not readily apparent to us. Moreover, recent correspondence to the Court demonstrates that not all Securities Act plaintiffs have coalesced behind the same proposed lead counsel.

HARWOOD FEFFER LLP

Honorable Robert W. Sweet,
United States District Court Judge
November 5, 2012
Page 2

      We believe that the Exchange Act claims should be coordinated, but not consolidated, with the Securities Act claims. Not only are the claims of Messrs. Corneck and Stricker brought under a different statute than all the other Facebook, Inc. actions, their claims are brought only against the three lead underwriters of the Facebook, Inc. IPO and are not based on any alleged misrepresentations in the Facebook, Inc. prospectus or registration statement. Rather, we contend, in effect, that the lead underwriters shorted their own offering of Facebook, Inc. shares based upon material, non-public information, *e.g.*, the diminished condition of the institutional "book."

      We believe that the short occurred when the lead underwriters purchased 421 million shares from Facebook, Inc. but sold 484 million shares in the IPO. The status of the 63 million share shortfall is an issue raised in our Exchange Act actions but does not appear to be an issue in the Securities Act actions. The 63 million shares may have existed at one time or they may never have existed. It is also possible that, as was the situation involving Schrodinger's cat, the shares simultaneously existed and did not exist. In addition to our actions and the Securities Act actions focusing on different issues and requiring the proof of different elements (*e.g.*, we have to prove *scienter*, the Securities Act plaintiffs do not), the plaintiff class for our Exchange Act claims is potentially broader than that for the Securities Act claims because of the possibility of myriad forms of exempt transactions in Facebook, Inc. shares occurring at about the time of the short.

      Counsel for Messrs. Corneck and Stricker designate, subject to the Court's approval, Harwood Feffer LLP as lead counsel for their Exchange Act actions. We are, of course, prepared to co-ordinate any overlapping discovery with whatever other counsel the Court designates as lead counsel for parties whose interests are similarly aligned with each other.

      We look forward to meeting with Your Honor on November 7, 2012, or such other date as the Court designates, to discuss such issues as Your Honor chooses.

Respectfully yours,

Joel C. Feffer
Counsel for Lawrence Corneck

James V. Bashian
Counsel for Eugene Stricker

JCF:jrg