**HARWOOD FEFFER LLP**
Joel C. Feffer
Samuel K. Rosen
488 Madison Avenue, 8th Floor
New York, New York 10022
Telephone: (212) 935-7400
Facsimile: (212) 753-3630

**LAW OFFICES OF JAMES V. BASHIAN, P.C.**
James V. Bashian
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 921-4110
Facsimile: (212) 921-4249

Attorneys for Plaintiffs Lawrence Corneck and Eugene Stricker

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE FACEBOOK, INC., IPO SECURITES AND DERIVATIVE LITIGATION | MDL No. 12-2389 (RWS)<br><br>ECF Case<br><br>This document relates to the Consolidation Securities Action:<br><br>No. 12-cv-4081    No. 12-cv-4763<br>No. 12-cv-4099    No. 12-cv-4777<br>No. 12-cv-4131    No. 12-cv-5511<br>No. 12-cv-4150    No. 12-cv-7542<br>No. 12-cv-4157    No. 12-cv-7543<br>No. 12-cv-4184    No. 12-cv-7544<br>No. 12-cv-4194    No. 12-cv-7545<br>No. 12-cv-4215    No. 12-cv-7546<br>No. 12-cv-4252    No. 12-cv-7547<br>No. 12-cv-4291    No. 12-cv-7548<br>No. 12-cv-4312    No. 12-cv-7550<br>No. 12-cv-4332    No. 12-cv-7551<br>No. 12-cv-4360    No. 12-cv-7552<br>No. 12-cv-4362    No. 12-cv-7586<br>No. 12-cv-4551    No. 12-cv-7587<br>No. 12-cv-4648 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SEVERANCE**

## Preliminary Statement

Lead Plaintiffs[1] have usurped this Court's role by taking it upon themselves to banish from the Consolidated Class Action Complaint ("Consolidated Complaint"), the Securities Exchange Act of 1934 ("Exchange Act") Section 20A claims of plaintiffs Lawrence Corneck and Eugene Stricker (the "Exchange Act Plaintiffs"). Lead Plaintiffs believe they have the right unilaterally to dismiss or suspend the prosecution of those claims notwithstanding the plain language of this Court's order that they were to be included, thereby needlessly delaying their ultimate resolution.

Lead Plaintiffs aggressively sought to consolidate their Securities Act of 1933 ("Securities Act") prospectus claims with the Exchange Act Plaintiffs' insider trading claims. The Securities Act prospectus claims are based upon alleged misrepresentations while the Exchange Act insider trading claims do not involve any misrepresentations. Succeeding in gaining consolidation and then failing to assert the insider trading claims, seems a peculiarly inefficient way to advance the interests of the putative class.[2] Moreover, it contradicts the plain

---

[1] Lead Plaintiffs are the "Institutional Investor Group" as described in this Court's Opinion and Order, dated December 6, 2012.

[2] If given the opportunity to file a consolidated amended complaint, the Exchange Act Plaintiffs will seek to represent a class consisting of those who purchased contemporaneously with the alleged insider trading. As recognized by Lead Plaintiffs' Consolidated Complaint (at ¶ 85), Facebook, Inc.'s ("Facebook")

language of this Court's decision to include the Exchange Act claims. Finally, the wholesale banishment of the Exchange Act claims by Lead Plaintiffs at this early stage makes little sense given that there has been no discovery.

## Background

Numerous actions were filed following Facebook's May 18, 2012 initial public offering. Most of the actions asserting securities law claims alleged that the prospectus, issued in respect of the offering of the shares in Facebook's IPO, was materially false and misleading in violation of the Securities Act and were brought against a host of defendants (the "Securities Act Actions"). The two actions commenced by the Exchange Act Plaintiffs (the "Exchange Act Actions"), on the other hand, only allege violation of the insider trading provisions of the Exchange Act and are brought against the three lead underwriters of Facebook's IPO, and no one else. The United States Judicial Panel on Multidistrict Litigation (MDL No. 2389) transferred all actions to this Court "for coordinated or consolidated pretrial proceedings." In so doing, the MDL Panel expressed its "complete confidence that the transferee judge can accommodate these differences without *delaying or*

---

"shares traded on private exchanges." Those who purchased on these private exchanges contemporaneously with the alleged insider trading would be members of the Exchange Act Plaintiffs' proposed class but are not members of Lead Plaintiffs' putative class, defined (at ¶ 203) as "all persons and entities who purchased or otherwise acquired the Class A common stock of Facebook in or traceable to Facebook's IPO."

*compromising consideration of claims on their individual merits*." (Emphasis added.)

By Opinion and Order dated December 6, 2012, this Court ruled (at p. 24) that the Securities Act Actions and the two Exchange Act Actions "are consolidated to include both the Securities Act and Exchange Act claims." In doing so, this Court noted (also at p. 24) that "consolidating the actions is the most efficient course to avoid a *fractious litigation of duplicative efforts and unnecessary costs and delays*." (Emphasis added.) Nevertheless, the Consolidated Complaint fails to include any Exchange Act claim. By excluding the Exchange Act claims from the Consolidated Complaint, Lead Plaintiffs insure delay as well as "compromising consideration of [the Exchange Act] claims on their individual merits," not to mention insuring "a fractious litigation of duplicative efforts and unnecessary costs."

