# Ballard Spahr
LLP

1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
TEL 215.665.8500
FAX 215.864.8999
www.ballardspahr.com

Stephen J. Kastenberg
Tel: 215.864.8122
Fax: 215.864.9751
kastenberg@ballardspahr.com

October 15, 2013

*By ECF & Facsimile (212) 805-7925*

Honorable Robert W. Sweet
United States District Court for the Southern District of
New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:    In re Facebook, Inc., IPO Securities and Derivative Litigation,
             MDL No. 12-2389 (RWS)

Dear Judge Sweet:

We write in response to Mr. Lovell's letter of October 11, 2013 concerning the provisions of the by-laws of NASDAQ OMX cited in the NASDAQ defendants' reply brief and at oral argument.

As noted in our initial memorandum and in our reply in support of the NASDAQ defendants' motion to dismiss, courts apply a functional analysis to determine SRO immunity, focusing on the nature of the conduct at issue and not the identity of the actor. (*See* Doc. No. 127 at 17 n.13, 20-21; Doc. No. 153 at 16.) Plaintiffs do not disagree. (*See* Doc. No. 147 at 16.) For that reason, NASDAQ OMX and its officers are entitled to the same immunity as the Exchange from claims arising from or incident to the exercise of the Exchange's delegated regulatory functions. In a similar context, the Second Circuit affirmed the dismissal of claims against a non-SRO affiliate of NASD and one of its officers on SRO immunity grounds in *DL Capital*.

Section 12.1(c) of the by-laws of NASDAQ OMX buttresses the NASDAQ defendants' argument for dismissal of the claims asserted against NASDAQ OMX and its officers by providing that the officers of NASDAQ OMX are "deemed to be" officers of the Exchange for purposes of the Exchange Act when their activities "are related to the activities of [the Exchange]":

> To the extent they are related to the activities of a Self-Regulatory Subsidiary [including the Exchange], the books, records, premises, officers, Directors, and employees of [NASDAQ OMX] shall be deemed to be the books, records, premises, officers, Directors, and employees of such Self-Regulatory Subsidiary for the purposes of, and subject to oversight pursuant to, the [Exchange] Act.

DMEAST #17832711 v4

Atlanta | Baltimore | Bethesda | Denver | Las Vegas | Los Angeles | New Jersey | New York | Philadelphia | Phoenix | Salt Lake City |
San Diego | Washington, DC | Wilmington | www.ballardspahr.com

Honorable Robert W. Sweet
October 15, 2013
Page 2

NASDAQ OMX By-Laws Article XII, § 12.1(c). While Section 12.1(c) and other provisions of the by-laws do, as Mr. Lovell asserts, "operate[] to subject OMX and its officers to the jurisdiction and oversight of the SEC," the language of Section 12.1(c) goes considerably further by deeming NASDAQ OMX officers to be officers of the Exchange for purposes of the Exchange Act to the extent their activities are related to the activities of the Exchange. And, contrary to Mr. Lovell's assertion that NASDAQ OMX and its officers must remain independent of the Exchange, Section 12.2(b) of NASDAQ OMX's by-laws requires such officers to cooperate with the Exchange in respect of its "self-regulatory functions and responsibilities."

Whether arising out of the actions taken (or not taken) on the day of the Facebook IPO, or arising out of what Mr. Lovell characterizes as "antecedent negligence" in the design and testing of the IPO Cross, all of plaintiffs' claims concern activities within the scope of the regulatory functions of the Exchange. Those claims should accordingly be dismissed on the ground of SRO immunity whether asserted against the Exchange itself or against NASDAQ OMX and its officers.

Respectfully yours,

Stephen J. Kastenberg

cc:     Vincent R. Cappucci
        Douglas G. Thompson
        Christopher Lovell
        Jacob H. Zamansky
        Kevin I. Goldberg
        Marvin A. Miller
        Vincent Di Tommaso
        Thomas J. McKenna
        Richard J. Schager, Jr.