**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE FACEBOOK, INC. IPO SECURITIES AND DERIVATIVE LITIGATION | MDL No. 12-2389 (RWS) |
| This document relates to:  NASDAQ Actions | |

**MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFFS'**
**MOTION TO COMPEL DEFENDANTS TO PARTICIPATE**
**IN LIMITED DISCOVERY PROCEEDINGS**

EC.55374.1

**TABLE OF CONTENTS**

I.  PRELIMINARY STATEMENT ........................................................................................... 1

II. ARGUMENT .................................................................................................................... 4

    A.    Production Of The Phase One Discovery Materials Will Impose No Burden On Defendants ............................................................................................ 4

    B.    Production Of The Phase One Discovery Materials Is Necessary To Prevent Undue Prejudice To The Class ................................................................... 6

    C.    This Court Is Fully Empowered To Compel Production Of The Phase One Discovery Materials As Such Production Promotes Judicial Efficiency ................ 8

III. CONCLUSION ................................................................................................................. 9

EC.55374.1

# TABLE OF AUTHORITIES

**Cases**

*Apostol v. Gallion*,
  870 F.2d 1335 (7th Cir. 1989) .................................................................................... 7

*Castaneda v. Molinar*,
  No. 07-07241 DDP (JCx), 2008 WL 9449576 (C.D. Cal. May 20, 2008) ............................... 6

*Coollick v. Hughes*,
  699 F.3d 211 (2d Cir. 2012) .................................................................................. 2, 4

*Crawford-El v. Britton*,
  523 U.S. 574 (1998) ......................................................................................... 2, 4, 6

*Donahoe v. Arpaio*,
  No. 10-02756-PHX-NVW, 2012 WL 2063455 (D. Ariz. June 7, 2012),
  *aff'd sub nom. Stapley v. Pestalozzi*,
  733 F.3d 804 (9th Cir. 2013) .................................................................................. 8

*Galarza v. Szalcyk*,
  No. 10-6815, 2012 WL 627917 (E.D. Pa. Feb. 28, 2012) .......................................... 6

*Harlow v. Fitzgerald*,
  457 U.S. 800 (1982) ................................................................................................ 4

*In re Bank of Am. Corp. Secs., Derivative & ERISA Litig.*,
  No. 09 MDL 2058 (DC), 2009 WL 4796169 (S.D.N.Y. Nov. 16, 2009) ................... 5

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
  288 F.R.D. 26 (S.D.N.Y. 2012) ............................................................................... 9

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
  899 F. Supp. 2d 1374 (J.P.M.L. 2012) .................................................................. 2, 5

*In re LaBranche Sec. Litig.*,
  333 F. Supp. 2d 178 (S.D.N.Y. 2004) ................................................................... 3, 7

*In re Royal Ahold N.V. Securities & Erisa Litig.*,
  319 F. Supp. 2d 634 (D. Md. 2004) ......................................................................... 7

*In re WorldCom, Inc. Sec. Litig.*,
  234 F. Supp. 2d 301 (S.D.N.Y. 2002) ................................................................... 3, 7

EC.55374.1

*Mitchell v. Forsyth*,
  472 U.S. 511 (1985) .................................................................................................... 4, 7

*Motorola Credit Corp. v. Uzan*,
  282 F. Supp. 2d 133 (S.D.N.Y. 2003) ......................................................................... 8, 9

*Rhodes v. Prince*,
  No. 3:05-CV-23430D, 2008 WL 4493590 (N.D. Tex. Oct. 3, 2008) ........................... 6

*Seeds of Peace Collective v. City of Pittsburgh*,
  No. 09-1275, 2010 WL 2990734 (W.D. Pa. July 28, 2010),
  *vacated in part*, 453 F. App'x 211 (3d Cir. 2011) ..................................................... 5

*Turkmen v. Ashcroft*,
  No. 02-cv-2307 (JG), 2010 WL 3398965 (E.D.N.Y. June 30, 2010)
  *adopted by* No. 02-cv-2307 (JG) (SMG),
  2010 WL 3398968 (E.D.N.Y. Aug. 26, 2010) ............................................................. 4

