UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

IN RE FACEBOOK, INC., IPO SECURITIES
AND DERIVATIVE LITIGATION

OPINION & ORDER
MDL No. 12-2389

Case Relates to:
NASDAQ Actions

------------------------------------X

A P P E A R A N C E S:

Attorneys for the Lead Plaintiffs

ENTWISTLE & CAPPUCCI LLP
280 Park Avenue, 26th Floor West
New York, NY 10017
By:  Vincent R. Cappucci, Esq.
     Jordan A. Cortez, Esq.
     Evan T. Raciti, Esq.
     Alexander F. Schlow, Esq.

FINKELSTEIN THOMPSON LLP
1077 30th Street, Suite 150
Washington, D.C. 20007
By:  Douglas G. Thompson, Jr., Esq.
     Michael G. McLellan, Esq.

LOVELL STEWART HALEBIAN JACOBSON LLP
61 Broadway, Suite 501
New York, NY 10006
By:  Christopher Lovell, Esq.
     Victor E. Stewart, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-26-14

<u>Attorneys for the Defendants</u>

BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
By:  William A. Slaughter, Esq.
     Stephen J. Kastenberg, Esq.
     Paul Lantieri III, Esq.

**Sweet, D.J.**

Lead plaintiffs First New York Securities L.L.C., T3 Trading Group, LLC, Avatar Securities, LLC, Philip Goldberg, Steve Jarvis, Atish Gandhi, Colin Suzman, Meredith Bailey, and Faisal Sami (the "Lead Plaintiffs") have moved for an order compelling defendants the NASDAQ OMX Group, Inc. ("NASDAQ OMX"), the NASDAQ Stock Market LLC ("NASDAQ LLC" and collectively with NASDAQ OMX, "NASDAQ"), NASDAQ OMX's Chief Executive Officer Robert Greifeld ("Greifeld"), and NASDAQ OMX's highest-ranking technology officer Anna M. Ewing ("Ewing," collectively with Griefeld and NASDAQ, the "Defendants") to produce certain materials, referred to as the "Phase One Discovery Materials,"[1] within thirty (30) days of the Court's order, or on such schedule as may be otherwise agreed to by the parties.

---

[1] Lead Plaintiffs describe the Phase One Discovery Materials as limited to: "(i) all documents, materials, communications, data, and any other information that NASDAQ, and any of NASDAQ's affiliates, parents, subsidiaries, agents and/or employees, produced or otherwise provided to the SEC in connection with the Commission's investigation of Facebook, Inc.'s ("Facebook") initial public offering ("IPO") and its related deliberations leading to the issuance of its Order Instituting Administrative Cease-and-Desist Proceedings Pursuant to Section 19(h)(1) and 21C of the Securities Exchange Act of 1934, Making Findings and Imposing Sanctions and a Cease-and-Desist Order, SEC Release No. 69655, Administrative Proceeding File No. 3-15339 (May 29, 2013) (the "Cease-and-Desist Order"); and (ii) all transcripts or recordings of, or documents related to, investigative testimony or interviews taken by the Commission in connection with its investigation of Facebook, Inc.'s initial public offering and the Commission's related deliberations resulting in and relating to the issuance of the Cease-and-Desist Order."

Based on the conclusions set forth below, Lead
Plaintiffs' motion is denied.

**Background and Prior Proceedings**

Familiarity with the general background of this case
and prior litigation between the parties is assumed and set
forth in the December 12, 2013 Opinion ("December 12 Opinion")
and February 14, 2014 Opinion & Order (Dkt. No. 206) ("February
14 Opinion").  In re Facebook, Inc., IPO Securities and
Derivative Litigation, 986 F. Supp. 2d 428 (S.D.N.Y. 2013); Dkt.
No. 206.  Certain facts and allegations are repeated in part as
relevant to the issues presented by the instant motion.

On February 14, 2014, NASDAQ filed a timely notice of
appeal from the Court's December 12 Opinion, which was
appealable as of right to the extent it denied NASDAQ's claim of
immunity.  In January 2014, Lead Plaintiffs asked the Court to
require production of documents submitted to the Security and
Exchange Commission ("SEC") during the SEC's investigation of
NASDAQ's handling of Facebook, Inc.'s initial public offering
and other issues.  The Court ruled that "immunity rulings are
appealable as of right under the collateral order doctrine and
divest the Court of jurisdiction while the appeal is pending."

2

(February 14 Op. at 4.)

