**Labaton Sucharow**



March 30, 2015

**VIA ECF AND HAND DELIVERY**

The Honorable Robert W. Sweet
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York  10007-1312

Re:   *In re: Facebook, Inc., IPO Securities & Derivative Litigation*, No. 12-md-2389-RWS

Dear Judge Sweet:

We represent the Lead Plaintiffs in the above matter. We write in response to the March 23, 2015 letter submitted to the Court by Harwood Feffer LLP, requesting that the Court "*sua sponte*" enter a judgment dismissing with prejudice the actions that its clients have asserted under Section 20A of the Securities Exchange Act of 1934 (the "Exchange Act") in order to allow an appeal of such dismissals now. The Court treated the letter as a motion and scheduled argument for Wednesday, April 1, 2015. *See* ECF 266.

By way of background, Harwood Feffer has long sought to improperly fracture the Class and divide the leadership of this litigation. On April 16, 2013, Harwood Feffer filed a motion seeking to sever Exchange Act claims from the claims asserted by Lead Plaintiffs under the Securities Act of 1933 (the "Securities Act"). *See* ECF 78. In that motion, Harwood Feffer also urged the Court to appoint their clients as the lead plaintiffs in a consolidated case presenting only claims brought under the Exchange Act—effectively creating two distinct and parallel groups of securities litigation cases with different plaintiffs and different leadership. *See id.*

The Court denied that motion in a detailed and thorough opinion. *See In re Facebook, Inc. IPO Securities & Deriv. Litig.*, 2013 WL 4399215 (S.D.N.Y. Aug. 13, 2013) (the "Opinion").

Harwood Feffer's latest request represents an untimely and completely unsupported motion for a discretionary interlocutory appeal of the Court's Opinion. For each of the reasons discussed below, his request should be denied.

First, Harwood Feffer's motion is untimely. The Court issued the Opinion nearly 20 months ago, on **August 13, 2013**. Harwood Feffer has provided no explanation for why it waited 20 months to seek interlocutory review of the Court's Opinion, and this inexcusable delay is reason enough to deny the request. *See Baena v. Woori Bank*, No. 05-cv-7018 (PKC), 2007 WL 3284719, at *3 (S.D.N.Y. Nov. 6, 2007) (holding that, "while Section 1292(b) places no time limit on a party

The Honorable Robert W. Sweet
United States District Judge
March 30, 2015
Page 2

seeking certification [of an interlocutory appeal], defendants have not offered any substantial justification for waiting nearly a year in seeking the relief.").

Second, as this Court has previously held, the law is clear that Harwood Feffer is required to demonstrate "exceptional circumstances" to obtain interlocutory appeal of the Court's Opinion, but Harwood Feffer has not even attempted to—because it cannot—make any such showing. *See In re Facebook, Inc. IPO Securities & Deriv. Litig.*, 986 F. Supp. 2d 524, 529-30 (S.D.N.Y. 2014) (denying Facebook's motion for interlocutory appeal and noting that 'the barrier [to interlocutory appeal] is only elevated by the mandate that Section 1292(b) be 'strictly limited' because 'only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment"). Such exceptional circumstances are not present here. Indeed, as this Court previously held, "it is settled law that a litigant may not assert a separate class action to bring claims that the lead plaintiff has determined not to pursue on a class basis." *In re Facebook*, 2013 WL 4399215, at *4 (citing *In re Bank of Am. Corp. Sec. Deriv. & ERISA Litig.*, No. 09 MD 2058, 2012 WL 1308993, at *2 (S.D.N.Y. Apr. 16, 2012) (Castel, J.)).

Third, Harwood Feffer asserts in its letter that Lead Plaintiffs have failed "to prosecute the Section 20A claim." However, tactical decisions, such as which claims to assert, are the prerogative of Lead Plaintiffs. As this Court held in denying Harwood Feffer's previous motion, "the determination of which claims to assert in the consolidated complaint will be determined by the Court-appointed lead plaintiff, who is charged with acting in the best interest of all class members." *In re Facebook*, 288 F.R.D. 26, 36 (S.D.N.Y. 2012).

Finally, while Harwood Feffer states that it is not "practicable" for its clients to pursue individual Section 20A claims, it fails to explain why that is so.

In short, Harwood Feffer has provided no reason why the Court should entertain its untimely request or grant the extraordinary remedy of interlocutory appeal. Thus, we respectfully suggest that the Court deny Harwood Feffer's request.

Respectfully Submitted,

_____
John Rizio-Hamilton
BERNSTEIN LITOWITZ BERGER
 & GROSSMANN LLP
1285 Avenue of the Americas
New York, NY 10019
Tel.: (212) 554-1400

_____
James W. Johnson
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
Tel.: (212) 907-0700