**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE FACEBOOK, INC. IPO SECURITIES AND DERIVATIVE LITIGATION | MDL No. 12-2389 (RWS) |
| This document relates to: NASDAQ Actions | |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION AND CO-LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

ARGUMENT ........................................................................................................................ 3

    I.     THE FACEBOOK PLAINTIFFS' OBJECTION SHOULD BE DENIED ............ 3

    II.    THE THREE LIMITED INDIVIDUAL OBJECTIONS SHOULD BE
          DENIED ...................................................................................................................... 4

          A.     Anthony Bongiorni's Objection .................................................................. 4

          B.     Maria Crompton's Objection ...................................................................... 5

          C.     Michael J. Rinis' Objection ........................................................................ 6

CONCLUSION ..................................................................................................................... 8

Lead Plaintiffs T3 Trading Group, LLC, Avatar Securities, LLC, Philip Goldberg, Steve Jarvis, Atish Gandhi, Colin Suzman, Meredith Bailey, and Faisal Sami (collectively, "Lead Plaintiffs" or "Plaintiffs"), on behalf of themselves and the Class, and Entwistle & Cappucci LLP, Finkelstein Thompson LLP, and Lovell Stewart Halebian Jacobson LLP (collectively, "Co-Lead Counsel"), respectfully submit this Reply Memorandum in Further Support of Lead Plaintiffs' Motion for Final Approval of the Settlement and Plan of Allocation (the "Settlement Memorandum") and Co-Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Expenses (the "Fee Memorandum").

## INTRODUCTION

After more than three years of hard-fought, complex litigation, the proposed Settlement, as set forth in the Supplemental Stipulation of Settlement dated August 12, 2015 (the "Stipulation") (ECF No. 314-1),[1] represents the *first ever* class action litigation recovery against a national securities exchange for losses due to trading in a listed security as a result of trading system issues. As further detailed in the Settlement Memorandum and Fee Memorandum, the Settlement represents a highly favorable result for the Class in light of the risks which Plaintiffs faced in the litigation in proving ultimate liability of the Nasdaq Defendants despite compelling arguments in favor of Defendants' entitlement to SRO immunity, as well as significant legal challenges made to Lead Plaintiffs' federal securities and state-law negligence claims. (*See* ECF Nos. 309, 313.)

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Stipulation and in the Joint Declaration of Vincent R. Cappucci and Christopher Lovell in Support of Lead Plaintiffs' Motion for Final Approval of the Settlement and Plan of Allocation and Co-Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Expenses (the "Joint Declaration"), filed with the Court on August 12, 2015. (ECF No. 314.)

To date, the results of the claims administration process demonstrate that Class Members overwhelmingly support the Settlement in the Consolidated Nasdaq Actions (the "Nasdaq Action"). As of September 8, 2015, A.B. Data, the Court-appointed Claims Administrator, has mailed a total of 689,143 Notice Packets containing the Notice and Proof of Claim form to potential Class Members and third-party nominees. As of the same date, the Claims Administrator has received approximately 9,300 Proof of Claim forms from potential Class Members. By comparison, there have been only forty-three valid requests for exclusion and only three Class Members who purchased a combined 306 shares of Facebook common stock that objected to the Settlement.[2]

On August 19, 2015, lead plaintiffs in the coordinated Facebook Securities Action (the "Facebook Action") filed a limited objection to the Settlement (ECF No. 326) (the "Facebook Plaintiffs' Objection"). The Facebook Plaintiffs' Objection principally challenges subsection (b) of the judgment reduction provision in Paragraph 11 of the [Proposed] Order and Final Judgment (the "Proposed Final Judgment") (ECF No. 314-3), which provides for a *pro tanto* reduction of any judgment potentially obtained in the Facebook Action for amounts paid in the Settlement to persons who are members of both classes.

