**Labaton Sucharow**    

October 6, 2015

**By ECF**

Honorable Robert W. Sweet
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:    *In re Facebook, Inc., IPO Sec. & Deriv. Litig.*, MDL No. 12-2389 (RWS)

Dear Judge Sweet:

    We write on behalf of Plaintiffs in the above-referenced Consolidated Securities Action in response to Defendants' letter submitted yesterday concerning *Brecher v. Republic of Argentina*, No. 14-4385, --- F.3d ---, 2015 WL 5438797 (2d Cir. Sept. 16, 2015). Contrary to what Defendants contend, the Second Circuit in *Brecher* confirmed that the ascertainability requirement is not demanding. As the Court reiterated, "ascertainability does not require a complete list of class members at the certification stage," and "it is sufficient that the general parameters of [class] membership are determinable at the outset." *Id.* at *2 n.2 (quoting 1 McLaughlin On Class Actions § 4:2 (11th ed. 2014)).

    The proposed Class in this case bears no resemblance to the one rejected in *Brecher*. Unlike here, the plaintiffs in *Brecher* sought to certify a class of anyone who held a "beneficial interest" in a bond series issued by the Republic of Argentina "without limitation as to time." *Id.* at *1. As the Second Circuit explained, it was "practically impossible to trace purchases and sales of a particular beneficial interest" for Argentinian bonds. *Id.* at *3. In stark contrast to *Brecher*, the proposed Class in this action is not "without limitation as to time," but rather is limited to purchasers of Facebook common stock during the discrete four-day window from Facebook's May 17, 2012 IPO to May 21, 2012. Also unlike in *Brecher*, the proposed Class in this case consists of purchasers of Facebook common stock, not holders of amorphous "beneficial interests" in Argentinian bonds. Accordingly, the members of this Class are easily identifiable through trading records and other standard means regularly employed to identify damaged investors in federal securities class actions.

    Indeed, the proposed definition of the Class is consistent with class definitions routinely approved by courts in this District, and limits class membership to purchasers of Facebook common stock between May 17 (the date of Facebook's IPO) and the close of trading on May 21 (before the final corrective disclosure). *See* Pls.' Reply Mem. Of Law in Further Supp. of Their Mot. For Class Certification and Appointment of Class Representatives and Class Counsel at 55-65 (filed under seal June 16, 2015). The proposed definitions of the Retail and Institutional Investor Subclasses are equally proper, as they are identical to the established definitions adopted

and applied by FINRA, which is the body that regulated the Underwriters' communications during the IPO. *Id.* at 62.

Respectfully submitted,

_____
Thomas A. Dubbs
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
Tel.: (212) 907-0700

_____
Salvatore J. Graziano
BERNSTEIN LITOWITZ BERGER
 & GROSSMANN LLP
1285 Avenue of the Americas
New York, NY 10019
Tel.: (212) 554-1400