# WILLKIE FARR & GALLAGHER LLP

1875 K Street, N.W.
Washington, DC 20006-1238

Tel: 202 303 1000
Fax: 202 303 2000

October 22, 2015

**VIA ECF**

Honorable Robert W. Sweet
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:   *In re Facebook, Inc. IPO Securities and Derivative Litigation*
             No. 12-md-02389 (RWS) – Nasdaq Actions

Dear Judge Sweet:

    With reference to the letter filed at 5:09 PM EDT this evening, the references in the second paragraph to "May 18, 2015" and "May 21-22, 2015" should be to "May 18, 2012" and "May 21-22, 2012," respectively. I apologize for these errors. For the Court's convenience, a corrected letter with the correct dates is attached hereto.

                              Respectfully submitted,

                              /s/ Richard D. Bernstein
                              Richard D. Bernstein
                              WILLKIE FARR & GALLAGHER LLP
                              1875 K Street, NW
                              Washington, DC 20006
                              Telephone: (202) 303-1000
                              Facsimile: (202) 303-2000

    *Co-Counsel for Facebook, Inc. and Individual Facebook Intervenors-Defendants*

cc:  All Counsel of Record (Via ECF)

# WILLKIE FARR & GALLAGHER LLP

1875 K Street, N.W.
Washington, DC 20006-1238

Tel: 202 303 1000
Fax: 202 303 2000

October 22, 2015

**VIA ECF**

Honorable Robert W. Sweet
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: *In re Facebook, Inc. IPO Securities and Derivative Litigation*
      No. 12-md-02389 (RWS) – Nasdaq Actions **(Corrected Letter)**

Dear Judge Sweet:

  We write on behalf of Intervenors who are defendants in the Facebook Action ("Facebook Action Intervenors-Defendants"). This letter responds to the portion of the letter of the Lead Nasdaq Plaintiffs dated October 21, 2015—35 days *after* oral argument—that states that although the Order and Judgment they previously proposed "is appropriate" and "should" be entered, "should the Court determine to incorporate the phrase 'common damages' into subparagraph 11(b) [of the Court's Order and Final Judgment], the Nasdaq Parties consent to the Court entering the modified Order and so approving the Settlement." (Lead Plaintiffs' Letter at 1-2.)

  The Court should *not* "incorporate the phrase 'common damages' into subparagraph 11(b)" of its Order and Final Judgment. Instead, the Court should explicitly reject the sole argument offered against common damages *in this matter*—the argument that (a) the Nasdaq Action sought damages incurred only on May 18, 2012, and (b) the Facebook Action sought damages only incurred on May 21-22, 2012. Our prior brief and the oral argument demonstrated that this argument is demonstrably wrong, the pertinent facts as to damages sought in each action are fixed, and therefore neither delay nor "punting" could alter the legally-required rejection of this argument. (Facebook Action Intervenors-Defendants' Resp. to Facebook Action Pl.'s Objection at 7-17 (ECF 347).) Indeed, the Lead Nasdaq Plaintiffs do not retreat from their admission that "the claims asserted against the Nasdaq Defendants are not limited to claims for damages incurred on May 18." (Joint Memo. of the Parties to the Consolidated Nasdaq Actions in Response to the Facebook Action Pl.'s Objection at 3 (ECF 342).)

  Although the Facebook Action Intervenors-Defendants do not ask the Court to specify the amount of a *pro tanto* judgment reduction, the Court is required to provide a "measure of predictability." *Denney v. Deutsche Bank AG*, 443 F.3d 253, 276 (2d Cir. 2006); *see also id.* at 275

The Honorable Robert W. Sweet
October 22, 2015
Page 2

("[A non-settling defendant] is entitled to know what the law of the case is in advance of trial, not on the eve, after discovery is concluded and witnesses have been prepared." (brackets in original; internal quotations omitted)). The Court can provide the required predictability only by rejecting the demonstrably wrong argument that the common plaintiffs in the Nasdaq and Facebook actions supposedly sought zero common damages. Indeed, although Lead Nasdaq Plaintiffs cite to *In re Refco, Inc.*, 2007 WL 57872 (S.D.N.Y. Jan. 9, 2007), they ignore that *Refco*, rather than punt, *expressly rejected* all three existing arguments in that case against common damages. *Id.* at *3-5 (rejecting arguments against common damages based on "different laws," plaintiffs' allocation of settlement proceeds, and judicial approval of settlement allocation).

The Facebook Action Intervenors-Defendants thus continue to object to "punting" and preserve their rights as intervenors to appeal the Order and Final Judgment. *See Marino v. Ortiz*, 484 U.S. 301, 304 (1988).

Respectfully submitted,

/s/ Richard D. Bernstein

| | |
|---|---|
| Andrew B. Clubok | Richard D. Bernstein |
| Brant W. Bishop, P.C. | Elizabeth J. Bower |
| KIRKLAND & ELLIS LLP | WILLKIE FARR & GALLAGHER LLP |
| 601 Lexington Avenue | 1875 K Street, NW |
| New York, NY 10022 | Washington, DC 20006 |
| Telephone: (212) 446-4800 | Telephone: (202) 303-1000 |
| Facsimile: (212) 446-4900 | Facsimile: (202) 303-2000 |
| | |
| Susan E. Engel | Todd Cosenza |
| KIRKLAND & ELLIS LLP | WILLKIE FARR & GALLAGHER LLP |
| 655 Fifteenth St. NW | 787 Seventh Avenue |
| Washington, DC 20005 | New York, NY 10019-6099 |
| Telephone: (202) 879-5000 | Telephone: (212) 728-8000 |
| Facsimile: (202) 879-5200 | Facsimile: (212) 728-8111 |

*Attorneys for Facebook, Inc. and Individual Facebook Intervenors-Defendants*

The Honorable Robert W. Sweet
October 22, 2015
Page 3

                                      James P. Rouhandeh
                                      Charles S. Duggan
                                      Andrew Ditchfield
                                      DAVIS POLK & WARDWELL LLP
                                      450 Lexington Avenue
                                      New York, NY 10017
                                      Telephone: (212) 450-4000
                                      Facsimile: (212) 701-5800

                    *Attorneys for Underwriter Intervenors-Defendants*


cc:  All Counsel of Record (Via ECF)