| | |
|---|---|
| **BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP** | **LABATON SUCHAROW LLP** |
| 1285 Avenue of the Americas | 140 Broadway |
| New York, New York 10019 | New York, New York 10005 |
| Tel: (212) 554-1400  Fax: (212) 554-1444 | Tel: (212) 907-0700 Fax: (212) 818-0477 |

October 23, 2015

**VIA ECF AND HAND DELIVERY**

Honorable Robert W. Sweet
United States District Court
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *In re Facebook, Inc. IPO Securities and Derivative Litig.*,
              MDL No. 12-2389 (RWS) – Nasdaq Actions

Dear Judge Sweet:

      We write on behalf of the Lead Plaintiffs and additional proposed class representatives in the *In re Facebook, Inc. IPO Securities Litigation* (the "Facebook Action Plaintiffs"), in response to the Nasdaq Plaintiffs' October 21, 2015 letter and the Facebook Action Defendants' October 22, 2015 letter. We respectfully submit that the Court should enter the form of [Proposed] Order and Final Judgment attached as Exhibit B to the Nasdaq Plaintiffs' October 21, 2015 letter (the "Order"), which would appropriately limit the *pro tanto* judgment reduction in the Nasdaq Action to "common damages."

      *First*, all of the settling Nasdaq Parties (both plaintiffs and defendants) consent to the entry of this Order, and it would resolve the objection raised by the Facebook Action Plaintiffs on behalf of investors who are members of both the Nasdaq Action and Facebook Action classes.

      *Second*, the proposed Order is identical in relevant part to the order entered by Judge Lynch in *Refco*. As we noted at the Nasdaq fairness hearing, in *Refco*, after issuing an opinion finding that non-settling defendants should receive judgment credit only for common damages, *see In re Refco, Inc.*, No. 05 Civ. 8626 (GEL), 2007 WL 57872, at *4-*5 (S.D.N.Y. Jan. 9, 2007), Judge Lynch then entered a judgment in that case which specifically provided that, "Any final verdict or judgment that may be obtained by or on behalf of the Class or a Class Member against a Non-Settling Defendant . . . shall be reduced by the greater of: . . . (ii) the amount paid by or on behalf of the Settling Defendants to the Class ***for common damages***." No. 05 Civ. 8626 (GEL), slip op. at 7 (S.D.N.Y. June 29, 2007), ECF No. 397 (emphasis added). The Order

Hon. Robert W. Sweet
October 23, 2015
Page 2 of 2

attached as Exhibit B to the Nasdaq Plaintiffs' October 21 letter contains this same "common damages" limitation.

*Third*, as set forth in detail in the Facebook Action Plaintiffs' memorandum of law in support of their objection, both federal and New York law governing judgment-reduction provisions include a "common damages" limitation. *See* ECF No. 326 at 12-17. The suggestion in the Facebook Action Defendants' October 22 letter that a finding by the Court that *some* common damages exist between the two actions obviates the need for this provision is mistaken and contrary to law. While we submit that there are no overlapping damages, even if there were some overlapping damages, the "common damages" limitation clarifies that any future Facebook Action judgment will be reduced only to the extent that the damages truly overlap – which is precisely what the law mandates.

We thank the Court for its attention to this matter.

Respectfully submitted,

By: /s/ John J. Rizio-Hamilton
John J. Rizio-Hamilton
BERNSTEIN LITOWITZ
BERGER & GROSSMANN LLP
1285 Avenue of the Americas
New York, NY 10019
Tel: (212) 554-1400
Fax: (212) 554-1444

By: /s/ James W. Johnson
James W. Johnson
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477

*Co-Lead Counsel for Facebook Action Lead Plaintiffs and the Proposed Facebook Action Class*

#936894