UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

IN RE FACEBOOK, INC., IPO SECURITIES AND
DERIVATIVE LITIGATION,

OPINION
MDL No. 12-2389

<u>FILED UNDER SEAL</u>

------------------------------------X

A P P E A R A N C E S:

<u>Attorneys for Lead Plaintiffs and
the Proposed Class</u>

LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
By:  Thomas A. Dubbs, Esq.
     James W. Johnson, Esq.
     Thomas G. Hoffman, Jr., Esq.

<u>Attorneys for Lead Plaintiffs, Proposed Class
Representative Morley and the Proposed Class</u>

BERNSTEIN LITOWITZ BERGER & GROSSMAN LLP
1251 Avenue of the Americas, 44th Floor
New York, NY 10019
By:  Max W. Berger, Esq.
     Salvatore J. Graziano, Esq.
     John Rizio-Hamilton, Esq.

<u>Attorneys for Additional Named Plaintiffs and
Proposed Class Representatives Mr. & Mrs. Galvan</u>

LIEFF CABRASER HEIMANN & BERNSTEIN LLP
250 Hudson Street, 8th Floor
New York, NY 10013
By:  Steven E. Fineman, Esq.
     Nicholas Diamand, Esq.

1

<u>Attorneys for Proposed Class Representatives
Rand and Mr. & Mrs. Melton</u>
HACH ROSE SCHIRRIPA LLP
185 Madison Ave.
New York, NY 10016
By: Frank R. Schirripa


<u>Attorneys for Defendant Facebook</u>

KIRKLAND & ELLIS LLP
655 Fifteenth St. NW
Washington, DC 20005
By:  Susan E. Engel, Esq.

KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
By:  Andrew B. Clubok, Esq.
     Brant W. Bishop, Esq.
     Nathaniel Kritzer, Esq.
     Adam B. Stern, Esq.

WILLKIE FARR & GALLAGHER LLP
1875 K Street, NW
Washington, DC 20006
By:  Richard D. Bernstein, Esq.
     Elizabeth J. Bower, Esq.

WILKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019-6099
By:  Tariq Mundiya, Esq.
     Todd G. Cosenza, Esq.
     Sameer Advani, Esq.

**Sweet, D.J.**

Pursuant to Local Civil Rule 37.2, Facebook Defendants ("Defendants") have requested an informal conference to request resolution of discovery disputes, which the Court has treated as a motion to compel Lead Plaintiffs' responses to nine of the Facebook Defendants' interrogatories. Facebook Defendants have separately requested clarification regarding the appropriate time for Defendants to take individualized discovery from absent class members consistent with the Court's December 11, 2015 Opinion. Based on the conclusions set forth below, Defendants' motion to compel is denied, and Defendants are not yet permitted to take individualized discovery from absent class members.

### I. Prior Proceedings

The procedural history and factual background of this litigation has been detailed extensively in various opinions by this Court. See e.g., See, e.g., In re Facebook, Inc., IPO Sec. & Derivative Litig., 312 F.R.D. 332, 337 (S.D.N.Y. 2015) ("Class Certification Opinion"); In re Facebook, Inc., IPO Sec. & Deriv. Litig., 986 F.Supp.2d 487, 492-93 (S.D.N.Y. 2013) motion to certify appeal denied sub nom. In re Facebook, Inc., IPO Sec. & Derivative Litig., 986 F. Supp. 2d 524 (S.D.N.Y. 2014) ("MTD Opinion"); see also In re Facebook, Inc., IPO Sec. & Derivative

3

Litig., 288 F.R.D. 26, 31-34 (S.D.N.Y. 2012) ("Consolidation Opinion"). Familiarity with the general background of this case as provided in the Court's previous opinions is assumed.

