**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE FACEBOOK, INC. IPO SECURITIES AND DERIVATIVE LITIGATION | MDL No. 12-2389 (RWS)<br><br>This document relates to the Consolidated Securities Action: |

| | |
|---|---|
| No. 12-cv-4081 | No. 12-cv-4763 |
| No. 12-cv-4099 | No. 12-cv-4777 |
| No. 12-cv-4131 | No. 12-cv-5511 |
| No. 12-cv-4150 | No. 12-cv-7542 |
| No. 12-cv-4157 | No. 12-cv-7543 |
| No. 12-cv-4184 | No. 12-cv-7544 |
| No. 12-cv-4194 | No. 12-cv-7545 |
| No. 12-cv-4215 | No. 12-cv-7546 |
| No. 12-cv-4252 | No. 12-cv-7547 |
| No. 12-cv-4291 | No. 12-cv-7548 |
| No. 12-cv-4312 | No. 12-cv-7550 |
| No. 12-cv-4332 | No. 12-cv-7551 |
| No. 12-cv-4360 | No. 12-cv-7552 |
| No. 12-cv-4362 | No. 12-cv-7586 |
| No. 12-cv-4551 | No. 12-cv-7587 |
| No. 12-cv-4648 | |

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a consolidated securities class action is pending in this Court in the matter styled *In re Facebook, Inc. IPO Securities & Derivative Litigation*, MDL No. 12-2389 (S.D.N.Y.) (the "Action");

WHEREAS, in an Opinion dated December 11, 2015, this Court certified the Action to proceed as a class action on behalf of (a) all institutional investors that purchased or otherwise acquired Facebook Class A common stock in or traceable to the Company's May 17, 2012 initial public offering ("IPO") during the period May 17, 2012 through May 21, 2012, inclusive (the

"Class Period"), and were damaged thereby (the "Institutional Investor Subclass"); and (b) all retail investors who purchased or otherwise acquired Facebook Class A common stock in or traceable to the Company's IPO during the Class Period, and were damaged thereby (the "Retail Investor Subclass" and, together with the Institutional Investor Subclass, the "Class").[1]

WHEREAS, pursuant to this Court's Order dated June 8, 2016, notice was disseminated to potential members of the Class to notify them of, among other things: (i) the Action pending against Defendants; (ii) the Court's certification of the Action to proceed as a class action on behalf of the Class; and (iii) their right to request to be excluded from the Class, the effect of remaining in the Class or requesting exclusion, and the requirements for requesting exclusion;

WHEREAS, (a) Lead Plaintiffs Arkansas Teacher Retirement System and Fresno County Employees' Retirement Association (collectively, "Lead Plaintiffs"), on behalf of themselves and the other members of the Class, and (b) defendants Facebook, Inc. ("Facebook" or the "Company"); Mark Zuckerberg, Sheryl K. Sandberg, David A. Ebersman, David M. Spillane, Marc L. Andreessen, Erskine B. Bowles, James W. Breyer, Donald E. Graham, Reed Hastings, and Peter A. Thiel (collectively, the "Individual Defendants"); and Morgan Stanley & Co. LLC; J.P. Morgan Securities LLC; Goldman Sachs & Co. LLC (formerly Goldman, Sachs & Co.);

---

[1] The following investors have been previously excluded from the Class by the Court pursuant to its December 11, 2015 Opinion: American Century Investment Management Inc.; Blue Ridge Capital, LLC; Capital Research and Management Company; Chilton Investment Company, LLC; Clovis Capital Management, LP; Columbia Management Investment Advisors, LLC; Fidelity Management and Research Company; Jennison Associates LLC; Ian DelBalso; Kingdon Capital Management, LLC; Loews Corp; Maple Lane Capital, LLC; Schroder Investment Management North America Inc.; Soros Fund Management LLC; Surveyor Capital; T. Rowe Price Distribution Group; Teachers Insurance Annuity Association of America; Turner Investments LP; Weiss Multi-Strategy Advisers LLC; and Wellington Management Company LLP; and any other investors whose shares were purchased on their behalf by any of the excluded investors with full discretionary authority. Also excluded from the Class by definition are (i) Defendants; (ii) present or former executive officers of Facebook and their Immediate Family Members; and (iii) any person or entity that submitted a request for exclusion from the Class as set forth in Appendix 1 to the Stipulation.

Allen & Company LLC; Barclays Capital Inc.; Blaylock Robert Van LLC; BMO Capital Markets Corp.; C.L. King & Associates, Inc.; Cabrera Capital Markets, LLC; CastleOak Securities, L.P.; Citigroup Global Markets Inc.; Cowen and Company, LLC; Credit Suisse Securities (USA) LLC; Deutsche Bank Securities Inc.; E*TRADE Securities LLC; Itau BBA USA Securities, Inc.; Lazard Capital Markets LLC; Lebenthal & Co., LLC; Loop Capital Markets LLC; M.R. Beal & Company; Macquarie Capital (USA) Inc.; Merrill Lynch, Pierce, Fenner & Smith Incorporated; Muriel Siebert & Co., Inc.; Oppenheimer & Co. Inc.; KeyBanc Capital Markets, Inc. (formerly Pacific Crest Securities LLC); Piper Jaffray & Co.; Raymond James & Associates, Inc.; RBC Capital Markets, LLC; Samuel A. Ramirez & Company, Inc.; Stifel, Nicolaus & Company, Incorporated; Wells Fargo Securities, LLC; The Williams Capital Group, L.P.; and William Blair & Company, L.L.C. (collectively, the "Underwriter Defendants" and, together with Facebook and the Individual Defendants, "Defendants," and, together with Lead Plaintiffs, the "Parties") have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated February 26, 2018 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, and approving notice of the Settlement to Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

2.      **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2018 at __:__ _.m. at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007-1312, in Courtroom 18C for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in paragraph 4 of this Order.

3.      The Court may adjourn the Settlement Hearing without further notice to the Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

4.      **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel are hereby authorized to retain A.B. Data, Ltd. (the "Claims Administrator" or "A.B. Data"), which was previously approved by the Court to administer the dissemination of the Class Notice, to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)      not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Settlement Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Settlement Notice Packet"), to be mailed by first-class mail to the members of the Class who may be identified through reasonable effort;

(b)      contemporaneously with the mailing of the Settlement Notice Packet, the Claims Administrator shall cause copies of the Settlement Notice and the Claim Form to be posted on the website developed for this Action, www.FacebookSecuritiesLitigation.com, from which copies of the Settlement Notice and Claim Form can be downloaded;

(c)      not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Settlement Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire* and *CNW Newswire*; and

(d)      not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

5.     **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Settlement Notice, the Claim Form, and the Summary Settlement Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Settlement Notice and Claim Form and the publication of the Summary Settlement Notice in the manner and form set forth in paragraph 4 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1, as amended, and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Settlement Notice and Summary Settlement Notice before they are mailed and published, respectively.

6.     **Nominee Procedures** – In connection with the previous dissemination of Class Notice to members of the Class, brokers and other nominees ("Nominees") were advised that, if they purchased or otherwise acquired Facebook Class A common stock during the Class Period for the beneficial interest of persons or organizations other than themselves, they must either: (a) within seven (7) calendar days of receipt of the Class Mailed Notice, request from A.B. Data sufficient copies of the Class Mailed Notice to forward to all such beneficial owners and within

seven (7) calendar days of receipt of those Class Mailed Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Class Mailed Notice, provide a list of the names and addresses of all such beneficial owners to A.B. Data.

(a)     For Nominees who chose the first option (*i.e.*, elected to mail the Class Mailed Notice directly to beneficial owners), A.B. Data shall forward the same number of Settlement Notice Packets to such Nominees, and the Nominees shall, within ten (10) business days of receipt of the Settlement Notice Packets, mail the Settlement Notice Packets to their beneficial owners;

(b)     For Nominees who chose the second option (*i.e.*, provided a list of names and addresses of beneficial holders to A.B. Data), A.B. Data shall promptly mail a copy of the Settlement Notice Packet to each of the beneficial owners whose names and addresses the Nominee previously supplied.  Unless the Nominee purchased or acquired Facebook Class A common stock during the Class Period for beneficial owners whose names and addresses were not previously provided to A.B. Data, such Nominees need not take any further action;

(c)     For Nominees that purchased or acquired Facebook Class A common stock during the Class Period for beneficial owners whose information was not previously provided to A.B. Data, such Nominees shall within ten (10) business days of receipt of the Settlement Notice, provide a list of the names and addresses of all such beneficial owners to A.B. Data, or shall request from A.B. Data sufficient copies of the Settlement Notice Packet to forward to all such beneficial owners which the Nominee shall, within ten (10) business days of receipt of the Settlement Notice Packets from A.B. Data, mail to the beneficial owners; and

(d)     Upon full and timely compliance with this Order, Nominees who mail the Settlement Notice Packets to beneficial owners may seek reimbursement of their reasonable

expenses actually incurred in complying with this Order by providing A.B. Data with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by Nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

7.      **Participation in the Settlement** – Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at their discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

8.      Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Class Member must be included in the Claim Form

8

to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

9.      Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 7 above.

