# DAVIS POLK & WARDWELL LLP

450 LEXINGTON AVENUE
NEW YORK, NY 10017
212 450 4000
FAX 212 701 5800

MENLO PARK
WASHINGTON, D.C.
SÃO PAULO
LONDON
PARIS
MADRID
TOKYO
BEIJING
HONG KONG

CHARLES S. DUGGAN
212 450 4785
CHARLES.DUGGAN@DAVISPOLK.COM

August 29, 2018

By Electronic Filing

The Honorable Robert W. Sweet
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  *In re Facebook, Inc., IPO, Securities & Derivative Litigation*,
     MDL No. 12-2389 (Consolidated Securities Action)

Dear Judge Sweet:

I write on behalf of the Defendants in response to the objection to the proposed Settlement of James J. Hayes, dated August 13, 2018.

Defendants join in the arguments made by Lead Plaintiffs in response to Mr. Hayes's objection to the release of claims under the Securities Exchange Act of 1934 against Morgan Stanley—an ordinary-course release, agreed as an integral aspect of the proposed Settlement. As those arguments show, Mr. Hayes's objection that Lead Plaintiffs decided not to pursue his personal theory of how to litigate and settle this lawsuit fails to show that the proposed Settlement is not a fair, reasonable and adequate resolution of all claims against Defendants arising from Facebook's IPO. Defendants also join in Lead Plaintiffs' response to Mr. Hayes's assertion that notices of class certification and settlement were not timely received by all members of the Class. As Lead Plaintiffs have explained, none of Mr. Hayes's objections provides a reason for the Court not to approve the Settlement.

We write separately in response to Mr. Hayes's unfounded and counter-factual assertions that Morgan Stanley made false statements regarding the demand for Facebook's stock in the period leading up to the IPO and caused the stock price to decline in its aftermath. Mr. Hayes cites no evidence to support these assertions—and there is none. Morgan Stanley's activities prior to and after the IPO were extensively explored by Lead Plaintiffs during discovery in this

Hon. Robert W. Sweet               2                    August 29, 2018

case, yet with the benefit of that discovery, Lead Plaintiffs never purported to advance the outlandish allegations and liability theories against Morgan Stanley put forward by Mr. Hayes, because they have no basis in fact.

For example, Mr. Hayes asserts that Morgan Stanley implied to the markets that IPO was oversubscribed while it purportedly knew that indications of interest from institutional investors were "substantially less than the 421 million shares the underwriters had committed to sell." Letter at 2. That unsupported assertion is refuted by documents produced to Lead Plaintiffs, who have never disputed that institutional investors' expressed interests far exceeded 421 million shares. Mr. Hayes's allegation that all institutional investors allocated stock "were allocated 100% of their orders" (*id.* at 2-3) similarly fails to support his unsubstantiated assertion that the offering was undersubscribed; again, Lead Plaintiffs have never disputed that almost all institutional investors received only a fraction of the stock they wished to purchase. Mr. Hayes's description of NASDAQ's opening of trading on the date of the IPO is similarly uninformed and contrary to the extensive evidence about NASDAQ's established failures in executing the IPO cross that negatively affected trading in the stock. These are only some of the statements made by Mr. Hayes that are factually mistaken. Defendants have not attempted to catalogue all of them in this letter, and Defendants do not concede the validity of any of his allegations not specifically addressed in this letter.

Mr. Hayes's unsubstantiated and uninformed suppositions about how the IPO was conducted provide no reason to disapprove the Settlement agreed between Lead Plaintiffs and the Defendants.

Respectfully submitted,

*Charles Duggan*

Charles S. Duggan

cc: all Counsel (via ECF)