**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**



IN RE FACEBOOK, INC. IPO SECURITIES AND DERIVATIVE LITIGATION

MDL No. 12-2389 (RWS)

This document relates to the Consolidated Securities Action:

| | |
|---|---|
| No. 12-cv-4081 | No. 12-cv-4763 |
| No. 12-cv-4099 | No. 12-cv-4777 |
| No. 12-cv-4131 | No. 12-cv-5511 |
| No. 12-cv-4150 | No. 12-cv-7542 |
| No. 12-cv-4157 | No. 12-cv-7543 |
| No. 12-cv-4184 | No. 12-cv-7544 |
| No. 12-cv-4194 | No. 12-cv-7545 |
| No. 12-cv-4215 | No. 12-cv-7546 |
| No. 12-cv-4252 | No. 12-cv-7547 |
| No. 12-cv-4291 | No. 12-cv-7548 |
| No. 12-cv-4312 | No. 12-cv-7550 |
| No. 12-cv-4332 | No. 12-cv-7551 |
| No. 12-cv-4360 | No. 12-cv-7552 |
| No. 12-cv-4362 | No. 12-cv-7586 |
| No. 12-cv-4551 | No. 12-cv-7587 |
| No. 12-cv-4648 | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-26-18

## JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a consolidated securities class action is pending in this Court in the matter styled *In re Facebook, Inc. IPO Securities & Derivative Litigation*, MDL No. 12-2389 (S.D.N.Y.) (the "Action");

WHEREAS, in an Opinion dated December 11, 2015, this Court certified the Action to proceed as a class action on behalf of (a) all institutional investors that purchased or otherwise acquired Facebook Class A common stock in or traceable to the Company's May 17, 2012 initial public offering ("IPO") during the period May 17, 2012 through May 21, 2012, inclusive (the

"Class Period"), and were damaged thereby (the "Institutional Investor Subclass"); and (b) all retail investors who purchased or otherwise acquired Facebook Class A common stock in or traceable to the Company's IPO during the Class Period, and were damaged thereby (the "Retail Investor Subclass" and, together with the Institutional Investor Subclass, the "Class")[1];

WHEREAS, pursuant to this Court's Order dated June 8, 2016, notice was disseminated to potential members of the Class to notify them of, among other things: (i) the Action pending against Defendants; (ii) the Court's certification of the Action to proceed as a class action on behalf of the Class; and (iii) their right to request to be excluded from the Class, the effect of remaining in the Class or requesting exclusion, and the requirements for requesting exclusion;

WHEREAS, (a) Lead Plaintiffs Arkansas Teacher Retirement System and Fresno County Employees' Retirement Association (collectively, "Lead Plaintiffs"), on behalf of themselves and the other members of the Class, and (b) defendants Facebook, Inc. ("Facebook" or the "Company"); Mark Zuckerberg, Sheryl K. Sandberg, David A. Ebersman, David M. Spillane, Marc L. Andreessen, Erskine B. Bowles, James W. Breyer, Donald E. Graham, Reed Hastings, and Peter A. Thiel (collectively, the "Individual Defendants"); and Morgan Stanley & Co. LLC; J.P. Morgan Securities LLC; Goldman Sachs & Co. LLC (formerly Goldman, Sachs & Co.);

---

[1] The following investors have been previously excluded from the Class by the Court pursuant to its December 11, 2015 Opinion: American Century Investment Management Inc.; Blue Ridge Capital, LLC; Capital Research and Management Company; Chilton Investment Company, LLC; Clovis Capital Management, LP; Columbia Management Investment Advisors, LLC; Fidelity Management and Research Company; Jennison Associates LLC; Ian DelBalso; Kingdon Capital Management, LLC; Loews Corp; Maple Lane Capital, LLC; Schroder Investment Management North America Inc.; Soros Fund Management LLC; Surveyor Capital; T. Rowe Price Distribution Group; Teachers Insurance Annuity Association of America; Turner Investments LP; Weiss Multi-Strategy Advisers LLC; and Wellington Management Company LLP; and any other investors whose shares were purchased on their behalf by any of the excluded investors with full discretionary authority. Also excluded from the Class by definition are (i) Defendants; (ii) present or former executive officers of Facebook and their Immediate Family Members; and (iii) any person or entity that submitted a request for exclusion from the Class as set forth in Appendix 1 to the Stipulation.