## Argument

## The Exchange Act Actions Should be Severed From The Consolidated Action[3]

Excluding all of the claims raised by the Exchange Act Plaintiffs from the Consolidated Complaint raises an obvious question: who benefits other than defendants? It also raises an even more fundamental question: how can excluding an entire category of claims be consistent with the concept of consolidation? Consolidation means "[t]he action or an act of uniting or amalgamating; combination into a single whole." *Shorter Oxford English Dictionary* (5th ed. 2002). Excluding, entirely, the Exchange Act Plaintiffs' claims from the Consolidated Complaint thus is incompatible with the plain meaning of consolidation. In adjudicating the effect of consolidation under an early consolidation statute, the Supreme Court held that "[c]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are

---

[3] Judge Pollack held that the procedural vehicle for severing actions from a consolidated action is Fed. R. Civ. P. 21. "The case law of this Circuit has established that '*Rule 21* permits a court to add or drop parties to an action when doing so would serve the ends of justice and further the prompt and efficient disposition of the litigation.'" *In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 214 F.R.D. 152, 154 (S.D.N.Y. 2003) (citations omitted). In addition, Judge Scheindlin recently noted that a "decision to vacate the consolidation order was well within the Court's 'inherent power to reconsider and modify its interlocutory orders.'" *Liberty Media Corp. v. Vivendi Universal, S.A.*, 861 F. Supp.2d 262, 265 (S.D.N.Y. 2012) (quoting *United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982)).

parties in one suit parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933) (footnote omitted). *See also Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 130 (S.D.N.Y. 1997).

The Exchange Act Plaintiffs have been unable to locate any decision that supports Lead Plaintiffs' actions here.  The same cannot be said for the converse proposition.  In language which describes precisely the situation here, the Second Circuit, in the context of a Fed. R. Civ. P. 42 consolidation issue, held that "where the claims against, or defenses of, some parties are substantially different from those of others, some may be prejudiced by consolidation, particularly if one general or lead counsel exercises his supervisory power in a way that tends to deprive them of full discovery and preparation of their individual cases." *Garber v. Randell*, 477 F.2d 711, 714 (2d Cir. 1973).

The prejudice which concerned the Second Circuit in *Garber* actually arose in *Horizon Asset Mgmt. Inc. v. H&R Block, Inc.*, 580 F.3d 755 (8th Cir. 2009).  In *Horizon*, the district court appointed a lead plaintiff for all the actions consolidated pursuant to Fed. R. Civ. P. 42, which included both securities fraud and derivative actions.  The consolidated complaint advanced the securities fraud claims but not the derivative claims.  The district court dismissed the consolidated complaint for failure to state a claim.  Lead plaintiff appealed the dismissal of its consolidated complaint.  The derivative act plaintiffs also appealed, arguing that the district

5

court's appointment of a lead plaintiff which did not pursue the derivative claims was an abuse of discretion. While it affirmed the dismissal of the consolidated complaint, the Eighth Circuit also ruled in favor of the derivative action plaintiffs and remanded the derivative actions to the district court. Although it found that the consolidation of the securities fraud and derivative action was not an abuse of discretion, it also held that "[o]nce it was clear that [the court appointed lead plaintiff] would not pursue the derivative claims, it was error for the district court to abide by its decision to appoint Horizon as the sole lead plaintiff to prosecute a single consolidated complaint." *Horizon Asset*, 580 F.3d at 769.

In *Primavera*, 173 F.R.D. at 129 - 30, this Court recognized that consolidation is only appropriate if "prejudice does not outweigh efficiency concerns," and that a "delay [in] the progress of [ongoing] merits discovery" may constitute such prejudice. Here, because Lead Plaintiffs, have refused to include the Exchange Act Plaintiffs' insider trading claims in the Consolidated Complaint, discovery cannot even begin until the allegations in the Consolidated Complaint are finally adjudicated. The prejudice is manifest.

## Conclusion

For the foregoing reasons, this Court should enter an order severing the Exchange Act Actions, consolidating the Exchange Act Actions as requested in the Exchange Act Plaintiffs' motion for consolidation, dated July 23, 2012, and

6

directing that discovery in the Exchange Act Actions be coordinated with discovery in respect of the Consolidated Complaint.

April 16, 2013

Respectfully submitted,

**HARWOOD FEFFER LLP**

By:     /s/ Joel C. Feffer
Joel C. Feffer
Samuel K. Rosen
488 Madison Avenue, 8th Floor
New York, New York  10022
Telephone:  (212) 935-7400
Facsimile:  (212) 753-3630

**LAW OFFICES OF JAMES V. BASHIAN, P.C.**
James V. Bashian
500 Fifth Avenue
New York, New York  10110
Telephone:  (212) 921-4110
Facsimile:  (212) 921-4249

Attorneys for Exchange Act Plaintiffs