*United States v. Rodgers*,
  101 F.3d 247 (2d Cir. 1996) ......................................................................................... 8

*V.S. v. Muhammad*,
  No. 07-cv-213(DLI)(JO), 2009 WL 936711 (E.D.N.Y. Apr. 3, 2009) ........................ 5

**Statutes**

15 U.S.C. § 78u-4(b)(3)(B) ................................................................................................. 1

**Administrative Materials**

Order Instituting Administrative Cease-and-Desist Proceedings Pursuant to Section
  19(h)(1) and 21C of the Securities Exchange Act of 1934, Making Findings and
  Imposing Sanctions and a Cease-and-Desist Order, SEC Release No. 69655,
  Administrative Proceeding File No. 3-15339 (May 29, 2013) ................................... 1

Lead Plaintiffs respectfully submit this memorandum of law in support of their motion to compel Defendants The NASDAQ OMX Group, Inc. ("NASDAQ OMX"), The NASDAQ Stock Market LLC ("NASDAQ LLC" and collectively with NASDAQ OMX, "NASDAQ"), Robert Greifeld and Anna M. Ewing (collectively with NASDAQ, "Defendants") to participate in limited discovery proceedings.

## I. PRELIMINARY STATEMENT

Since June 2013, Lead Plaintiffs have sought the production of a limited set of highly-relevant discovery materials (the "Phase One Discovery Materials") which Defendants have already produced to the Securities and Exchange Commission (the "SEC" or "Commission") in connection with the SEC's year long investigation into the facts underlying this litigation,[1] and which Defendants are expected to reproduce to the parties in the related Facebook Securities Actions.[2] These materials served as the evidentiary underpinning of the SEC's Cease-and-Desist Order, which not only imposed a $10 million fine and significant remedial undertakings on NASDAQ for its mishandling of matters relating to the Facebook IPO, but also contained

---

[1] The Phase One Discovery Materials are limited to: (i) all documents, materials, communications, data, and any other information that NASDAQ, and any of NASDAQ's affiliates, parents, subsidiaries, agents and/or employees, produced or otherwise provided to the SEC in connection with the Commission's investigation of Facebook, Inc.'s ("Facebook") initial public offering ("IPO") and its related deliberations leading to the issuance of its Order Instituting Administrative Cease-and-Desist Proceedings Pursuant to Section 19(h)(1) and 21C of the Securities Exchange Act of 1934, Making Findings and Imposing Sanctions and a Cease-and-Desist Order, SEC Release No. 69655, Administrative Proceeding File No. 3-15339 (May 29, 2013) (the "Cease-and-Desist Order"); and (ii) all transcripts or recordings of, or documents related to, investigative testimony or interviews taken by the Commission in connection with its investigation of Facebook, Inc.'s initial public offering and the Commission's related deliberations resulting in and relating to the issuance of the Cease-and-Desist Order. A copy of the SEC's Cease-and-Desist Order is attached as Exhibit A to the accompanying Affidavit of Vincent R. Cappucci ("Cappucci Aff.").

[2] Defendants have been on notice of Lead Plaintiffs' request for the production of these limited discovery materials since June 7, 2013. Thereafter, on June 25, 2013, Lead Plaintiffs moved to partially lift the discovery stay under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B), in order to obtain these particularized discovery materials. (ECF No. 117.) This Court subsequently held that Plaintiffs' motion to partially lift the PSLRA discovery stay was moot given that the Court had "determined that Plaintiffs' complaint sufficiently alleges a claim for securities fraud." (Opinion & Order at 91, December 12, 2013, ECF No. 171 ("December 12 Order").)