The instant motion was filed on April 24, 2014 and was marked fully submitted on May 7, 2014.

**Applicable Standard**

Motions to compel are "entrusted to the sound discretion of the district court." United States v. Sanders, 211 F.3d 711, 720 (2d Cir. 2000); see also In re DG Acquisition Corp., 151 F.3d 75, 79 (2d Cir. 1998) (a trial court "enjoys wide discretion in its handling of pre-trial discovery") (citations omitted). This discretion to manage discovery can be limited, however, when an appeal is pending on an issue of immunity.

An appeal of the denial of a qualified immunity is appealable as of right under the collateral order doctrine. Bradley v. Jusino, 04-CV-8411, 2009 WL 1403891, *1 (S.D.N.Y. May 18, 2009). Generally, when an appeal is taken pursuant to the collateral order doctrine, district courts retain their jurisdiction to proceed with trial pending resolution from the court above. Id. (citing City of New York v. Beretta U.S.A. Corp., 234 F.R.D. 46, 50 (E.D.N.Y. 2006)).

3

In the context of qualified immunity, courts have applied a "dual jurisdiction" rule under which an appeal of the denial of qualified immunity divests a district court of jurisdiction to proceed with trial unless the district court certifies the appeal as frivolous. Id.; Beretta, 234 F.R.D. at 51; see also Mitchell v. Forsyth, 472 U.S. 511, 526 ("Harlow thus recognized an entitlement not to stand trial or face the other burdens of litigation . . . . The entitlement is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.") (emphasis added); Behrens v. Pelletier, 516 U.S. 299, 308 (1996) (noting that immunity "is meant to give government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery'") (emphasis in original) (citing Mitchell, 472 U.S. at 526); Locurto v. Safir, 264 F.3d 154, 164 (2d Cir. 2001) (denials of immunity can be conclusive "with regard to a defendant's right to avoid pre-trial discovery") (emphasis in original). As a general rule, when an appeal of the denial of qualified immunity is under consideration, discovery should not proceed. Harlow, 457 U.S. 800, 818 (1982) (finding that discovery should not proceed until the "threshold immunity question" is resolved); Mitchell, 472 at

4

526 ("even such pretrial matters as discovery are to be avoided
if possible").

## Discussion

Lead Plaintiffs assert that the "divestiture of
jurisdiction" rule is not automatic or a per se rule. (Pls.'
Mem. Supp. Mot. to Compel 8.)  They argue that this Court is
fully empowered to compel production on the basis that
production of the Phase One Discovery Materials will not impose
a burden on Defendants and is necessary to prevent undue
prejudice to the class, and that the Court is fully empowered to
compel production of the Phase One Discovery Materials to
promote judicial efficiency. (Pls.' Mem. Supp. Mot. to Compel
4, 6, 8.)  They further assert that district courts retain
jurisdiction over collateral matters that do not involve issues
on appeal even if the pending appeal is not certified as
frivolous. (Pls.' Reply 3.)

### 1. Lack Of "Undue Burden" Does Not Overcome the General Rule

Lead Plaintiffs assert that valid claims of immunity
only protect parties from "unnecessary and burdensome discovery
or trial proceedings" and only seek to protect litigants

5

asserting immunity from "broad-reaching discovery." (Pls.' Mem. Supp. Mot. to Compel 4 (citing <u>Coollick v. Hughes,</u> 699 F.3d 211, 219 (2d Cir. 2012) (quoting <u>Crawford-El v. Britton</u>, 523 U.S. 574, 598 (1998)), <u>Harlow</u>, 457 U.S. at 818, and <u>Mitchell</u>, 472 U.S. at 526.) Lead Plaintiffs further argue that when the production requested by a plaintiff is neither "burdensome" nor "unnecessary," the concerns underpinning <u>Crawford-El v. Britton</u>, 523 U.S. 574 (1998), <u>Harlow</u>, and <u>Mitchell</u> are not implicated. (Pls.' Mem. Supp. Mot. to Compel 4.)

However, the right at issue on an immunity appeal is the right to be immune from being litigated against, rather than liability on a claim. <u>See Mitchell</u>, 472 U.S. at 526; <u>Harlow</u>, 457 U.S. at 817-18. This right also implicates immunity from the broader litigation process, including pretrial matters such as discovery. <u>Behrens</u>, 516 U.S. at 308. While a district court may grant limited discovery when resolving the "threshold question" of qualified immunity at the start of litigation, it should not compel discovery when the issue of qualified immunity has been appealed. <u>See, e.g.,</u> <u>Crawford-El</u>, 523 U.S. at 593 n. 14, 598 ("limited discovery may sometimes be necessary before the district court can <u>resolve a motion for summary judgment based on qualified immunity</u>") (emphasis added); <u>See also Harlow</u>, 457 U.S. at 818.