Lead Plaintiffs and Co-Lead Counsel respectfully submit that: (i) the Facebook Plaintiffs' Objection should be denied as both the *pro tanto* and alternative judgment reduction provisions

---

[2] A.B. Data, the Court-appointed Claims Administrator, is submitting the Supplemental Declaration of Eric S. Schachter on Behalf of A.B. Data, Ltd. Regarding Mailing of Notice to Potential Settlement Class Members ("Schachter Decl.") which provides the Court with an update on the claims administration process. The Schachter Decl. is attached as Exhibit 1 to the Supplemental Declaration of Vincent R. Cappucci in Further Support of Lead Plaintiffs' Motion for Final Approval of the Settlement and Plan of Allocation and Co-Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Expenses (the "Cappucci Decl."), filed concurrently herewith.

in subsections (b) and (c) in Paragraph 11 are entirely consistent with the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, New York law, and Second Circuit precedent; and (ii) the three objections submitted by putative Class Members (the "Individual Objections") lack merit and should be denied.

## ARGUMENT

**I.    THE FACEBOOK PLAINTIFFS' OBJECTION SHOULD BE DENIED**

As this Court is aware, on August 19, 2015, lead plaintiffs in the coordinated Facebook Action filed a limited objection to the Settlement based upon the proposed judgment reduction provisions in Paragraph 11 of the Proposed Final Judgment.  The Facebook Plaintiffs contend that:  (i) subsection (b) of the judgment reduction provision is overly broad and contravenes statutes and case law delineating the scope of judgment reduction provisions, including the PSLRA and New York's General Obligations Law § 15-108, which require that a judgment reduction provision apply only to "common damages" (Facebook Plaintiffs' Objection at 11-17); (ii) the judgment reduction provision may permit the Facebook Defendants to avoid the requirements of proving their negative causation defense and obtain a benefit in the Facebook Action to which said Defendants are not entitled (Facebook Plaintiffs' Objection at 17-19); and (iii) subsection (c) of the judgment reduction provision which reduces subsequent judgments by "any greater amount available under any applicable law" is overly vague and conflicts with Second Circuit law (Facebook Plaintiffs' Objection at 19-20).

Lead Plaintiffs, together with the Nasdaq Defendants, are submitting their Joint Memorandum of the Parties to the Consolidated Nasdaq Actions in Response to the Facebook Action Plaintiffs' Objection to the Proposed Settlement of the Consolidated Nasdaq Actions (the "Joint Response to the Facebook Plaintiffs' Objection") which amply demonstrates why the

Court should enter the Proposed Final Judgment and deny the Facebook Plaintiffs' Objection. As further detailed therein, the Facebook Plaintiffs' Objection is based upon the false premise that the damages sought in the Facebook Action are completely distinct from those sought in the Nasdaq Action. To the contrary, damages sought in the Nasdaq Action include damages sought in the Facebook Action with respect to those plaintiffs who are members of both classes. Under the PSLRA and applicable New York law, that commonality of damages requires the inclusion of the *pro tanto* proposed judgment reduction provision. Moreover, the alternative judgment reduction provision does not apply to the Facebook Action but rather applies only to claims that may be asserted against Non-Settling Defendants under laws other than the federal securities law or New York law. For this reason, the alternative judgment reduction provision is permissibly included in the Proposed Final Judgment.

## II.     THE THREE LIMITED INDIVIDUAL OBJECTIONS SHOULD BE DENIED

Pursuant to the Preliminary Approval Order and as detailed in the Notice, the deadline for Class Members to submit objections to the Settlement, the Plan of Allocation, or to Co-Lead Counsel's request for attorneys' fees and reimbursement of expenses was August 19, 2015. (*See* ECF No. 297.) As of that date, there were three objections from individual putative Class Members. For the reasons discussed below, each of the objections should be denied.