The instant motion concerns discovery practice in the Consolidated Securities Action. By letter pursuant to Local Civil Rule 37.2, on April 4, 2016, Facebook Defendants sought to compel Plaintiffs' responses to the following interrogatories:

> No. 5: Identify each and every corrective disclosure or materialization of risk (in either case, whether complete or partial), that any Plaintiff claims revealed previously undisclosed information or risk related to any Facebook security and resulted in any loss for which any recovery is sought in this case.
>
> No. 9: Identify each and every untrue statement of material fact you contend was in Facebook's final IPO Registration Statement or Prospectus, and each fact that you contend was omitted from Facebook's final IPO Registration Statement or Prospectus that was either required to be stated therein or necessary to make the statements therein not misleading.
>
> No. 13: State whether you contend that the decline in the price of Facebook's common stock from May 18-22, 2012 was caused entirely by: i) the May 18, 2012 Reuters article referenced in Paragraph 161 of the Complaint; and ii) the May 22, 2012 Reuters article referenced in Paragraph 165 of the Complaint. If you respond in the negative, identify each additional factor that you contend caused the price of Facebook's common stock to decline May 18-22, 2012.
>
> No. 14: State how much of the decline in the price of Facebook's common stock from May 18-22, 2012 you contend is attributable to the May 18, 2012 Reuters article referenced in Paragraph 161 of the Complaint.
>
> No. 15: State how much of the decline in the price of Facebook's common stock from May 18-22, 2012 you contend is

attributable to the May 22, 2012 Reuters article referenced in Paragraph 165 of the Complaint.

No. 16: Identify which Plaintiffs' investment advisors, if any, you contend lacked knowledge of the information that you allege was omitted or misrepresented in Facebook's registration statement filed in connection with its IPO. For each such advisor, identify what allegedly omitted or misrepresented information you contend such advisor did not know.

No. 17: State the language that you contend would have adequately disclosed the "two trends" that you allege "were negatively impacting Facebook's revenue" in Paragraph 200 of the Complaint.

No. 18: State whether you contend that NASDAQ's alleged misrepresentations and omissions described in Paragraphs 168 through 218 of the NASDAQ Complaint did not result in price declines of Facebook's common stock from May 21-22, 2012 or otherwise cause you to suffer losses on those dates. If you respond in the affirmative, identify the basis for that response.

No. 19: State whether you contend that the NASDAQ Systems Issues that occurred in connection with the IPO, and are described in Paragraphs 139 through 167 of the NASDAQ Complaint, did not result in price declines of Facebook's common stock from May 21-22, 2012 or otherwise cause you to suffer losses on those dates. If you respond in the affirmative, identify the basis for that response.

Plaintiffs argue that each of the recited interrogatories are contention interrogatories to be dealt with upon the completion of discovery pursuant to Local Civil Rule 33.3.[1] Plaintiffs also submit interrogatories 5, 13, 14, 15, 18, and 19

---

[1] Plaintiffs have agreed to answer interrogatories 9, 16, and 17 once fact discovery is complete. The instant motion to compel therefore concerns only timing.

5

pertain to loss causation, an element on which Defendants bear the burden of proof, and thus they have no obligation to respond.

The motion was heard on submission and deemed fully submitted on May 6, 2012. Discovery was initially scheduled to end on May 31, 2016, but the parties have extended some elements of discovery by agreement.

## II. Plaintiffs Need Not Respond to Contention Interrogatories 9, 16, and 17 After the Close of Other Discovery

Interrogatories number 9, 16, and 17 each demand Plaintiffs articulate their contentions of the law as they apply to the facts of this action. Facebook Defendants' arguments that these are not contention interrogatories is unpersuasive, as each asks Plaintiffs to apply their opinion of the application of relevant law (i.e., what constitutes a material misstatement or omission as in interrogatory number 9, what constitutes the necessary knowledge sufficient to defeat liability as in interrogatory number 16, and what would constitute compliance as in interrogatory number 17). Local Civil Rule 33.3(c) provides:

> At the conclusion of other discovery, and at least 30 days prior to the discovery cut-off date, interrogatories seeking the claims and contentions of the opposing party may be served unless the Court has ordered otherwise.

S.D.N.Y. L. Civ. R. 33.3(c) ("Rule 33"). Unfortunately, the text of Rule 33 has not conclusively resolved disputes over the proper timing of contention interrogatories, and judicial intervention is often required.