10.      **No Second Opportunity to Request Exclusion From the Class** – In light of the extensive notice program undertaken in connection with class certification and the ample opportunity provided to Class Members to request exclusion from the Class at that time, the Court is exercising its discretion in accordance with Second Circuit precedent (*see, e.g.*, *Denney v. Deutsche Bank AG*, 443 F.3d 253, 271 (2d Cir. 2006) and *Wal-Mart Stores, Inc.* v. *Visa U.S.A., Inc.*, 396 F.3d 96, 114-15 (2d Cir. 2005)) to preclude Class Members from having a second opportunity to exclude themselves from the Class in connection with the Settlement proceedings.

11.     **<u>Appearance and Objections at Settlement Hearing</u>** – Any Class Member may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 12 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Class Member who does not enter an appearance will be represented by Lead Counsel.

12.     Any Class Member may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of any aspect of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

|  <u>Lead Counsel</u>  |  <u>Defendants' Counsel</u>  |
| :---: | :---: |
| Bernstein Litowitz Berger & Grossmann LLP | Latham & Watkins LLP |
| John Rizio-Hamilton | Andrew Clubok |
| 1251 Avenue of the Americas | 555 Eleventh Street, NW |
| New York, NY  10020 | Suite 1000 |
| | Washington, DC 20004-1304 |
| | |
| Labaton Sucharow LLP | Davis Polk & Wardwell LLP |

James W. Johnson                           James P. Rouhandeh
140 Broadway                               450 Lexington Avenue
New York, NY 10005                         New York, NY 10017

13.     Any objections, filings and other submissions by the objecting Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Class, including the number of shares of Facebook Class A common stock that the objector purchased/acquired and/or sold during the Class Period, as well as the number of shares, dates, and prices for each such purchase, acquisition and sale.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

14.     Any Class Member that does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

15.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiffs, and all other members of the Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

16.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

17.     **Settlement Fund** – The contents of the Settlement Fund held by Citibank, N.A. (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

18.     **Taxes** – Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

19.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Class Members, and Defendants, and the Parties shall

revert to their respective positions in the Action as of immediately prior to the execution of the Term Sheet on January 12, 2018, as provided in the Stipulation.

20.     **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):  (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be

necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

21.     **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

22.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2018.


_____
The Honorable Robert W. Sweet
United States District Judge

# Exhibit 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE FACEBOOK, INC. IPO SECURITIES AND DERIVATIVE LITIGATION | MDL No. 12-2389 (RWS)<br><br>This document relates to the Consolidated Securities Action: |

| | |
|---|---|
| No. 12-cv-4081 | No. 12-cv-4763 |
| No. 12-cv-4099 | No. 12-cv-4777 |
| No. 12-cv-4131 | No. 12-cv-5511 |
| No. 12-cv-4150 | No. 12-cv-7542 |
| No. 12-cv-4157 | No. 12-cv-7543 |
| No. 12-cv-4184 | No. 12-cv-7544 |
| No. 12-cv-4194 | No. 12-cv-7545 |
| No. 12-cv-4215 | No. 12-cv-7546 |
| No. 12-cv-4252 | No. 12-cv-7547 |
| No. 12-cv-4291 | No. 12-cv-7548 |
| No. 12-cv-4312 | No. 12-cv-7550 |
| No. 12-cv-4332 | No. 12-cv-7551 |
| No. 12-cv-4360 | No. 12-cv-7552 |
| No. 12-cv-4362 | No. 12-cv-7586 |
| No. 12-cv-4551 | No. 12-cv-7587 |
| No. 12-cv-4648 | |

**NOTICE OF (I) PROPOSED SETTLEMENT AND PLAN OF ALLOCATION;**
**(II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD**
**OF ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TO:**  **All persons and entities who purchased or otherwise acquired Class A common stock of Facebook, Inc. ("Facebook" or the "Company") in or traceable to Facebook's May 17, 2012 initial public offering ("IPO") during the period from May 17, 2012 through May 21, 2012, inclusive (the "Class Period"), and were damaged thereby (the "Class").**

*A Federal Court authorized this notice.  This is not a solicitation from a lawyer.*

**Une traduction française de cet avis est disponible sur www.FacebookSecuritiesLitigation.com.**

**NOTICE OF SETTLEMENT:**  This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York ("Court"). Please be advised that Lead Plaintiffs Arkansas Teacher Retirement System and Fresno County Employees' Retirement Association ("Lead Plaintiffs"), on behalf of themselves and the Court-certified Class (as defined in

¶¶ 34-38 below), have reached a proposed settlement of the above-captioned securities class action lawsuit ("Action") for a total of $35,000,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement"). The terms and provisions of the Settlement are contained in the Stipulation and Agreement of Settlement dated February 26, 2018 (the "Stipulation").[1]

This notice is directed to you in the belief that you may be a member of the Class. If you do not meet the Class definition, or if you previously excluded yourself from the Class in connection with the Notice of Pendency of Class Action that was mailed to potential Class Members beginning in August 2016 (the "Class Notice") and are listed on Appendix 1 to the Stipulation, this notice does not apply to you.

**PLEASE READ THIS NOTICE CAREFULLY. This notice explains important rights that you may have, including the possible receipt of cash from the Settlement. If you are a member of the Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Clerk's office, Facebook, any other Defendants, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 92 below).**

1. **Description of the Action and the Class**: This notice relates to a proposed Settlement of claims in a pending securities class action brought against Facebook; certain officers and directors of Facebook (the "Individual Defendants");[2] and the underwriters of Facebook's IPO (the "Underwriter Defendants")[3] (collectively, the "Defendants") by persons and entities who purchased Facebook Class A common stock ("Facebook Common Stock") from May 17, 2012 through May 21, 2012. The Action alleges that the offering materials for Facebook's May 12, 2012 IPO were false and misleading because Facebook did not disclose that, prior to the IPO, it had learned that a trend of increasing mobile usage had negatively impacted Facebook's advertising business, and, as a result, it had cut its revenue estimates for the second quarter of 2012 and full year 2012. The Action alleges that Defendants are liable for these allegedly false and misleading statements under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act"). Defendants expressly deny any and all allegations of fault, liability, wrongdoing or damages whatsoever. A more detailed description of the Action is set forth in ¶¶ 11-33 below. If the Court approves the proposed Settlement, the Action will be dismissed and members of the Class (defined in ¶¶ 34-38 below) will settle and release all Released Plaintiffs' Claims (defined in ¶ 46 below) against Defendants and the other Defendants' Releasees (defined in ¶ 47 below).

**Please Note**: A different class action relating to Facebook's May 17, 2012 IPO was brought against the NASDAQ stock market and certain related parties in 2012 and was settled in 2015. This notice concerns a

---

[1] The Stipulation can be viewed at www.FacebookSecuritiesLitigation.com. Any capitalized terms used in this Settlement Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

[2] The "Individual Defendants" are Mark Zuckerberg, Sheryl K. Sandberg, David A. Ebersman, David M. Spillane, Marc L. Andreessen, Erskine B. Bowles, James W. Breyer, Donald E. Graham, Reed Hastings, and Peter A. Thiel.

[3] The "Underwriter Defendants" are Morgan Stanley & Co. LLC; J.P. Morgan Securities LLC; Goldman Sachs & Co. LLC (formerly Goldman, Sachs & Co.); Allen & Company LLC; Barclays Capital Inc.; Blaylock Robert Van LLC; BMO Capital Markets Corp.; C.L. King & Associates, Inc.; Cabrera Capital Markets, LLC; CastleOak Securities, L.P.; Citigroup Global Markets Inc.; Cowen and Company, LLC; Credit Suisse Securities (USA) LLC; Deutsche Bank Securities Inc.; E*TRADE Securities LLC; Itau BBA USA Securities, Inc.; Lazard Capital Markets LLC; Lebenthal & Co., LLC; Loop Capital Markets LLC; M.R. Beal & Company; Macquarie Capital (USA) Inc.; Merrill Lynch, Pierce, Fenner & Smith Incorporated; Muriel Siebert & Co., Inc.; Oppenheimer & Co. Inc.; KeyBanc Capital Markets, Inc. (formerly Pacific Crest Securities LLC); Piper Jaffray & Co.; Raymond James & Associates, Inc.; RBC Capital Markets, LLC; Samuel A. Ramirez & Company, Inc.; Stifel, Nicolaus & Company, Incorporated; Wells Fargo Securities, LLC; The Williams Capital Group, L.P.; and William Blair & Company, L.L.C.

separate Action against different Defendants involving different claims and your ability to participate in this Settlement is not affected in any way by whether or not you were a member of the NASDAQ action class or whether you participated in the NASDAQ settlement.