Allen & Company LLC; Barclays Capital Inc.; Blaylock Robert Van LLC; BMO Capital Markets Corp.; C.L. King & Associates, Inc.; Cabrera Capital Markets, LLC; CastleOak Securities, L.P.; Citigroup Global Markets Inc.; Cowen and Company, LLC; Credit Suisse Securities (USA) LLC; Deutsche Bank Securities Inc.; E*TRADE Securities LLC; Itau BBA USA Securities, Inc.; Lazard Capital Markets LLC; Lebenthal & Co., LLC; Loop Capital Markets LLC; M.R. Beal & Company; Macquarie Capital (USA) Inc.; Merrill Lynch, Pierce, Fenner & Smith Incorporated; Muriel Siebert & Co., Inc.; Oppenheimer & Co. Inc.; KeyBanc Capital Markets, Inc. (formerly Pacific Crest Securities LLC); Piper Jaffray & Co.; Raymond James & Associates, Inc.; RBC Capital Markets, LLC; Samuel A. Ramirez & Company, Inc.; Stifel, Nicolaus & Company, Incorporated; Wells Fargo Securities, LLC; The Williams Capital Group, L.P.; and William Blair & Company, L.L.C. (collectively, the "Underwriter Defendants" and, together with Facebook and the Individual Defendants, "Defendants," and, together with Lead Plaintiffs, the "Parties") have entered into a Stipulation and Agreement of Settlement dated February 26, 2018 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated February 26, 2018 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) ordered that notice of the proposed Settlement be provided to the Class; (c) provided Class Members with the opportunity to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on September 5, 2018 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on February 26, 2018; and (b) the Settlement Notice and the Summary Settlement Notice, both of which were filed with the Court on August 1, 2018.

3. **Settlement Notice** – The Court finds that the dissemination of the Settlement Notice and the publication of the Summary Settlement Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the effect of the proposed Settlement (including

4

the Releases to be provided thereunder); (ii) Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses; (iii) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; and (iv) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1, as amended, and all other applicable law and rules.

4. **Objections** – By letter dated August 13, 2018, James J. Hayes submitted an objection to the Settlement. The Court has considered the objection, including the timing of Mr. Hayes' receipt of the Settlement Notice, and finds that it is without merit. By letter dated July 30, 2018, Edward and Sheila Brennan submitted an objection to the Settlement. The Court has considered the Brennans' objection and finds that it is without merit. Both the Hayes and Brennan objections are overruled. The Court also notes that the objection filed by Larry Gilbert (ECF No. 585) has been withdrawn.

5. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein, including the release of the Released Plaintiffs' Claims against the Defendants' Releasees; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Class. The Parties are directed to

implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

6. The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiffs and the other Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

7. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiffs and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

8. **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 9 below, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants'

Releasees. This release shall not apply to any Excluded Plaintiffs' Claims (as that term is defined in paragraph 1(w) of the Stipulation).

(b) Without further action by anyone, and subject to paragraph 9 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Lead Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees. This release shall not apply to any Excluded Defendants' Claims (as that term is defined in paragraph 1(v) of the Stipulation).

9. Notwithstanding paragraphs 8(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

10. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

11. **No Admissions** – Neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in

connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial;

*provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

12. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

13. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

14. **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

15. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall

be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the other Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of January 12, 2018, as provided in the Stipulation.

16. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this 26 day of November, 2018.

_____
The Honorable Robert W. Sweet
United States District Judge

#1151202