1

substantial factual findings directly relevant to many of the issues underlying the consolidated Facebook IPO Actions.[3]

Despite repeated requests by Plaintiffs, Defendants have steadfastly refused to participate in even the most unobtrusive discovery procedures, including production of the Phase One Discovery Materials in the precise form and order as previously provided to the SEC.  Now, in an attempt to further protract this litigation and delay any discovery, Defendants have impermissibly sought appellate review of this Court's December 12 Order which, in large part, denied Defendants' claim of self-regulatory organization ("SRO") immunity.[4]  Notwithstanding Defendants' filing of a notice of appeal,[5] however, this Court is fully empowered to compel production of the Phase One Discovery Materials as such production is minimally intrusive, promotes judicial efficiency, and will prevent undue prejudice to the Class.

Even where a party is deserving of immunity (which Defendants are not), a district court can properly compel that party's participation in discovery procedures so long as those procedures do not compromise the specific protections afforded by immunity.  A valid immunity defense only protects against "***unnecessary and burdensome***" discovery proceedings.  *Coollick v. Hughes*, 699 F.3d 211, 219 (2d Cir. 2012) (*quoting Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)) (emphasis added).  Here, Defendants have already suffered the burden of producing the Phase One Discovery Materials to the SEC and they are expected to reproduce these materials to

---

[3] On October 4, 2012, the Judicial Panel on Multidistrict Litigation ("J.P.M.L.") transferred 41 actions arising from Facebook's May 18, 2012 initial public offering to this Court for coordinated or consolidated pretrial proceedings. *See In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 899 F. Supp. 2d 1374 (J.P.M.L. 2012).

[4] Concurrently herewith, Plaintiffs are filing, in the Second Circuit, a Motion To Dismiss Defendants-Appellants' Appeal For Lack of Appellate Jurisdiction ("Motion to Dismiss") on the grounds that the appeal raises inappropriate questions of fact which cannot be conclusively resolved without a fully developed factual record.  A copy of the Motion to Dismiss (without accompanying exhibits) is attached as Exhibit B to the Cappucci Aff.

[5] Defendants filed their notice of appeal from this Court's December 12 Order on February 14, 2014.  (ECF No. 207.)

2

the parties in the related Facebook Securities Actions.[6]  Thus, requiring production of the Phase One Discovery Materials cannot plausibly infringe upon any purported entitlement to be free from "burdensome" litigation.

Due to the unique circumstances of this case, the production sought by Lead Plaintiffs is necessary to prevent substantial prejudice to the Class.  As this Court is aware, the SEC has, with the benefit of the Phase One Discovery Materials, already settled its claims against NASDAQ, and the parties in the related Facebook Securities Actions are expected to rely heavily on the Phase One Discovery Materials to advance their respective arguments concerning the proximate cause of investor losses on the day of Facebook's IPO.[7]  Thus, absent production of the Phase One Discovery Materials, the Class will become the only major interested party without access to these highly-probative materials and, as a result, will be "prejudiced by its inability to make informed decisions about its litigation strategy in a rapidly shifting landscape."  *In re WorldCom, Inc. Sec. Litig.,* 234 F. Supp. 2d 301, 305 (S.D.N.Y. 2002); *see also In re LaBranche Sec. Litig.*, 333 F. Supp. 2d 178, 183 (S.D.N.Y. 2004) (Sweet, J.).

Accordingly, because production of the Phase One Discovery Materials will prevent undue prejudice to the Class and serve the interests of judicial economy at no meaningful cost to Defendants, this Court should order such discovery to proceed.

---

[6] On December 6, 2012, this Court issued an Opinion and Order which consolidated the actions alleging violations of the Securities Act of 1933 and Securities Exchange Act of 1934 against defendant Facebook, Inc. and certain of its directors and officers (the "Facebook Securities Actions"). (ECF No. 52.)

[7] (*See, e.g.*, Defs.' Mem. of Law In Supp. of Mot. to Amend and Certify December 12, 2013 Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) at 3, January 10, 2014, ECF No. 181 ("[D]iscovery on the causation issues in this case is likely to overlap with the related issues in the NASDAQ cases.").)