Lead Plaintiffs assert that Coollick stands for the
proposition that "valid claims of immunity only protect parties
from **'unnecessary and burdensome** discovery or trial
proceedings.'" (Pls.' Mem. Supp. Mot. to Compel 4 (emphasis in
original).) The language in Coollick relied on by Lead
Plaintiffs, however, is drawn from a discussion in Crawford-El
pertaining to the discretion the trial court itself must
exercise upon the filing of a complaint against an entity that
can claim qualified immunity, not a discussion of an appealed
denial of qualified immunity. See Coolick, 699 F.3d at 219; see
also Crawford-El, 523 U.S. at 597-98.[2] Lead Plaintiffs'
additional reliance on Crawford-El as establishing that the
immunity doctrine seeks only to avoid subjecting entities
entitled to claim qualified immunity to "broad-reaching"
discovery while an appeal is pending, is misplaced for the same
reason. See Crawford-El, 523 U.S. at 593 n. 14 ("Harlow sought

---

[2] Crawford-El states in relevant part:

> "When a plaintiff filed a complaint against a public official
> alleging a claim that requires proof of wrongful motive, the
> trial court must exercise its discretion in a way that protects
> the substance of the qualified immunity defense. It must
> exercise its discretion so that officials are not subjected to
> unnecessary and burdensome discovery or trial proceedings. . . .
> if the defendant does plead the immunity defense, the district
> court should resolve that threshold question before permitting
> discovery."

Crawford-El, 523 U.S. at 598 (citing Harlow, 457 U.S. at 818).

7

to protect officials from the costs of 'broad-reaching' discovery and we have since recognized that limited discovery may sometimes be necessary <u>before the district court can resolve a motion for summary judgment based on qualified immunity</u>") (internal citations omitted) (emphasis added).

Lead Plaintiffs contend that a district court may compel discovery when production of the requested documents would purportedly impose "no burden" when the denial of a qualified immunity is being considered by the Court of Appeals. The cases cited do not establish that exception to the general rule that immunity means immunity.[3]

## 2. 'Undue Prejudice' Is An Inapplicable Basis For Granting The Motion To Compel

---

[3] See, e.g., <u>Turkmen v. Ashcroft</u>, No. 02-CV-2307, 2010 WL 3398965, *5-6 (considering whether to permit plaintiffs to use discovery they had already properly obtained from other parties to amend their complaint) (E.D.N.Y. June 30, 2010); <u>V.S. v. Muhammad</u>, No. 07-CV-213, 2009 WL 936711 (E.D.N.Y. Apr. 3, 2009)(denying stay of discovery pending appeal of denial of qualified immunity defense because irrespective of whether individual defendants were dismissed from the case, they would be subject to the same discovery in connection with the claim against the City, taking into account that the City was defending and indemnifying the individual defendants). Neither are the non-binding district court cases from other circuits. <u>See</u> <u>Seeds of Peace Collective v. City of Pittsburgh</u>, No. 09-CV-1275, 2010 WL 2990734 (W.D. Pa. July 28, 2010) <u>vacated in part</u>, 453 F. App'x 211 (3d Cir. 2011) (denying stay because irrespective of resolution of denial of immunity appeal defendants were required to participate on remaining claims); <u>Castaneda v. Molinar</u>, No. 07-CV-07241, 2008 WL 9449576 (C.D. Cal. May 20, 2008) (addressing whether a district court has the ability to decide whether to proceed with discovery pending outcome of denial of immunity appeal and applying a test from the preliminary injunction context); <u>Rhodes v. Prince</u>, No. 05-CV-23430, 2008 WL 4493590 (N.D. Tex. Oct. 3, 2008) (deciding on what discovery can be obtained from someone who is entitled to qualified immunity); <u>Galarza v. Szalcyk</u>, No. 10-CV-6815, 2012 WL 627917 (E.D. Pa. Feb. 28, 2012) (pertaining to a protective order pending motion to dismiss on issue of qualified immunity).