### A.     Anthony Bongiorni's Objection

Anthony Bongiorni mailed a letter to the Claims Administrator dated July 28, 2015 which was postmarked on July 31, 2015. (*See* Exhibit C to Schachter Decl.) In his letter, Mr. Bongiorni stated that he purchased 6 shares of Facebook common stock on May 18, 2012 at $42.00 per share. Co-Lead Counsel addressed Mr. Bongiorni's objection in their Fee Memorandum filed on August 12, 2015. (*See* ECF No. 313 at 20-22.) While Mr. Bongiorni

4

objects on the grounds that the 33% requested attorneys' fee award is "inappropriate," the requested fee is well within the range of percentage fee awards routinely awarded by courts within the Second Circuit – especially in light of the complexity of, and serious obstacles to recovery in, this litigation. (*See* ECF No. 313 at 16-18.) Co-Lead Counsel respectfully refer to and incorporate by reference herein the arguments made in the Fee Memorandum concerning Mr. Bongiorni's objection so as not to burden the Court with needlessly duplicative briefing.

### B. Maria Crompton's Objection

Maria Crompton mailed a letter to the Claims Administrator dated August 12, 2015 which was postmarked on August 17, 2015. (*See* Exhibit C to Schachter Decl.) Although Ms. Crompton titled her letter "Objection to the Proposed Settlement in the Nasdaq Consolidated Action," she only provided information concerning the fact that she purchased 200 shares of Facebook common stock on May 18, 2012 for $38.00 per share and sold those shares on October 10, 2012 for $22.00 per share. It appears from Ms. Crompton's letter that her broker-dealer, Fidelity Securities ("Fidelity"), failed to follow her instructions and enter a timely cancellation of her purchase order on May 18 and, as such, Ms. Crompton's objection is more appropriately directed at Fidelity than the merits of the proposed Settlement. Moreover, despite the instructions in the Notice, Ms. Crompton failed to provide any reason or basis why she was objecting to the Settlement. (*See* Notice at 7.)[3] Courts within this Circuit commonly hold that an objection to a class action settlement must provide some basis for such an objection. *See, e.g.*, *In re Bear Stearns Cos., Inc. Sec., Derivative and ERISA Litig.*, 909 F. Supp. 2d 259, 264 n.3 (S.D.N.Y. 2012) (Sweet, J.) (noting that where "objections are conclusory and bereft of factual and legal support," they "can be overruled without engaging in substantive analysis"); *In re*

---

[3] A true and correct copy of the Notice is attached as Exhibit 2 to the Cappucci Decl.

*Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, 246 F.R.D. 156, 169 (S.D.N.Y. 2007) (noting that "conclusory statements [that settlement was 'unreasonably low and [] not in the investor class' best interests'] are not sufficient to weigh against approval of the Settlement as fair and reasonable."). Because Ms. Crompton failed to provide any basis for her objection, Co-Lead Counsel do not possess sufficient information to respond to the objection. Accordingly, Co-Lead Counsel respectfully request that Ms. Crompton's objection be denied.

### C. Michael J. Rinis' Objection

Michael J. Rinis mailed a letter to the Clerk of the Court, Plaintiffs' Co-Lead Counsel, Nasdaq Defendants' Counsel, and the Claims Administrator which was postmarked on August 19, 2015. (*See* Exhibit C to Schachter Decl.) In his letter, Mr. Rinis states that he purchased 100 shares of Facebook common stock on May 18, 2012 at $40.89 per share. Mr. Rinis objects on three grounds: (i) that the Notice fails to provide information concerning "the amount of aggregated damages suffered by the class"; (ii) that Co-Lead Counsel's anticipated request of attorneys' fees not to exceed one-third of the Settlement Fund is "excessive and overreaching"; and (iii) that a provision in the Stipulation concerning when attorneys' fees and expenses will be paid was not included in the Notice. Mr. Rinis' bases for his objection are all without merit.

First, the Notice provides all of the information that the PSLRA requires. Under the PSLRA, "[i]f the parties do not agree on the average amount of damages per share that would be recoverable if the plaintiff prevailed on each claim alleged under this chapter, [a notice of settlement shall contain] a statement from each settling party concerning the issue or issues on which the parties disagree." 15 U.S.C. § 78u-4(a)(7)(B)(ii). Here, the Notice adequately informs potential Class Members that the "parties disagreed on both liability and damages and do not

6

agree on the average amount of damages per order that would recoverable if plaintiffs were to have prevailed on each claim alleged." (Notice at 2.)