Notwithstanding the power to order otherwise, Southern District courts have been generally consistent that the proper understanding of Rule 33 requires contention interrogatories be reserved until after the completion of discovery. See e.g., Erchonia Corp. v. Bissoon, No. 07 CIV. 8696 DLC, 2011 WL 3904600, at *8 (S.D.N.Y. Aug. 26, 2011), aff'd, 458 F. App'x 58 (2d Cir. 2012); Gary Friedrich Enterprises, LLC v. Marvel Enterprises, Inc., No. 08 CIV. 1533 BSJ JCF, 2011 WL 1642381, at *3 (S.D.N.Y. Apr. 26, 2011); Shannon v. New York City Transit Auth., No. 00 CIV. 5079 (RWS), 2001 WL 286727, at *4 (S.D.N.Y. Mar. 22, 2001) (reserving contention interrogatories until conclusion of discovery despite lack of "categorical prohibition"); Tribune Co. v. Purcigliotti, No. 93 Civ. 7222(LAP)(THK), 1997 WL 540810, at *1 (S.D.N.Y. Sept. 3, 1997) ("Local Rule 33.3 anticipates that such interrogatories should generally not be served during the early stages of discovery

and, indeed, courts have discretion to order that such interrogatories not be answered until other discovery is substantially completed." (citing S.D.N.Y. L. Civ. R. 33.3(c); McCarthy v. Paine Webber Group, Inc., 168 F.R.D. 448, 450 (D.Conn.1996))); Roth v. Bank of the Commonwealth, Nos. CIV-79-36E, CIV-76-16E, 1988 WL 43963, at *5 (W.D.N.Y. May 4, 1988))).[2] There is no genuine dispute that, absent exceptional circumstances, Rule 33 firmly reserves service of contention interrogatories until 30 days before the completion of discovery.[3]

---

[2] Facebook Defendants have challenged reliance on Erchonia and Gary Freidrich. Erchonia broadly addressed a notice issue, but also ruled on whether its previous order "that each party should wait to serve their contention interrogatories until after they had completed requesting other discovery" extended the cut-off date for fact discovery. Erchonia, 2011 WL 3904600, at *7-9. Erchonia's earlier ruling, recounted in the cited decision, supports a strict reading of Rule 33(c). With respect to Gary Friedrich, although the ultimate holding did not rely exclusively on the premature nature of the contention interrogatories in question, it did so in part. Gary Friedrich, 2011 WL 1642381, at *3 ("many of the plaintiffs' interrogatories are objectionable either because they are premature contention interrogatories...").

[3] Facebook Defendants have cited Shannon and Tribune Co. as support for their initial position. In Shannon, this Court ordered adherence to Rule 33's timeline. 2001 WL 286727, at *4. In Tribune, the Honorable Loretta A. Preska compelled responses on the basis that discovery was already "near completion" and "likely to be at an end by the time plaintiffs' responses to the interrogatories are due. There is therefore no basis to delay service of the contention interrogatories." Tribune, 1997 WL 540810 at *2.

The character and purpose of contention interrogatories support this conclusion. Contention interrogatories properly serve as tools to streamline litigation. See Ian D. Johnston & Robert G. Johnston, Contention Interrogatories in Federal Court, 148 F.R.D. 441, 443-44 (1993). "If premature, that is, if served before prior discovery has established a reasonable factual predicate, such interrogatories may do more harm than good." 10A Fed. Proc., L. Ed. § 26:584. In keeping with this purpose, courts are reluctant to allow a party to fish for issues (and delay the litigation) by holding a hearing on a motion to compel and subsequently ordering the opposing party to summarize their potential trial via a contention interrogatory response. Id.; 10A Fed. Proc., L. Ed. § 26:584. Contention interrogatories are more appropriately reserved for after discovery so that they may narrow issues already known, thus saving both the parties and the court from inefficiency and unnecessary delay. Id.; see also Erchonia, 2011 WL 3904600, at *8 (citing Kyoei Fire & Marine Ins. Co., Ltd. v. M/V Maritime Antalya, 248 F.R.D. 126, 157 (S.D.N.Y.2007) (citation omitted) (hereinafter "Kyoei Fire")).

By reserving timing of contention interrogatories accordingly, Rule 33 assures that sufficient discovery has been completed such that responses will narrow, not bloom, relevant issues. Fed.R.Civ.P. 33 advisory committee's note, 1970

9

amendment, subdivision (b) ("requests for opinions or contentions ... can be most useful in narrowing and sharpening the issues"). Given the purpose of contention interrogatories and the policy of Rule 33(c), to ensure such responses serve their purpose, the only logical exception to Rule 33(c)'s timeline would be in the rare event that future discovery would be unhelpful or unlikely to elicit issues and establish a necessary factual foundation in that particular litigation. Absent such circumstances, the service of contention interrogatories before the conclusion of other discovery would not allow response to serve the interest of narrowing issues and streamlining litigation.