2.  **Statement of the Class's Recovery:**  Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Class, have agreed to settle the Action in exchange for a settlement payment of $35,000,000 in cash (the "Settlement Amount").  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (i) any Taxes, (ii) any Notice and Administration Costs, (iii) any Litigation Expenses awarded by the Court, (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Class.  The proposed plan of allocation (the "Plan of Allocation") is set forth on pages __-__ below.

3.  **Estimate of Average Amount of Recovery Per Share:**  Based on Lead Plaintiffs' damages expert's estimates of the number of shares of Facebook Common Stock purchased during the Class Period that may have been affected by the conduct alleged in the Action and assuming that all Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) is $0.11 per eligible share.  **Class Members should note, however, that the foregoing average recovery per share is only an estimate.**  Some Class Members may recover more or less than this estimated amount depending on, among other factors, the dates and prices at which they purchased and sold their Facebook common stock, whether they are a retail investor or an institutional investor, and the total number and value of valid Claims submitted.  Distributions to Class Members will be made based on the Plan of Allocation set forth herein (*see* pages __-__ below) or such other plan of allocation as may be ordered by the Court.

4.  **Average Amount of Damages Per Share:**  The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Action.  Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Class as a result of their conduct.

5.  **Attorneys' Fees and Expenses Sought:**  Lead Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception in 2012, have not received any payment of attorneys' fees for their representation of the Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action.  Court-appointed Lead Counsel – Bernstein Litowitz Berger & Grossmann LLP and Labaton Sucharow LLP – will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund.  In addition, Lead Counsel will apply for payment of Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the claims against the Defendants, in an amount not to exceed $5.6 million, which amount may include an application for the reasonable costs and expenses incurred by Class Representatives directly related to their representation of the Class.  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.  Estimates of the average cost per affected share of Facebook common stock, if the Court approves Lead Counsel's fee and expense application, is $0.04 per share.  **Please note that this amount is only an estimate.**

6.  **Identification of Attorneys' Representatives and Further Information:**  Lead Plaintiffs and the Class are represented by John Rizio-Hamilton, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, 44th Floor, New York, NY  10020, (800) 380-8496, blbg@blbglaw.com and James W. Johnson, Esq.  of Labaton Sucharow LLP, 140 Broadway, New York, NY 10005, (888) 219-6877, settlementquestions@labaton.com.  Further information regarding the Action, the Settlement, and this notice may be obtained by contacting Lead Counsel, or the Court-appointed Claims Administrator at:  *Facebook*

*Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173007, Milwaukee, WI 83217, (866) 963-9974, www.FacebookSecuritiesLitigation.com.

7.    **Reasons for the Settlement:**  Lead Plaintiffs' principal reason for entering into the Settlement is the substantial certain cash benefit for the Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after the resolution of pending motions for summary judgment, a trial of the Action and the likely appeals that would follow the trial.  This process could last several additional years.  Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement to eliminate the uncertainty, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN _____, 2018.** | This is the only way to be eligible to receive a payment from the Settlement Fund. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2018.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Class Member. |
| **GO TO A HEARING ON _____, 2018 AT \_\_:\_\_ \_\_.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2018.** | Filing a notice of intention to appear by _____, 2018, with your written objection, allows you to speak in Court, at the discretion of the Court, about your objection. You do not have to attend the hearing in order for the Court to consider your objection. |
| **DO NOTHING.** | If you are a member of the Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

**The rights and options set forth above -- and the deadlines to exercise them -- are explained in this notice.**

**If you are a Class Member and wish to be eligible to receive a payment under the proposed Settlement or to object to the proposed Settlement, you must take the necessary actions as described in this notice, regardless of whether you are a plaintiff or member of a putative class in any proceeding in any other jurisdiction in the world.  As a Class Member in this Action, you will be bound by any judgments or orders entered by the Court in the Action, including any releases.**

| WHAT THIS NOTICE CONTAINS | |
| --- | --- |

| | |
| --- | --- |
| Why Did I Get This Notice? | Page __ |
| What Is This Case About? | Page __ |
| How Do I Know If I Am Affected By The Settlement? | |
|     Who Is Included In The Class? | Page __ |
| What Are Lead Plaintiffs' Reasons For The Settlement? | Page __ |
| What Might Happen If There Were No Settlement? | Page __ |
| How Are Class Members Affected By The Settlement? | Page __ |
| How Do I Participate In The Settlement? | |
|     What Do I Need To Do? | Page __ |
| How Much Will My Payment Be? | |
|     What Is The Proposed Plan of Allocation? | Page __ |
| What Payment Are The Attorneys For The Class Seeking? | |
|     How Will The Lawyers Be Paid? | Page __ |
| When And Where Will The Court Decide Whether To Approve The Settlement? | |
|     Do I Have To Come To The Hearing? | |
|     May I Speak At The Hearing If I Don't Like The Settlement? | Page __ |
| What If I Purchased Facebook Shares On Someone Else's Behalf? | Page __ |
| Can I See The Court File?  Whom Should I Contact If I Have Questions? | Page __ |

| WHY DID I GET THIS NOTICE? | |
| --- | --- |

8.     The Court directed that this notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or acquired Facebook Common Stock during the Class Period.  The Court has directed Lead Plaintiffs to send you this notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this Settlement will affect your legal rights.  If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.  Please be patient, as this process can take some time to complete.

9.     The purpose of this notice is to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and Litigation Expenses (the "Settlement Hearing").  *See* ¶ 80 below for details about the Settlement Hearing, including the date and location of the hearing.

10.   The issuance of this notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.

| WHAT IS THIS CASE ABOUT? |
|:---:|

11.   Facebook is a worldwide online social networking company.  On May 17, 2012, Facebook conducted an initial public offering, selling more than 421 million shares of common stock at $38 per share and raising $16 billion from investors.

12.   Beginning on May 22, 2012, numerous putative securities class actions were filed against Defendants in various state and federal courts.  On October 4, 2012, the United States Judicial Panel on Multidistrict Litigation ordered the actions be transferred to the United States District Court for the Southern District of New York ("Court").

13.   On December 6, 2012, the Court entered an Order consolidating the putative class actions and appointing Arkansas Teacher Retirement System ("Arkansas Teacher"), Fresno County Employees' Retirement Association ("Fresno"), the North Carolina Department of State Treasurer on behalf of the North Carolina Retirement Systems ("North Carolina DST"), and Banyan Capital Master Fund Ltd. ("Banyan"), as lead plaintiffs for the Action pursuant to the Private Securities Litigation Reform Act of 1995.  In the same Order, the Court approved the selection of Bernstein Litowitz Berger & Grossmann LLP and Labaton Sucharow LLP as Lead Counsel for the proposed class.

14.   On February 28, 2013, Arkansas Teacher, Fresno, North Carolina DST, and Banyan, as well as named plaintiffs Jose G. Galvan and Mary Jane Lule Galvan, filed the Consolidated Class Action Complaint (the "Complaint") asserting claims under Sections 11, 12(a)(2), and 15 of the Securities Act.  The Complaint alleges, among other things, that Facebook did not disclose, that prior to the May 17, 2012 IPO, Facebook learned that a trend of increasing mobile usage had negatively impacted Facebook's advertising business, and that, as a result, the Company cut its revenue estimates for the second quarter of 2012 (the quarter in which Facebook was going public) and the full year.  The Complaint further alleges that, rather than disclosing these facts, on May 9, 2012, Facebook filed an amended Registration Statement in which it represented that mobile usage "may" impact the Company's revenues even though the trend had already had a negative impact on the Company's revenues.  The Complaint further alleges that the price of Facebook's common stock declined following news reports published after the close of trading on May 18, 2012 and before the opening of trading on May 22, 2012.

15.   On April 30, 2013, Defendants moved to dismiss the Complaint.  The Court issued an Opinion and Order on December 12, 2013 denying Defendants' motion to dismiss.  On January 10, 2014, Defendants moved to amend and certify the Order denying their motion to dismiss for interlocutory appeal.  The Court denied that motion on March 13, 2014.