## II.     ARGUMENT

### A.     Production Of The Phase One Discovery Materials Will Impose No Burden On Defendants

Production of the Phase One Discovery Materials will not implicate the "burdens" of litigation against which immunity is designed to protect. Valid claims of immunity only protect parties from "'***unnecessary and burdensome*** discovery or trial proceedings.'" *Coollick*, 699 F.3d at 219 (*quoting Crawford-El*, 523 U.S. at 598) (emphasis added). Thus, while "[d]iscovery involving public officials is indeed one of the evils that *Harlow* [*v. Fitzgerald,* 457 U.S. 800 (1982)] aimed to address . . . neither that opinion nor subsequent decisions create an immunity from *all* discovery." *Crawford-El*, 523 U.S. at 593 n.14. Rather, "*Harlow* sought to protect officials from the costs of '***broad-reaching***' discovery." *Id.* (quoting *Harlow*, 457 U.S. at 818) (emphasis added); *see also Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (immunity doctrine seeks "to avoid 'subject[ing] government officials either to the costs of trial or to the burdens of broad-reaching discovery.'") (alteration in original) (quoting *Harlow*, 457 U.S. at 818). When the requested production is neither "burdensome" nor "unnecessary," the concerns underpinning *Crawford-El*, *Harlow*, and *Forsyth* are not implicated.

Given the unique procedural posture of this action, production of the Phase One Discovery Materials will impose no meaningful burden on Defendants. The Phase One Discovery Materials consist only of those documents that Defendants have already produced to the SEC in connection with its investigation into the Facebook IPO. In this regard, Defendants have already suffered the "burden" of compiling, reviewing, and producing the Phase One Discovery Materials and will incur little to no additional cost in providing a copy of these materials to Plaintiffs. *Cf. Turkmen v. Ashcroft*, No. 02-cv-2307 (JG), 2010 WL 3398965 (E.D.N.Y. June 30, 2010) (where "the discovery at issue has already taken place . . . permitting

4

plaintiffs to rely on it . . . would not impose the 'burdens' of 'participating in the [discovery] process'" on defendants) *adopted by* No. 02-cv-2307 (JG) (SMG), 2010 WL 3398968 (E.D.N.Y. Aug. 26, 2010); *see also In re Bank of Am. Corp. Secs., Derivative & ERISA Litig.*, No. 09 MDL 2058 (DC), 2009 WL 4796169, at *2-3 (S.D.N.Y. Nov. 16, 2009) ("[Defendants] have already collected, reviewed, and organized the documents for production in other proceedings, and the burden of making another copy for plaintiffs here will be slight.")  Because immunity cannot protect a party against a burden already borne, Defendants cannot fairly claim an entitlement to withhold the requested materials.

Moreover, Defendants are expected to reproduce the Phase One Discovery Materials to the parties in the related Facebook Securities Actions.  Defendants in the Facebook Securities Actions have stated that "NASDAQ's evidence and testimony . . . will play a critical role in all Facebook IPO Actions."  (Defs.' Reply Mem. in Supp. of Mot. to Transfer Actions at 14, *In re Facebook, Inc. IPO Secs. & Derivative Litig.*, No. MDL 2389 (J.P.M.L. July 23, 2012), ECF No. 69.)  Even NASDAQ has acknowledged that there will be overlapping discovery between the two cases warranting coordinated discovery.  *See Facebook*, 899 F. Supp. 2d at 1376 (noting NASDAQ "conced[es] that there will be some factual overlap" with the Facebook Securities Actions and supports "limited coordination for discovery purposes.").  NASDAQ will accordingly be subject to discovery as a third-party notwithstanding the outcome of the instant motion, meaning "whether or not the [Defendants] are dismissed, their discovery burdens remain the same."  *V.S. v. Muhammad*, No. 07-cv-213(DLI)(JO), 2009 WL 936711, at *1 (E.D.N.Y. Apr. 3, 2009).