Lead Plaintiffs also assert that they will be unduly prejudiced absent production of the Phase One Discovery Materials. (Pls.' Mem. Supp. Mot. to Compel 6.) They argue that the Class will soon become the only major interested party without access to the documents requested and that, absent production of the materials, they will be "prejudiced by their inability to make informed decisions about their litigation strategy in a rapidly shifting landscape." (Pls.' Reply 9.) Lead Plaintiffs assert that the multidistrict litigation is an "evolving, complex litigation landscape" and that there have been numerous material developments that have increased the risk of prejudice to the Class since the time of application. (See generally Pls.' Reply 10.)

Lead Plaintiffs rely on In re WorldCom Securities Litigation, 234 F. Supp. 2d 301 (S.D.N.Y. 2002) for the proposition that a district court is empowered to compel the production of documents in order to prevent undue prejudice which would result, in part, from an inability to make informed decisions about litigation strategy in a rapidly shifting landscape. (Pls.' Mem. Supp. Mot. to Compel 6-7.) WorldCom, however, does not deal with an appeal of the denial of qualified

immunity.  At issue in <u>WorldCom</u> was a discovery stay imposed
pursuant to the Private Securities Litigation Reform Act of 1995
(the "PSLRA").  <u>WorldCom</u>, 234 F. Supp. 2d at 301-02.  The PSLRA
stay of discovery provision maintains that:

> "[i]n any private actions <u>arising under this chapter</u>,
> all discovery and other proceedings shall be stayed
> <u>during the pendency of any motion to dismiss</u>, unless
> the court finds upon the motion of any party that
> particularized discovery is necessary to preserve
> evidence or to prevent undue prejudice to that party."

15 U.S.C. § 78u-4(b)(3)(B) (emphasis added). Indeed, the
<u>WorldCom</u> court's undue prejudice analysis finds its basis in the
PSLRA and its underlying policy objectives.  A PSLRA stay of
discovery is not, however, at issue in the instant motion.

Additionally, <u>WorldCom</u>'s concerns regarding a "rapidly
shifting landscape" were rooted principally in the fact that
<u>WorldCom</u> had filed for bankruptcy and that, if the lead
plaintiff could not access the documents already made available
to other entities, it would face "the very real risk that it
will be left to pursue its action against defendants who no
longer have anything or at least as much to offer."  <u>WorldCom</u>,
234 F. Supp. 2d at 306.  <u>In re LaBranche Securities Litigation</u>,
333 F. Supp. 2d 178 (2004) and <u>In re Royal Ahold N.V. Securities
& ERISA Litigation</u>, 319 F. Supp. 2d 634 (2004), also cited by

10

Lead Plaintiffs in support of their "undue prejudice" argument, similarly involve PSLRA stays and are likewise inapposite. Should the Lead Plaintiffs establish that the landscape of this multidistrict litigation is in fact rapidly shifting, a different outcome might be appropriate. At the moment, the interlocutory appeal has stabilized the landscape.

### 3. Judicial Efficiency Does Not Overcome the General Rule

Lead Plaintiffs argue that the "divestiture of jurisdiction" rule is judicially crafted, rooted in the interest of judicial economy, and is not automatic. (Pls.' Mem. Supp. Mot. to Compel 8 (quoting United States v. Rodgers, 101 F.3d 247, 251 (2d Cir. 1996).) Lead Plaintiffs assert that it is "well established" that district courts retain jurisdiction over collateral matters that do not involve issues on appeal even if the pending appeal is not certified as frivolous. (Pls.' Reply 3.) A district court, they argue, is fully empowered to undertake procedures during the pendency of an immunity appeal that do not impose a meaningful burden on the party asserting immunity. (Pls.' Reply 5.)

Rodgers, on which Lead Plaintiffs rely, however, is not directly on point as it does not bear directly on cases

11

involving the appeal of a denial of qualified immunity.  See
Rodgers, 101 F.3d at 251 ("The question in this case is whether
filing a notice of appeal from a district court order that is
patently nonappealable divested the district court of
jurisdiction to resentence.").  Additionally, Rodgers, simply by
its emphasizing that divestiture as a general concept is a
judicially crafted rule (as all such rules necessarily are)
whose nuances have been parsed out by courts guided by concerns
of efficiency, cannot reasonably be read to 'fully empower'
district courts to compel discovery in the name of judicial
efficiency while a denial of qualified immunity is being
considered by the Court of Appeals.

**Conclusion**

        For the foregoing reasons, Lead Plaintiffs' motion to
compel discovery is denied.

        It is so ordered.

**New York, NY**
**August 22, 2014**

                                        ROBERT W. SWEET
                                           U.S.D.J.

12