Second, although Mr. Rinis states that an award of attorneys' fees of one-third of the Settlement Fund is "excessive and overreaching," he fails to provide any basis for his conclusory assertion. Mr. Rinis' contention should be rejected for the same reasons set forth in Co-Lead Counsel's Fee Memorandum concerning why Mr. Bongiorni's objection should be denied. (*See* ECF No. 313, at 16-18.) Accordingly, Co-Lead Counsel respectfully refer to and incorporate by reference herein the arguments made in the Fee Memorandum, which they believe are responsive to Mr. Rinis' objection concerning attorneys' fees.

Finally, although Mr. Rinis objects to the fact that certain language from the Stipulation concerning payment of potential attorneys' fees and expenses was not included in the Notice, the Notice explicitly states that it only "summarize[s] the proposed settlement" and directs all potential Class Members to the Stipulation for more specific details of the Settlement. (*See* Notice at 8.) Moreover, the Notice states that Class Members could obtain a copy of the Stipulation by: (i) writing Co-Lead Counsel or the Claims Administrator; (ii) calling the toll-free number of the Claims Administrator; or (iii) visiting the website set up for the Settlement. (*See* Notice at 8.) Given the various ways in which Mr. Rinis could have obtained a copy of the Stipulation – and the fact that he was clearly able to do so, as shown by his quotation from the Stipulation in his letter – Mr. Rinis' objection that certain terms of the Settlement did not appear in the Notice should be easily disregarded.

*   *   *

For the foregoing reasons, Lead Plaintiffs and Co-Lead Counsel respectfully submit that the Individual Objections should be denied.

## CONCLUSION

For the foregoing reasons and the reasons set forth in the Settlement Memorandum, Fee Memorandum, Joint Declaration, and the Nasdaq Parties' Joint Response to the Facebook Plaintiffs' Objection, Lead Plaintiffs and Co-Lead Counsel respectfully request that the Court enter the [Proposed] Order and Final Judgment submitted to the Court on August 12, 2015 (ECF No. 314-3) which, among other things:  (i) certifies the Class for settlement purposes pursuant to Rule 23 of the Federal Rules of Civil Procedure; (ii) finds that the Notice of the proposed Settlement constitutes the best notice practicable under the circumstances and complies with the requirements of Rule 23; (iii) approves the Settlement as fair, reasonable and adequate; and (iv) approves the Plan of Allocation as fair, reasonable and adequate.  Additionally, Co-Lead Counsel respectfully request that the Court approve their application for an award of attorneys' fees and reimbursement of expenses.

Dated:  September 9, 2015

Respectfully Submitted,

*/s/ Vincent R. Cappucci*
Vincent R. Cappucci, Esq.
Jordan A. Cortez, Esq.
Alexander F. Schlow, Esq.
**ENTWISTLE & CAPPUCCI LLP**
280 Park Avenue, 26th Floor West
New York, NY 10017
Telephone:  (212) 894-7200
Facsimile:  (212) 894-7272

*Lead Counsel for NASDAQ Securities Actions*

*/s/ Douglas G. Thompson, Jr.*
Douglas G. Thompson, Jr., Esq.
Michael G. McLellan, Esq.
**FINKELSTEIN THOMPSON LLP**
1077 30th Street, Suite 150
Washington, D.C. 20007
Telephone: (202) 337-8000
Facsimile: (202) 337-8090

*/s/ Christopher Lovell*
Christopher Lovell, Esq.
Victor E. Stewart, Esq.
**LOVELL STEWART HALEBIAN JACOBSON LLP**
61 Broadway, Suite 501
New York, NY 10006
Telephone: (212) 608-1900
Facsimile: (212) 719-4677

***Co-Lead Counsel for NASDAQ Negligence Actions***