The current state of the instant action does not demand an exception to the rule that contention interrogatories may not be served before the conclusion of other discovery, particularly the depositions of Facebook and Underwriter employees. As reasoned above, any inability to use responses to contention interrogatories to seek fresh avenues of discovery is not a basis for compulsion, as such a tactic runs contrary to the purpose of contention interrogatories. Accordingly, Defendant's motion to compel and request for an extension of time is denied.

## III. Plaintiffs Need Not Respond to Interrogatories 5, 13, 14, 15, 18, and 19

These interrogatories go to the question of loss causation in this action. Facebook Defendants argue they are entitled to discovery on these questions despite their bearing the burden of proof, for which they cite Maryland Casualty Company v. W.R. Grace & Company-Connecticut. No. 88 CIV. 4337 (JSM), 1995 WL 404829, at *2 (S.D.N.Y. July 6, 1995). In Maryland Casualty, the Court rejected the burden-shifting argument not because the principle had no merit, but because the argument did not apply, holding: "We believe that Grace has entirely mischaracterized the consequences of requiring it to respond to the interrogatories. The issue is not one of burden of proof." Id. at *2. The additional citation to Linde v. Arab Bank, PLC is equally unavailing to support the proposition that Defendants are entitled to contention interrogatory responses on matters which Plaintiff is not required to prove, as a full quotation makes plain:

> Although the defendant has provided no direct support for the proposition that contention interrogatories may only be directed at issues on which the responding party bears the burden of proof, the authorities they have submitted—and the additional authorities reviewed by the court—almost universally involve interrogatories in which the responding party is asked to provide facts and evidence supporting contentions advanced by the party in its pleadings. Several of the plaintiffs' interrogatories are phrased in such a

11

>manner that the defendant's responses—which of course may be introduced in evidence—may be incorrectly construed by a jury as a concession by the defendant on matters that the plaintiffs are required to prove. Thus, although the court does not accept the proposition that contention interrogatories may only explore a party's "contentions" concerning issues on which the party bears the burden of proof, in ruling on various interrogatory responses below, the supplementation that the court requires seeks to address the defendant's concerns.

No. CV-04-2799 NG VVP, 2012 WL 957970, at *2 (E.D.N.Y. Mar. 21, 2012).

Plaintiffs need not develop contentions as to loss causation, which is an affirmative defense. In re Flag Telecom Holdings, Ltd. Sec. Litig., 574 F.3d 29, 35-36 (2d Cir. 2009) ("[U]nder the '33 Act, it is the defendant who bears the burden of demonstrating that something other than the misstatement at issue caused plaintiff's loss."). Loss causation in this exceptionally large securities class action is, of course, a complicated matter, and responses to these contention interrogatories therefore amount to a collection of information akin to Defendants' affirmative defense. It would be inappropriate to require Plaintiffs to devise a theory for an element which is not required for their prima facie case. Defendants' motion to compel is accordingly denied.

**IV.   Individualized Discovery of Absent Class Members Will Be Reserved For a Later Phase of this Litigation**

The December 11, 2015 Class Certification Opinion held that the issue of individualized actual knowledge would be managed post-trial through an individualized phase of litigation. 312 F.R.D. at 351. In light of the principle that "to permit extensive discovery of [absent class members] would defeat the purpose of class actions," individualized discovery of absent class members is inappropriate at this time. See Stinson v. City of New York, No. 10 CIV. 4228 (RWS), 2015 WL 8675360 at *1 (S.D.N.Y. Dec. 11, 2015). Defendants are granted leave to request such discovery after the determination of class-wide issues.

## V. Conclusion

Based on the conclusions set forth above, Defendants' motion to compel is denied. Individualized discovery will not commence at this time.

In light of the confidentiality stipulation and order entered in this case, the parties are directed to jointly submit a redacted version of this opinion to be filed publicly within two weeks of the date of distribution of this opinion.

It is so ordered.

**New York, NY**
**May 10, 2016**

ROBERT W. SWEET
U.S.D.J.