16.   On May 9, 2014, Defendants answered the Complaint.

17.   On December 23, 2014, Arkansas Teacher, Fresno, North Carolina DST Jose G. Galvan, Mary Jane Lule Galvan, Eric Rand, Paul Melton, Lynn Melton, and Sharon Morley filed a motion for class certification.  In connection with the class certification motion, the Parties conducted 16 depositions, including five depositions taken by Lead Counsel and 11 taken by Defendants' Counsel.  Plaintiffs submitted an expert report and Defendants submitted two expert reports on issues pertaining to class certification.  Following briefing on the motion and oral argument held on October 7, 2015, the Court issued an Opinion dated December 11, 2015 that granted the class certification motion, appointed the Class Representatives and North Carolina DST as representatives of the Class, and appointed Bernstein Litowitz and Labaton Sucharow as Class Counsel.[4]

---

[4] Although Banyan had previously been appointed as one of the lead plaintiffs, Banyan was not put forward as a class representative in the December 23, 2014 motion, and is no longer acting as co-lead plaintiff in the Action.

18.   On August 19, 2015, the Class Representatives filed an objection to the terms of the settlement of a separate class action brought against the NASDAQ stock market and certain related parties in order to ensure that the settlement of the NASDAQ action would not unfairly impact this Action.   Specifically, Class Representatives sought to ensure that the judgment-reduction provision included in the NASDAQ settlement would reduce any judgment obtained in this Action only to the extent that the amount received in the NASDAQ settlement and any judgment ultimately obtained in this Action were for "common damages."   In its November 9, 2015 Opinion approving the NASDAQ settlement, the Court accepted Class Representatives' argument and entered the judgment in that case with the "common damages" limitation.   Defendants appealed that decision and, following full briefing and oral argument, on December 27, 2016, the Court of Appeals for the Second Circuit affirmed the Court's decision.

19.   On June 8, 2016, the Court entered an Order approving notice to be disseminated to potential members of the Class to notify them of, among other things: (i) the Action pending against Defendants; (ii) the Court's certification of the Action to proceed as a class action on behalf of the Class; and (iii) their right to request to be excluded from the Class, the effect of remaining in the Class or requesting exclusion, and the requirements for requesting exclusion.

20.   Pursuant to the Court's June 8, 2016 Order, Class Mailed Notice was mailed to potential Class Members beginning on August 4, 2016.   A total of more than one million copies of the Class Mailed Notice were mailed to potential Class Members.   In addition, a more detailed Notice of Pendency of Class Action was made available to potential Class Members on a website developed for the Action and a publication notice of the pendency of the class action was published and released over the *PR Newswire* in August 2016.

21.   The Class Mailed Notice provided Class Members with the opportunity to request exclusion from the Class, explained that right, and set forth procedures for doing so.   The Class Mailed Notice also informed Class Members that if they chose to remain a member of the Class, they would "be bound by all orders, whether favorable or unfavorable, that the Court enters in this case."   The deadline for mailing any requests for exclusion from the Class was October 3, 2016.   148 requests for exclusion from the Class were received in connection with the dissemination of the Class Notice, as set forth on Appendix 1 to the Stipulation.

22.   On June 9, 2016, the Underwriter Defendants moved for clarification of the Court's June 8, 2016 Order.   After letter briefing and oral argument, the Court ordered on June 27, 2016 that the names and addresses of investors to be provided to the Administrator for purposes of mailing notice to them would not be subject to discovery without further order of the Court.

23.   Plaintiffs and Defendants completed extensive fact and expert discovery in the Action.   The Parties conducted 37 depositions (in addition to the 16 conducted in connection with class certification), which included Lead Counsel taking the depositions of 17 fact witness, six Defendants' expert witnesses and one third-party witness and Defendants' deposition of eight third-party witnesses and Plaintiffs' five expert witnesses.   The Parties also exchanged numerous requests for documents, which resulted in the production of more than 1.5 million pages of documents by Defendants and third parties.   During both class and fact discovery, Plaintiffs submitted a total of 11 opening and rebuttal expert reports from five different experts and Defendants submitted 14 opening and rebuttal expert reports from seven different experts in total, all of whom were deposed.

24.   The Parties also litigated several discovery motions, including an April 2016 motion by the Facebook Defendants to compel Plaintiffs to respond to contention interrogatories, which was denied by the Court in July

---

In addition, on November 9, 2016, the parties stipulated that North Carolina DST voluntarily withdrew from this Action as co-lead plaintiff and class representative and relinquished its right to opt out of this Action or bring a related action, while retaining its rights as an absent Class Member.

2016; and a February 2017 motion by Defendants for additional time to depose Plaintiffs' expert James Miller, which the Court granted in March 2017.

25.    On April 13 and 14, 2017, Defendants filed four motions for summary judgment.  Among other arguments, Defendants claimed that Facebook had accurately described their business and the trends affecting it, and had clearly outlined the risks associated with mobile advertising in the Registration Statement. Defendants also argued that Facebook's revenues were not materially negatively affected by mobile advertising, as their actual revenues in 2012 were in line with estimates they had shared with analysts. Plaintiffs filed their opposition to these motions on June 8, 2017; Defendants filed their replies in support of their motions on July 20, 2017; and the Court heard oral argument on the motions on August 9, 2017.

26.    On April 27, 2017, Defendants filed seven *Daubert* motions seeking to exclude expert testimony proffered by Plaintiffs, and Plaintiffs filed an omnibus *Daubert* motion seeking to exclude expert testimony proffered by Defendants.  Each side filed its opposition to the other side's *Daubert* motions on June 15, 2017, and its replies in support of its own *Daubert* motions on August 1, 2017.  The Court heard oral argument on these motions on August 16 and 22, 2017.

27.    On September 29, 2017, Plaintiffs moved to bifurcate the trial of this Action. Defendants filed their opposition to this motion on October 27, 2017; Plaintiffs filed their reply in support of the motion on November 10, 2017; the Court heard oral argument on the motion on November 16, 2017; and both Plaintiffs and Defendants submitted letters to the Court supplementing their arguments on December 22, 2017.

28.    The motions for summary judgment, the *Daubert* motions, and the motion to bifurcate were pending before the Court when the parties reached their agreement in principle to settle the Action.

29.    On October 4, 2017, Plaintiffs moved to unseal the Facebook Defendants' filings in support of and in opposition to Defendants' motions for summary judgment. The Parties then reached an agreement concerning the public filing of these papers with limited redactions, and Plaintiffs withdrew this motion on October 20, 2017.

30.    On April 6, 2017, the Court scheduled a trial in this Action to start on October 23, 2017.  On September 29, 2017, the Court rescheduled the trial to start on February 26, 2018.  In accordance with this schedule, the Parties conducted extensive trial preparation from September through December 2017 before reaching an agreement in principle to settle the Action. This pre-trial preparation included (i) exchanging the Parties' trial exhibit lists, proposed stipulations of fact and law, and proposed requests for judicial notice; (ii) exchanging Plaintiffs' statement of subject-matter jurisdiction and Defendants' response; (iii) exchanging the Parties' lists of anticipated pretrial motions, objections and counter-designations to deposition designations, and consents and objections to witness lists; (iv) exchanging their identification of trial counsel, estimated length of trial, and lists of claims and defenses to be tried and previously asserted claims and defenses not to be tried; (v) exchanging counter-counter deposition designations for witnesses not expected to testify in person at trial, and objections to counter deposition designations disclosed for the first time on December 13, 2017; consent/objections to stipulated facts; consent/objections to agreed statements of law, and consent/objections to requests for judicial notice.

31.    The Parties reached an agreement in principle to settle the Action that was memorialized in a term sheet (the "Term Sheet") executed on January 12, 2018.

32.    On February 26, 2018, the Parties entered into the Stipulation, which sets forth the full terms and conditions of the Settlement.  The Stipulation can be viewed at www.FacebookSecuritiesLitigation.com.

33.    On _____, 2018, the Court preliminarily approved the Settlement, authorized this notice to be disseminated to potential Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval of the Settlement.

| HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? |
| :---: |
| WHO IS INCLUDED IN THE CLASS? |

34.   If you are a member of the Class who has not previously sought exclusion from the Class in connection with the Class Notice, you are subject to the Settlement.  The Class certified by the Court in its Opinion dated December 11, 2015 consists of the following two "Subclasses":

(i)     All institutional investors that purchased or otherwise acquired Facebook Class A common stock in or traceable to the Company's IPO between May 17 and 21, 2012, inclusive, and were damaged thereby (the "Institutional Investor Subclass"); and

(ii)    All retail investors who purchased or otherwise acquired Facebook Class A common stock in or traceable to the Company's IPO between May 17 and 21, 2012, inclusive, and were damaged thereby (the "Retail Investor Subclass").

The Subclasses are collectively referred to as the "Class."

35.   You are a member of the **Institutional Investor Subclass** if (i) you were allocated Facebook Common Stock in the Company's IPO and are listed on the underwriters' final allocation list of institutional investors, (ii) you purchased Facebook Common Stock in the secondary market and are classified as an institutional investor under Financial Industry Regulatory Authority Rules 2210 and 4512,[5] or (iii) your institutional investment advisor purchased your Facebook Common Stock for you with full discretionary authority.