Under similar circumstances, courts commonly permit discovery to proceed during the pendency of an appeal from an order denying immunity.  *See, e.g.*, *Seeds of Peace Collective v.*

*City of Pittsburgh*, No. 09-1275, 2010 WL 2990734 (W.D. Pa. July 28, 2010) ("[B]ecause defendants . . . will remain a part of the pretrial proceedings as fact witnesses in the claims not subject to appeal, the need to protect these defendants from the burdens of litigation are not present.") *vacated in part*, 453 F. App'x 211 (3d Cir. 2011); *Castaneda v. Molinar*, No. 07-07241 DDP (JCx), 2008 WL 9449576, at *6 (C.D. Cal. May 20, 2008) (permitting discovery against government defendants pursing immunity appeal because "they would be subject to discovery regardless as third parties in Plaintiff's other . . . claims."); *Rhodes v. Prince*, No. 3:05-CV-23430D, 2008 WL 4493590, at *2 (N.D. Tex. Oct. 3, 2008) (permitting discovery during immunity appeal when discovery relevant to other claims). The same is true during the pendency of a motion to dismiss. *See Galarza v. Szalcyk*, No. 10-6815, 2012 WL 627917, at *3 (E.D. Pa. Feb. 28, 2012) (when defendants will need to participate in discovery regardless of motion to dismiss outcome, staying discovery "would merely delay, rather than relieve, the burden . . . ."); *cf. id.* at *3 ("Under *Crawford-El*, the trial court retains broad discretion in shaping discovery in order to protect against undue burdens of litigation.").

Accordingly, this Court should order the production of the Phase One Discovery Materials as such production will impose no additional burden on Defendants.

> **B.    Production Of The Phase One Discovery Materials Is Necessary To Prevent Undue Prejudice To The Class**

Production of the Phase One Discovery Materials is also necessary to prevent undue prejudice to the Class. As discussed above, not only has the SEC already relied upon the Phase One Discovery Materials to investigate and settle its claims against NASDAQ, but discovery in the related Facebook Securities Actions has already commenced. (*See, e.g.*, Opinion & Order, March 13, 2014, ECF No. 213.) Absent production of the Phase One Discovery Materials, the Class will soon become the only major interested party without access to these highly-probative

6

materials and, as a result, will be unduly "prejudiced by its inability to make informed decisions about its litigation strategy in a rapidly shifting landscape." *WorldCom,* 234 F. Supp. 2d at 305; *see also LaBranche*, 333 F. Supp. 2d at 183 (Sweet, J.).

It is clear that the Phase One Discovery Materials, which formed the basis of the SEC's investigation and Cease-and-Desist Order, will be at the center of substantial debate concerning the proximate cause of investor losses on the day of Facebook's IPO. The parties in the Facebook Securities Actions, with the benefit of these materials, will undoubtedly continue to advance their respective causation arguments. With no opportunity to review these documents contemporaneously, the Class will be effectively left at the starting line – unable to develop its claims, plan litigation strategy, and evaluate its position in an evolving, complex litigation landscape. As such, a delay in production of the Phase One Discovery Materials "would cause undue prejudice to [the Class's] ability to litigate and, most significantly, resolve as expeditiously as possible [its] claims against [Defendants] . . . ." *In re Royal Ahold N.V. Securities & Erisa Litig.*, 319 F. Supp. 2d 634, 635 (D. Md. 2004).[8]

Accordingly, this Court should compel the production of the Phase One Discovery Materials in order to prevent undue prejudice to the Class.

---

[8] *See also Apostol v. Gallion*, 870 F.2d 1335, 1338-39 (7th Cir. 1989):

> During the appeal memories fade, attorneys' meters tick, judges' schedules become chaotic (to the detriment of litigants in other cases). Plaintiffs' entitlements may be lost or undermined. Most deferments will be unnecessary. The majority of *Forsyth* appeals–like the bulk of all appeals–end in affirmance. Defendants may seek to stall because they gain from delay at plaintiffs' expense, an incentive yielding unjustified appeals. Defendants may take *Forsyth* appeals for tactical as well as strategic reasons: disappointed by the denial of a continuance, they may help themselves to a postponement by lodging a notice of appeal.