36.   You are a member of the **Retail Investor Subclass** if you are not otherwise classified as an institutional investor and (i) you were allocated Facebook Common Stock in the Company's IPO and are listed on the underwriters' final allocation list of retail investors, or (ii) you purchased Facebook Common Stock in the secondary market and are classified as a retail investor under Financial Industry Regulatory Authority Rules 2210 and 4512.

37.   You were not "damaged thereby" (and, therefore, not a member of the Class) if you sold all of the Facebook Common Stock that you purchased or otherwise acquired from May 17 through May 21, 2012, inclusive, either (1) at a profit or (2) before the stock market closed on May 18, 2012.

38.   Excluded from the Class by definition are:

Defendants; present or former executive officers of Facebook and their immediate family members; and the following investors: American Century Investment Management Inc.; Blue Ridge Capital, LLC; Capital Research and Management Company; Chilton Investment Company, LLC; Clovis Capital Management, LP; Columbia Management Investment Advisors, LLC; Fidelity Management and Research Company; Jennison Associates LLC; Ian DelBalso; Kingdon Capital Management, LLC; Loews Corp; Maple Lane Capital, LLC; Schroder Investment Management North America Inc.; Soros Fund Management LLC; Surveyor Capital; T. Rowe Price Distribution Group; Teachers Insurance Annuity Association of America; Turner Investments LP; Weiss Multi-Strategy Advisers LLC; Wellington Management Company LLP;

---

[5] Under Financial Industry Regulatory Authority Rules 2210 and 4512, an "institutional investor" generally includes entities such as banks, savings and loan associations, insurance companies, registered investment companies, governmental entities or subdivisions thereof, and certain employee benefit plans; investment advisors registered with the SEC or a state securities commission; or any other person (whether a natural person, corporation, partnership, trust or otherwise) with total assets of at least $50 million.

and any other investors whose  shares were purchased on their behalf by any of the excluded investors with full discretionary authority.

Also excluded from the Class are any persons that previously submitted a request for exclusion in connection with the Class Notice as set forth on Appendix 1 of the Stipulation.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

**IF YOU ARE A CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____, 2018.**

| WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT? |
| --- |

39.   Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability at trial.  For example, Defendants had contended and would continue to argue that the Offering Materials for Facebook's IPO did not contain any actionable false statements or omissions because (i) the Offering Materials repeatedly disclosed the possible risks of increasing mobile usage on Facebook's revenue; (ii) Facebook's statement that increased mobile usage "may" harm future revenue did not imply that the trend was not already affecting revenues; (iii) Plaintiffs could not prove that mobile usage had had any material impact on Facebook's revenues at the time the statements were made; and (iv) Facebook had no obligation to update its disclosures based on interim results unless they showed an extreme departure from the results for the last reported quarter.  Defendants would also argue that any alleged misstatements or omissions, including Facebook's updated revenue estimates, were not material.  Defendants also argued that many members of the Class, including thousands of institutional investors, had knowledge of Facebook's revised revenue estimates prior to the IPO.  Finally, Defendants contended that the disclosure of alleged misstatements or omissions did not cause the drop in the price of Facebook common stock following the IPO, pointing to the fact that (i) many Class Members were already aware of the allegedly undisclosed information; (ii) the news articles that Plaintiffs alleged disclosed the misstatements only repeated previously published information; and (iii) that other factors, including significant problems with NASDAQ's systems following the IPO, were the actual cause of the price declines.  Thus, there were very significant risks attendant to the continued prosecution of the Action through trial, obtaining a verdict at trial, and sustaining any verdict on appeal.

40.   In light of these risks, the amount of the Settlement, and the certainty of recovery to the Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class.  Lead Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Class, namely $35,000,000 in cash (less the various deductions described in this notice), as compared to the risk that the claims in the Action would produce a smaller, or zero, recovery after trial and appeals, possibly years in the future.

41.   Defendants have denied all claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever.  Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.  Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

| WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT? |
|---|

42.   If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses at trial or on appeal, the Class could recover less than the amount provided in the Settlement, or nothing at all.

| HOW ARE CLASS MEMBERS AFFECTED BY THE SETTLEMENT? |
|---|

43.   As a Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page __ below.

44.   If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, and if you did not previously exclude yourself from the Class in connection with Class Notice (as listed on Appendix 1 to the Stipulation), you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page __ below.

45.   If you are a Class Member you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Class Representatives and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 46 below) against Defendants and the other Defendants' Releasees (as defined in ¶ 47 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

46.   "Released Plaintiffs' Claims" means all claims, demands, losses, rights, and causes of action of any nature and description whatsoever, whether known claims or Unknown Claims, that have been or could have been asserted in this Action or could in the future be asserted in any forum, whether foreign or domestic, whether arising under federal, state, common, or foreign law, by Class Representatives, any member of the Class, or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, whether brought directly or indirectly against any of the Defendants' Releasees, which (a) arise out of, are based upon, or relate in any way to any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to, in the Action, or which could have been alleged in this Action, and (b) arise out of, are based upon, or relate to in any way the purchase, acquisition, holding, sale, or disposition of any Facebook securities during the Class Period.  Released Plaintiffs' Claims do not include (i) any claims of any person or entity that previously submitted a request for exclusion from the Class as set forth on Appendix 1 to the Stipulation and (ii) any claims relating to the enforcement of the Settlement.

47.   "Defendants' Releasees" means (i) Defendants, (ii) Defendants' present and former parents, subsidiaries, affiliates, predecessors, successors, joint ventures, assigns, and any entities in which any Defendant has or had a controlling interest, (iii) any Immediate Family Members of any Individual Defendant,

(iv) any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or Immediate Family Member of any Individual Defendant, and (v) each of the respective officers, directors, employees, partners, controlling shareholders, principals, trustees, attorneys, auditors, accountants, investment bankers, underwriters, consultants, agents, insurers, re-insurers, estates, related or affiliated entities, heirs, executors, administrators, predecessors, successors and assigns of the foregoing, in their capacities as such.

48.    "Unknown Claims" means any claims, demands, losses, rights, and causes of action of any nature and description which any Lead Plaintiff or any other Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any claims, demands, losses, rights, and causes of action of any nature and description which any Defendant does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiffs and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

49.    The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in ¶ 50 below) against Class Representatives and the other Plaintiffs' Releasees (as defined in ¶ 51 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.  This Release shall not apply to any person or entity who previously submitted a request for exclusion from the Class in connection with the Class Notice as set forth on Appendix 1 to the Stipulation.

50.    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants.  Released Defendants' Claims do not include (i) any claims against any person or entity that previously submitted a request for exclusion from the Class as set forth on Appendix 1 to the Stipulation and (ii) any claims relating to the enforcement of the Settlement.

51.    "Plaintiffs' Releasees" means Lead Plaintiffs, Class Representatives, all current and former lead plaintiffs, named plaintiffs or class representatives in the Action, their respective attorneys, and all other Class Members, and each of the heirs, executors, administrators, predecessors, successors and assigns of the foregoing, in their capacities as such.

---

**HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?**

---

52.    To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked**

**no later than _____, 2018**.  A Claim Form is included with this notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.FacebookSecuritiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at (866) 963-9974.  Please retain all records of your ownership of and transactions in Facebook common stock, as they may be needed to document your Claim.  If you previously requested exclusion from the Class in connection with Class Notice or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

| HOW MUCH WILL MY PAYMENT BE? |
| --- |

53.  At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

54.  Pursuant to the Settlement, Facebook will pay thirty-five million dollars ($35,000,000) in cash, which will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (i) all federal, state, and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants), (ii) the Notice and Administration Costs, (iii) any attorneys' fees and Litigation Expenses awarded by the Court, and (iv) any other costs or fees approved by the Court) will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

55.  The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

56.  Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

57.  Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

58.  Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form postmarked on or before _____, 2018 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Class Member and be subject to the provisions of the Settlement, including the terms of any Judgment entered and the releases given.

59.  Participants in and beneficiaries of any Facebook employee retirement and/or benefit plan ("Facebook Employee Plan") should NOT include any information relating to shares of Facebook common stock sold through a Facebook Employee Plan in any Claim Form they submit in this Action.  They should include ONLY those shares of Facebook common stock purchased or acquired during the Class Period *outside* a Facebook Employee Plan.  Claims based on any Facebook Employee Plan(s)' purchases or acquisitions of eligible Facebook Common Stock during the Class Period may be made by the Facebook Employee Plan(s)' trustees.  To the extent any of the Defendants or any of the other persons or entities excluded from the Class are participants in a Facebook Employee Plan(s), such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by such Facebook Employee Plan(s).