EC.55374.1

### C. This Court Is Fully Empowered To Compel Production Of The Phase One Discovery Materials As Such Production Promotes Judicial Efficiency

This Court is fully empowered to compel production of the Phase One Discovery Materials as such production will advance the interests of judicial efficiency. Contrary to Defendants' contention that their filing of a notice of appeal automatically strips this Court of jurisdiction, the "divestiture of jurisdiction" rule is ". . . not a *per se* rule. It is a judicially crafted rule rooted in the interest of judicial economy, designed 'to avoid confusion or waste of time resulting from having the same issues before two courts at the same time.' Hence, its application is guided by concerns of efficiency and is not automatic." *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (internal citations omitted). Indeed, "the purpose of any divestiture rule involving interlocutory appeals is to advance efficiency and judicial economy, not impede them." *Motorola Credit Corp. v. Uzan*, 282 F. Supp. 2d 133, 137-38 (S.D.N.Y. 2003). Accordingly, a district court "may exercise discretion regarding pretrial discovery" for the purpose of "avoiding unnecessary disruption of the ongoing proceedings," so long as it avoids "compromising any immunity protection the defendants may have." *Donahoe v. Arpaio*, No. 10-02756-PHX-NVW, 2012 WL 2063455, at *3 (D. Ariz. June 7, 2012), *aff'd sub nom. Stapley v. Pestalozzi*, 733 F.3d 804 (9th Cir. 2013).

Here, not only will production of the Phase One Discovery Materials impose no additional burden on Defendants, but the efficiencies of compelling such production are manifest. First, production of the Phase One Discovery Materials will enable the NASDAQ Actions and the Facebook Securities Actions to remain on roughly parallel tracks, proceeding in accordance with the cooperation and efficiency contemplated by both this Court and the J.P.M.L. Indeed, this Court has already ordered that "[d]iscovery schedules" between the NASDAQ and Facebook Securities Actions "will be coordinated to prevent overlapping discovery," and

Defendants' proposed course impedes that directive. *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 288 F.R.D. 26, 43 n.16 (S.D.N.Y. 2012). Second, production of the Phase One Discovery Materials will enable Lead Plaintiffs, during the pendency of the appeal, to analyze the requested documents and craft an amended complaint suitable for immediate filing in the event the Second Circuit returns the case to this Court for further proceedings. Given these efficiencies – which will vanish if this case lies idle – halting discovery entirely "would impede, rather than advance, the interests of judicial economy," and this Court is empowered to order it to proceed. *Motorola*, 282 F. Supp. 2d at 137-38.

### III.   CONCLUSION

For the foregoing reasons, Lead Plaintiffs' respectfully request that this Court issue an Order requiring Defendants to produce the Phase One Discovery Materials within 30 days of the Court's Order, or on such schedule as may be otherwise agreed to by the parties.

Dated:  April 24, 2014                              Respectfully Submitted,

*/s/ Vincent R. Cappucci*
Vincent R. Cappucci, Esq.
Jordan A. Cortez, Esq.
Evan T. Raciti, Esq.
Alexander F. Schlow
**ENTWISTLE & CAPPUCCI LLP**
280 Park Avenue, 26th Floor West
New York, NY 10017
Telephone:  (212) 894-7200
Facsimile:  (212) 894-7272

*Lead Counsel for NASDAQ Securities Actions*

                      */s/ Douglas G. Thompson, Jr.*
                      Douglas G. Thompson, Jr., Esq.
                      Michael G. McLellan, Esq.
                      **FINKELSTEIN THOMPSON LLP**
                      1077 30th Street, Suite 150
                      Washington, D.C. 20007
                      Telephone: (202) 337-8000
                      Facsimile: (202) 337-8090


                      */s/ Christopher Lovell*
                      Christopher Lovell, Esq.
                      Victor E. Stewart, Esq.
                      **LOVELL STEWART HALEBIAN JACOBSON LLP**
                      61 Broadway, Suite 501
                      New York, NY 10006
                      Telephone: (212) 608-1900
                      Facsimile: (212) 719-4677

                      ***Co-Lead Counsel for NASDAQ Negligence Actions***

EC.55374.1