60.   The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

61.   Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

62.   Only Class Members or persons authorized to submit a Claim on their behalf will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Class by definition or that previously excluded themselves from the Class pursuant to request in connection with the Class Notice will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

## PROPOSED PLAN OF ALLOCATION

63.   The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Class Members who suffered economic losses as a proximate result of the alleged wrongdoing.  The Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

64.   Lead Counsel developed the Plan of Allocation in consultation with Lead Plaintiffs' damages experts. The formula for calculating Recognized Loss Amounts under the Plan of Allocation is generally based on the statutory formula for claims under Section 11 of the Securities Act.  That formula calculates damages as the difference between (1) the purchase price (or the price at which the securities were initially offered if such price is lower than the purchase price), and (2) the sale price (or, if sold after the initial lawsuit was brought, the value at the time the suit was filed if such price is greater than the sale price).  In addition, under the Plan of Allocation there is no recovery for shares sold before the close of trading on May 18, 2012, because the first public disclosure of information that was alleged to have revealed that statements in Facebook's IPO offering materials were false and misleading, causing the price to drop, did not occur until after the close of trading on May 18, 2012.

65.   The only eligible security under the Plan of Allocation is Facebook Class A common stock ("Facebook Common Stock").  To be eligible, you must have purchased Facebook Common Stock from May 17, 2012 through and including the close of trading on May 21, 2012 (the "Class Period"), whether directly in Facebook's IPO or in the secondary market.  Shares purchased directly in the IPO are considered to have been purchased on May 17, 2012, even if the order for those shares was placed before May 17, 2012.

## CALCULATION OF RECOGNIZED LOSS AND RECOGNIZED GAIN AMOUNTS

66.   Based on the formula set forth below, a "Recognized Loss Amount" or "Recognized Gain Amount" shall be calculated for all purchases and acquisitions of Facebook Common Stock during the Class Period that are listed in the Claim Form and for which adequate documentation is provided.  To the extent that a calculation of a Recognized Loss Amount in paragraph 67 results in zero or a negative number, that number shall be set to zero.

67.   For each share of Facebook Common Stock purchased or otherwise acquired from May 17, 2012 through and including the close of trading on May 21, 2012, and:

A.     Sold at a loss[6] prior to the close of trading on May 18, 2012, the Recognized Loss Amount shall be zero.

B.     Sold at a loss from after the close of trading on May 18, 2012 through the close of trading on May 22, 2012, a Recognized Loss Amount shall be calculated, which shall be the purchase or acquisition price, not to exceed $38.00, *minus* the sale price.

C.     Still held as of the close of trading on May 22, 2012, but sold prior to the close of trading on February 23, 2018 at a loss, a Recognized Loss Amount shall be calculated which shall be the purchase or acquisition price, not to exceed $38.00, *minus the greater of*: (i) the sale price or (ii) $31.00, the closing price of Facebook Common Stock on May 22, 2012.

D.     Sold for a gain[7] at any time prior to the close of trading on February 23, 2018, a Recognized Gain Amount shall be calculated which shall be the sale price *minus* the purchase/acquisition price.

E.     Still held as of the close of trading on February 23, 2018, a Recognized Gain Amount shall be calculated which shall be $183.29, the closing price of Facebook Common Stock on February 23, 2018, *minus* the purchase/acquisition price.

## **ADDITIONAL PROVISIONS**

68.   If a Class Member has more than one purchase/acquisition or sale of Facebook Common Stock, all purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis, such that sales will be matched against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

69.   A Claimant's "Net Recognized Loss Amount" under the Plan of Allocation shall be (i) the sum of his, her, or its Recognized Loss Amounts for all purchase or acquisitions of Facebook Common Stock during the Class Period *less* (ii) the sum of his, her, or its Recognized Gain Amounts for all purchases or acquisitions of Facebook Common Stock during the Class Period.  If this amount is zero or negative, the Claimant's Net Recognized Loss Amount shall be zero and he or she shall not be eligible for any recovery in the Settlement.

70.   For Claimants that are members of the **Retail Investor Subclass** (as defined above in ¶ 36), their "Recognized Claim" shall be equal to their Net Recognized Loss Amount.

71.   For Claimants that are members of the **Institutional Investor Subclass** (as defined above in ¶ 35), their "Recognized Claim" shall be equal to 25% of their Net Recognized Loss Amount.  The Recognized Claims of institutional investors are discounted to reflect the substantial additional difficulties that institutional investors would have in establishing that they were unaware that Facebook had reduced its revenue estimates prior to the IPO.

72.   The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims, as follows:

---

[6] "Sold at a loss" means the purchase/acquisition price is greater than the sale price.

[7] "Sold for a gain" means the purchase/acquisition price is less than or equal to the sale price.

A.    If an Authorized Claimant's Recognized Claim is less than $10.00, no distribution will be made to that Authorized Claimant.

B.    A "Distribution Amount" will be calculated for all other Authorized Claimants, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

C.    If an Authorized Claimant's Distribution Amount calculated under subparagraph B calculates to less than $100.00, the Distribution Amount for that Authorized Claimant shall be set at the lesser of (i) the Authorized Claimant's full Recognized Claim, or (ii) $100.00.  Authorized Claimants who receive a Distribution Amount equal to their full Recognized Claim will not be eligible for payment in any subsequent distributions (as described in ¶ 75 below).

D.    After the adjustments to Distribution Amounts required by subparagraph C are made, the Distribution Amounts for all Authorized Claimants not included in subparagraphs A or C will be recalculated under subparagraph B based on the remaining amount available in Net Settlement Fund after deducting the Distribution Amounts established in subparagraph C.

73.    Purchases and sales of Facebook Common Stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of Facebook Common Stock during the Class Period shall not be deemed a purchase or sale of Facebook Common Stock for the calculation of an Authorized Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase or acquisition of any Facebook Common Stock unless (i) the donor or decedent purchased the shares during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares; and (iii) it is specifically so provided in the instrument of gift or assignment.

74.    Option contracts are not securities eligible to participate in the Settlement.  With respect to Facebook Common Stock purchased or sold through the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

75.    After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the fund at least six (6) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator shall conduct a subsequent distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who did not receive their full Recognized Claim in the initial distribution, have cashed their initial distributions, and who would receive at least $10.00 from that subsequent distribution.  Additional distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such distributions, would be cost-effective.  At such time as it is determined that further distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit 501(c)(3) organization(s), to be recommended by Lead Counsel and approved by the Court.

76.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No person shall have any claim against Plaintiffs,

Plaintiffs' Counsel, Plaintiffs' damages expert, Defendants, Defendants' Counsel, or any of the other Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Plaintiffs, Defendants and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

77. The Plan of Allocation set forth herein is the plan that is being proposed by Lead Plaintiffs to the Court for its approval after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.FacebookSecuritiesLitigation.com.

---

**WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING?
HOW WILL THE LAWYERS BE PAID?**

---

78. Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Class, nor have Plaintiffs' Counsel been paid their litigation expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund. At the same time, Lead Counsel also intend to apply for payment of Litigation Expenses in an amount not to exceed $5.6 million, which may include an application for the reasonable costs and expenses incurred by Class Representatives directly related to their representation of the Class. The Court will determine the amount of any award of attorneys' fees or Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE
SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?
MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

79. **Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing. You can participate in the Settlement and/or object without attending the Settlement Hearing**.

80. The Settlement Hearing will be held on _____, 2018 at __:__ _.m., before the Honorable Robert W. Sweet, in the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007-1312, Courtroom 18C. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Class.

81. Any Class Member may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below **on or before _____, 2018.** You must also serve the papers on Lead Counsel and Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before _____, 2018.**

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court Southern District of New York Daniel Patrick Moynihan United States Courthouse 500 Pearl St. New York, NY 10007-1312 | **Bernstein Litowitz Berger & Grossmann LLP** John Rizio-Hamilton, Esq. 1251 Avenue of the Americas, 44th Floor New York, NY  10020 | **Latham & Watkins LLP** Andrew Clubok, Esq. 555 Eleventh Street, NW Suite 1000 Washington, DC 20004-1304 |
| | **Labaton Sucharow LLP** James W. Johnson, Esq. 140 Broadway New York, NY 10005 | **Davis Polk & Wardwell LLP** James P. Rouhandeh, Esq. 450 Lexington Avenue New York, NY 10017 |

82.    Any objections (i) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (ii) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (iii) must include documents sufficient to prove membership in the Class, including documents showing the number of shares of Facebook Common Stock that the objector purchased and/or sold during the Class Period (*i.e.*, May 17, 2012 through May 21, 2012, inclusive), as well as the number of shares, dates, and prices for each such purchase and sale.  You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses if you excluded yourself from the Class in connection with the Class Notice and are listed on Appendix 1 to the Stipulation.

83.    You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

84.    If you wish to be heard orally at the hearing, you must file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is ***received*** on or before _____, 2018.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

85.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that the notice is ***received*** on or before _____, 2018.

86.    The Settlement Hearing may be adjourned by the Court without further written notice to the Class.  If you plan to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

87.    **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses.  Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

| WHAT IF I PURCHASED FACEBOOK SHARES ON SOMEONE ELSE'S BEHALF? |
|---|

88.   **If you previously provided the names and addresses of persons and entities on whose behalf you purchased or acquired Facebook Class A common stock during the period from May 17, 2012 through May 21, 2012, inclusive, in connection with the Class Notice, and (i) those names and addresses remain current and (ii) you have no additional names and addresses for potential Class Members to provide to the Claims Administrator,** *you need do nothing further at this time*.  **The Claims Administrator will mail a copy of this Settlement Notice and the Claim Form (together, the "Settlement Notice Packet") to the beneficial owners whose names and addresses were previously provided in connection with the Class Notice.**  If you elected to mail the Class Notice directly to beneficial owners, you were advised that you must retain the mailing records for use in connection with any further notices that may be provided in the Action.  If you elected this option, the Claims Administrator will forward the same number of Settlement Notice Packets to you to send to the beneficial owners.

89.   **If you have additional name and address information, need additional Settlement Notice Packets from the Claims Administrator, or have not already provided information regarding persons and entities on whose behalf you purchased or acquired Facebook Class A common stock during the period from May 17, 2012 through May 21, 2012, inclusive, in connection with the Class Notice, then,** the Court has ordered that you must, WITHIN TEN (10) BUSINESS DAYS OF YOUR RECEIPT OF THIS NOTICE, either: (i) send the Settlement Notice Packet to all beneficial owners of such Facebook common stock, or (ii) send a list of the names and addresses of such beneficial owners to the Claims Administrator at *Facebook Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173007, Milwaukee, WI 83217, (866) 963-9974, in which event the Claims Administrator shall promptly mail the Settlement Notice Packet to such beneficial owners.  **As stated above, if you have already provided this information in connection with the Class Notice, unless that information has changed (***e.g.***, the beneficial owner has changed address), it is unnecessary to provide such information again.**

90.   Upon full and timely compliance with these directions, nominees who mail the Settlement Notice Packet to beneficial owners may seek reimbursement of their reasonable expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

91.   Copies of this Settlement Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.FacebookSecuritiesLitigation.com, by calling the Claims Administrator toll-free at (866) 963-9974, or by emailing the Claims Administrator at info@FacebookSecuritiesLitigation.com.

| CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS? |
|---|

92.   This notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007-1312.  Additionally, copies of the Stipulation, any related orders entered by the Court, and other relevant filings will be posted on the website maintained by the Claims Administrator, www.FacebookSecuritiesLitigation.com and on Lead Counsel's websites.

All inquiries concerning this Settlement Notice and the Claim Form should be directed to:

*Facebook Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173007
Milwaukee, WI 83217

(866) 963-9974
www.FacebookSecuritiesLitigation.com


**Bernstein Litowitz Berger & Grossmann LLP**
John Rizio-Hamilton, Esq.
1251 Avenue of the Americas
New York, NY  10020
(800) 380-8496
blbg@blbglaw.com
www.blbglaw.com

**Labaton Sucharow LLP**
James W. Johnson
140 Broadway
New York, NY 10005
(888) 219-6877
settlementquestions@labaton.com
www.labaton.com


**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, FACEBOOK, THE OTHER DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2018

By Order of the Court
United States District Court
Southern District of New York

20

# Exhibit 2

***Facebook Securities Litigation***
**c/o A.B. Data, Ltd.**
**P.O. Box 173007**
**Milwaukee, WI 83217**

**Toll-Free Number:  (866) 963-9974**
**Email:  info@FacebookSecuritiesLitigation.com**
**Website:  www. FacebookSecuritiesLitigation.com**

## PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the above address, ***postmarked*** **no later than _____, 2018**.

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the parties to the Action, or their counsel.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| **TABLE OF CONTENTS** | **PAGE #** |
|---|---|
| **PART I – IMPORTANT QUESTIONS** | __ |
| **PART II – CLAIMANT INFORMATION** | __ |
| **PART III – GENERAL INSTRUCTIONS** | __ |
| **PART IV – SCHEDULE OF TRANSACTIONS IN FACEBOOK COMMON STOCK** | __ |
| **PART V – RELEASE OF CLAIMS AND SIGNATURE** | __ |

## PART I – IMPORTANT QUESTIONS

You **must** answer these questions in order for your Claim to be potentially eligible for a recovery:

1. Did the Claimant (on whose behalf this Claim Form is submitted) purchase shares of Facebook Class A common stock ("Facebook Common Stock") during the period from May 17, 2012 through May 21, 2012 (the "Class Period") through an investment advisor or other person who acted with full discretionary authority in making those purchases?

   **Note:**   Acting with "full discretionary authority" means that the investment advisor was authorized to purchase shares on behalf of the Claimant without needing any confirmation or direction from the Claimant.

   Yes ☐        No ☐

2. If you answered "Yes" to question 1 above, please identify the name of the investment adviser company or other person who acted with full discretionary authority in making the purchases of Facebook Common Stock for the Claimant during the Class Period.  Please list the name of the company, not the name of the individual adviser, if he or she was employed by a company:

   | |
   |---|

3. Was the Claimant an "institutional investor" as the term is defined under Financial Industry Regulatory Authority Rules 2210 and 4512 during the period from May 17, 2012 through May 21, 2012?

   **Note:**   Under these rules, an "institutional investor" generally includes entities such as banks, savings and loan associations, insurance companies, registered investment companies, governmental entities or subdivisions thereof, and certain employee benefit plans; investment advisors registered with the SEC or a state securities commission; or any other person (whether a natural person, corporation, partnership, trust or otherwise) with total assets of at least $50 million.

   Yes ☐        No ☐

Claimants must sign on page __ of this Claim Form and attest to the accuracy of these answers under penalty of perjury.

## PART II – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons and entities must be provided.

Beneficial Owner's Name
First Name                                    Last Name

Joint Beneficial Owner's Name (*if applicable*)
First Name                                    Last Name

If this claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (*e.g.*, Jones IRA).

Entity Name (if the Beneficial Owner is not an individual)

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Beneficial Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

City                                    State/Province   Zip Code

Foreign Postal Code (if applicable)        Foreign Country (if applicable)

Telephone Number (Day)                     Telephone Number (Evening)

Email Address (email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim):

**Type of Beneficial Owner:**

Specify one of the following:
☐ Individual(s)        ☐ Corporation        ☐ UGMA Custodian        ☐ IRA

☐ Partnership          ☐ Estate             ☐ Trust                ☐ Other (describe: _____)

## PART III – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Litigation Expenses (the "Settlement Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Settlement Notice.  The Settlement Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Settlement Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Settlement Notice, including the terms of the releases described therein and provided for herein.

2.      By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Settlement Notice.  IF YOU ARE NOT A CLASS MEMBER (see the definition of the Class on page __ of the Settlement Notice, which sets forth who is included in and who is excluded from the Class), OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, SUBMITTED A REQUEST FOR EXCLUSION FROM THE CLASS IN CONNECTION WITH THE PREVIOUSLY DISSEMINATED CLASS NOTICE AND ARE LISTED ON APPENDIX 1 TO THE STIPULATION, DO NOT SUBMIT A CLAIM FORM.  **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A CLASS MEMBER.**  THUS, IF YOU ARE EXCLUDED FROM THE CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

3.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Settlement Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

4.      Use the Schedule of Transactions in Part IV of this Claim Form to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of, Facebook Common Stock.  On this schedule, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Facebook Common Stock, whether such transactions resulted in a profit or a loss.  **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

5.      **Please note**: Only Facebook Common Stock purchased during the Class Period (*i.e.*, from May 17, 2012 through May 21, 2012, inclusive) is eligible under the Settlement. However, sales of Facebook Common Stock during the period from May 22, 2012 through February 23, 2018, inclusive, may be used for purposes of calculating your claim under the Plan of Allocation.  Therefore, in order for the Claims Administrator to be able to balance your claim, the number of shares purchased or acquired during this period must also be provided.

6.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Facebook Common Stock set forth in the Schedule of Transactions in Part IV of this Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information

found in a broker confirmation slip or account statement.  The Parties and the Claims Administrator do not independently have information about your investments in Facebook Common Stock.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, do not highlight any portion of the Claim Form or any supporting documents.**

7.      Use Part II of this Claim Form entitled "CLAIMANT INFORMATION" to identify the beneficial owner(s) of Facebook Common Stock.  The complete name(s) of the beneficial owner(s) must be entered.  If you held the eligible Facebook Common Stock in your own name, you are the beneficial owner as well as the record owner.  If, however, your shares of eligible Facebook Common Stock were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner.  The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement.  If there are joint beneficial owners each must sign this Claim Form and their names must appear as "Claimants" in Part II of this Claim Form.

8.      **One Claim should be submitted for each separate legal entity.**  Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

9.      Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

   (a)      expressly state the capacity in which they are acting;

   (b)      identify the name, account number, Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Facebook Common Stock; and

   (c)      furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

10.     By submitting a signed Claim Form, you will be swearing that you:

   (a)      own or owned the Facebook Common Stock you have listed in the Claim Form; or

   (b)      are expressly authorized to act on behalf of the owner thereof.

11.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

12.     If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing.  The claims process will take substantial time to complete fully and fairly.  Please be patient.

13.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Settlement Notice, you may contact the Claims Administrator, A.B. Data, Ltd., at the above address, by email at info@FacebookSecuritiesLitigation.com, or by toll-free phone at 866-963-9974, or you can visit the website, www.FacebookSecuritiesLitigation.com, where copies of the Claim Form and Settlement Notice are available for downloading.

14.     NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the **mandatory** electronic filing requirements and file layout, you may visit the settlement website at www.FacebookSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at info@FacebookSecuritiesLitigation.com.  **Any file not in accordance with the required electronic filing format will be subject to rejection.**  Only one claim should be submitted for each separate legal entity (*see* ¶ 8 above) and the **complete** name of the beneficial owner of the securities must be entered where called for (*see* ¶ 7 above).  No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect.  **Do not assume that your file has been received until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@FacebookSecuritiesLitigation.com to inquire about your file and confirm it was received.**

## IMPORTANT:  PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS.   IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 866-963-9974.**

**PART IV – SCHEDULE OF TRANSACTIONS IN FACEBOOK CLASS A COMMON STOCK**

Please be sure to include proper documentation with your Claim Form as described in detail in Part III – General Instructions, ¶ 6, above.  Do not include information regarding securities other than Facebook Common Stock.

**1.  PURCHASES/ACQUISITIONS FROM MAY 17, 2012 THROUGH MAY 21, 2012** – Separately list each and every purchase or acquisition (including free receipts) of Facebook Common Stock from May 17, 2012 through the close of trading on May 21, 2012.  Include all shares purchased in Facebook's Initial Public Offering.  Shares purchased directly in the IPO should be listed as purchased on May 17, 2012.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding any taxes, commissions, and fees) | Confirm Proof of Purchase Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |

| **2.  NUMBER OF SHARES PURCHASED FROM MAY 22, 2012 THROUGH FEBRUARY 23, 2018** – Provide the number of shares of Facebook Common Stock purchased or acquired from May 22, 2012 through and including February 23, 2018. [1] _____ | **IF NONE, CHECK HERE** ○ |
|---|---|

| **3.  SALES FROM MAY 18, 2012 THROUGH FEBRUARY 23, 2018** – Separately list each and every sale or disposition (including free deliveries) of Facebook Common Stock from after the opening of trading on May 18, 2012 through the close of trading on February 23, 2018.  (Must be documented.) | **IF NONE, CHECK HERE** ○ |
|---|---|

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting any taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |

---

[1] **Please note**:  Information requested with respect to the number of shares you purchased or acquired of Facebook Common Stock from May 22, 2012 through and including February 23, 2018 is needed in order to balance your claim; purchases during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

| 4.  **HOLDINGS AS OF FEBRUARY 23, 2018 –** State the total number of shares of Facebook Common Stock held as of the close of trading on February 23, 2018.  (Must be documented.)  If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ◯ |
| --- | --- |

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.  IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.** ☐

## PART V - RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE __ OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and our respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

**CERTIFICATION**

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.      that I (we) have read and understand the contents of the Settlement Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.      that the claimant(s) is a (are) Class Member(s), as defined in the Settlement Notice, and is (are) not excluded by definition from the Class as set forth in the Settlement Notice;

3.      that the claimant(s) did *not* submit a request for exclusion from the Class in connection with the previously disseminated Class Notice;

4.      that I (we) own(ed) the Facebook Common Stock identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.      that the claimant(s) has (have) not submitted any other claim covering the same purchases of Facebook Common Stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.      that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's

(claimants') claim and for purposes of enforcing the releases set forth herein;

      7.     that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

      8.     that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this Claim, and waives any right of appeal or review with respect to such determination;

      9.     that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

      10.     that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the claimant(s) is (are) exempt from backup withholding or (ii) the claimant(s) has (have) not been notified by the IRS that he, she, or it is subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the claimant(s) that he, she, or it is no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____

Signature of claimant                                                 Date

_____

Print claimant name here

_____

Signature of joint claimant, if any                              Date

_____

Print joint claimant name here

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____

Signature of person signing on behalf of claimant                                      Date

_____

Print name of person signing on behalf of claimant here

_____

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant – see ¶ 9 on page __ of this Claim Form.)

## REMINDER CHECKLIST

1.  Sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2.  Attach only *copies* of acceptable supporting documentation as these documents will not be returned to you.

3.  Do not highlight any portion of the Claim Form or any supporting documents.

4.  Keep copies of the completed Claim Form and documentation for your own records.

5.  The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at 866-963-9974.**

6.  If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address.  If you change your name, inform the Claims Administrator.

7.  If you have any questions or concerns regarding your claim, contact the Claims Administrator at the address below, by email at info@FacebookSecuritiesLitigation.com, or by toll-free phone at 866-963-9974, or you may visit www.FacebookSecuritiesLitigation.com.  DO NOT call Facebook, the other Defendants, or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, *POSTMARKED* **NO LATER THAN _____, 2018**, ADDRESSED AS FOLLOWS:

*Facebook Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173007
Milwaukee, WI 83217

866-963-9974
www.FacebookSecuritiesLitigation.com

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____, 2018 is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

# Exhibit 3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE FACEBOOK, INC. IPO SECURITIES AND DERIVATIVE LITIGATION | MDL No. 12-2389 (RWS)<br><br>This document relates to the Consolidated Securities Action. |

### SUMMARY NOTICE OF (I) PROPOSED SETTLEMENT AND PLAN OF ALLOCATION; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES

To:     All persons who purchased or otherwise acquired Class A common stock of Facebook, Inc. ("Facebook") in or traceable to Facebook's May 17, 2012 initial public offering during the period from May 17 through May 21, 2012, inclusive (the "Class Period"), and were damaged thereby (the "Class").[1]

**PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that Lead Plaintiffs Arkansas Teacher Retirement System and Fresno County Employees' Retirement Association, on behalf of themselves and the Court-certified Class, in the above-captioned securities class action (the "Action") have reached a proposed settlement with all defendants in the Action, including Facebook, certain of Facebook's officers and directors, and the underwriters of Facebook's May 2012 initial public offering, for $35,000,000.00 that, if approved, will resolve all claims in the Action.

A hearing will be held on _____, 2018 at _:__ _.m before the Honorable Robert W. Sweet, in the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007-1312, Courtroom 18C, to determine: (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the releases specified and described in the Stipulation and Agreement of Settlement dated February 26, 2018 should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and expenses should be approved.

---

[1] Certain persons and entities are excluded from the Class by definition and others are excluded pursuant to their previous requests for exclusion.  The full definition of the Class including a complete description of who is excluded from the Class and the full list of Defendants are set forth in the full Settlement Notice referred to below.

**If you are a member of the Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**.  If you have not yet received the full printed Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Litigation Expenses (the "Settlement Notice") and the Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *Facebook Securities Litigation*, c/o AB Data, Ltd., P.O. Box 173007, Milwaukee, WI 83217, (866) 963-9974.  Copies of the Settlement Notice and Claim Form can also be downloaded from the website for the Action, www.FacebookSecuritiesLitigation.com, or from Lead Counsel's respective websites.

If you are a Class Member, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form ***postmarked*** no later than _____, 2018. If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's application for attorneys' fees and expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are ***received*** no later than _____, 2018, in accordance with the instructions set forth in the Settlement Notice.

**Please do not contact the Court, the Clerk's office, Facebook, the other Defendants, or their counsel regarding this notice.  All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Settlement Notice and Claim Form, may be made to Lead Counsel:

| **Bernstein Litowitz Berger & Grossmann LLP** | **Labaton Sucharow LLP** |
|:---:|:---:|
| John Rizio-Hamilton | James W. Johnson |
| 1251 Avenue of the Americas | 140 Broadway |
| New York, NY  10020 | New York, NY 10005 |
| (800) 380-8496 | (888) 219-6877 |
| blbg@blbglaw.com | settlementquestions@labaton.com |

Requests for the Settlement Notice and Claim Form should be made to:

*Facebook Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173007
Milwaukee, WI 83217

(866) 963-9974
www.FacebookSecuritiesLitigation.com

By Order of the Court