UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————x

In re: Facebook, Inc., IPO Securities
and Derivative Litigation

No. 12-md-2389 (CM) (GWG)

———————————————————————x

**MEMORANDUM AND OPINION DENYING THE MOTION FOR DECLARATORY JUDGMENT AND ORDER TO SHOW CAUSE**

McMahon, J.:

Currently before the court is James J. Hayes's motion for a declaration that the Lead Plaintiffs and their counsel in the above-captioned action were required to assert certain fraud claims arising under the Securities Exchange Act of 1934 (the "Exchange Act") against Morgan Stanley & Co., on behalf of the Hayes and the other class members in connection with the class action that brought against Facebook., Inc., ten years ago, and that was settled in 2018 (*See* Dkt. No. 625) (Motion for Declaratory Judgment filed January 4, 2022) (the "Motion" or "Mot.").

This court inherited this case from the Honorable Robert W. Sweet, who died during the pendency of an appeal from his order approving the settlement in this case. The United States Court of Appeals for the Second Circuit affirmed Judge Sweet's order approving the settlement in on September 23, 2020, and the Judicial Panel on Multi-District Litigation reassigned the matter to me for the purpose of completing the administrative matters attendant to the carrying out of the settlement. On June 1, 2021, this court disposed any remaining objections and approved the Lead Plaintiff's distribution plan of the settlement fund. (Dkt. Nos. 621, 622).

I will briefly recount the background relevant to disposing of the pending motion.

Hayes's motion arises from the settlement of a securities class action brought based on alleged misrepresentations and omissions made in the registration statement for Facebook's May

1

2012 initial public offering (the "IPO"). After six years of hard-fought litigation, the action was settled in 2018 for $35 million (the "Settlement").

Hayes objected to approval of the Settlement before Judge Sweet. His objection was based principally on the argument that Lead Plaintiffs and their counsel had purportedly abused their authority under the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), as well as Federal Rule of Civil Procedure 23, by failing to pursue Exchange Act claims against Morgan Stanley & Co., one of the underwriters of Facebook's IPO. (*See* Dkt. No. 591).

Judge Sweet rejected Hayes's objection in a well-reasoned decision, holding:

> Hayes's primary objection to the Proposed Settlement centers on the strategic decision by Lead Plaintiffs to forego causes of action under the Securities Exchange Act of 1934 (''34 Act') in favor of 1933 Act claims. . . . Assuming a '34 Act claim or claims would have had merit in this case—and Hayes has not made such a showing—the Class has not been prejudiced by the absence of such claims.

(*See* Dkt. No. 601 at 30-31).

Hayes raised the same issue on appeal of Judge Sweet's approval order (approving the Settlement), arguing that "Lead Counsels did not adequately represent their named plaintiff client when they declined to amend the Consolidated Complaint to include Exchange Act claims against Morgan Stanley." (Appeal Dkt. No. 108 at 24)[1]; (*see also id*. at 26) ("Conflicted Lead Counsels Abused Their Authority By Declining To Amend the Consolidated Complaint To Include Exchange Act Claims Against Morgan Stanley").

In a September 23, 2020 summary order, the Second Circuit affirmed Judge Sweet's settlement approval order, and explicitly rejected Hayes's arguments for the same reasons that Judge Sweet did. The Second Circuit noted that Hayes's appeal "primarily reiterates his argument

---

[1] "Appeal Dkt. No. __" refers documents filed in the appellate case, No. 18-3845 (2d Cir.), whereas "Dkt. No. __" refers to documents filed in the case before the district court, No. 12-md-02389 (S.D.N.Y.).

that the Lead Plaintiffs and Class Counsel should have raised fraud claims against Morgan Stanley pursuant to the Exchange Act," and rejected that argument for the reasons expressed by the District Court: because "Lead Plaintiffs and Class Counsel acted well within their discretion in choosing not to raise such claims," and because "Hayes knew since at least October 2015 that Lead Plaintiffs were not raising Exchange Act claims, and he could have brought an individual action raising such a claim if he so wished." (Appeal Dkt. No. 209-1 at 4) (the "Summary Order").

Hayes sought neither panel nor *en banc* reconsideration of the Summary Order by October 7, 2020, the last date for doing so. (*See* Fed. R. App. P. 35(c), 40(a)(1)). The Second Circuit's mandate issued on October 15, 2020. (*See* Dkt. No. 607). Hayes similarly failed to file a petition for certiorari to the U.S. Supreme Court by February 22, 2021, as required by 28 U.S.C. § 2101(c).

On February 17, 2021, Hayes filed a "Motion for Declaratory Judgment Against Plaintiffs' Counsel" in the Second Circuit appeal. (Appeal Dkt. No. 217). On February 19, 2021, the Second Circuit Clerk of the Court rejected Hayes's motion as untimely because it was filed after the mandate was issued; she advised Hayes to refile the motion in conjunction with a motion to recall the mandate should he wished to make his motion. (*See* Appeal Dkt. No. 218).

On March 11, 2021, Hayes filed a Motion to Recall the Mandate (Appeal Dkt. No. 219) and refiled the same previously filed Motion for Declaratory Judgment (Appeal Dkt. No. 220). On March 24, 2021, the Second Circuit summarily denied Hayes' motions to recall the mandate and for declaratory judgment, finding that the motions were "frivolous." The Circuit warned Hayes "that the continued filing of duplicative, vexatious, or clearly meritless motions or other papers in this appeal could result in the imposition of a sanction that would require Appellant to obtain permission from this Court prior to filing any further submissions in this matter (a 'leave-to-file' sanction)." (Appeal Dkt. No. 227).

Not withstanding the Second Circuit's warning, Hayes filed the instant motion for declaratory judgment before this court, making once again the same argument that has already been rejected by both the District Court *and* the Second Circuit.

Lead Plaintiffs Arkansas Teacher Retirement System and Fresno County Employees' Retirement Association ("Lead Plaintiffs"), together with Jose G. Galvan, Mary Jane Lule Galvan, Sharon Morley, Eric Rand, Paul Melton, and Lynn Melton (collectively, "Plaintiffs"), oppose Hayes's motion for declaratory relief and ask this court to impose "leave-to-file" sanctions against Hayes.

For the following reasons, the motion for declaratory judgment is denied with prejudice, and Hayes is hereby ordered to show cause why a leave-to-file sanction should not be imposed.

## I. THE MOTION FOR DECLARATORY JUDGMENT IS DENIED WITH PREJUDICE.

Hayes's motion is another frivolous and vexatious attempt to relitigate precisely the same argument that he raised previously with the District Court (Judge Sweet) and with the Second Circuit. Both the District Court and the Second Circuit have found his argument to be entirely without merit. As Hayes's arguments have already been squarely addressed and soundly rejected on the merits, there is nothing for this court to do except deny Hayes's renewed motion as a paradigmatic example of a frivolous and vexatious litigation. The motion is denied WITH PREJUDICE. This means the argument WILL NOT BE ENTERTAINED AGAIN.

## II. HAYES IS ORDERED TO SHOW CAUSE WHY A LEAVE-TO-FILE ORDER SHOULD NOT ISSUE.

Hayes is a serial settlement objector who has frequently filed meritless objections to class action settlements and appeals from settlement approval orders. (*See* Appeal Dkt. No. 130 at 19-20(); (Dkt No. 595 at ¶¶ 8-9).

4

The Second Circuit has already sanctioned Hayes under similar circumstances. On appeal from *another* Second Circuit securities class action, the Circuit similarly first warned Hayes that the "continued filing of duplicative, vexatious, or clearly meritless appeals, motions, or other papers . . . will result in the imposition of sanctions." *Hayes v. Harmony Gold Mining Co.*, No. 13-635, Motion Order at 2 (2d Cir. July 18, 2013) (ECF No. 107). After Hayes continued to file frivolous papers following the rejection of his appeal, the Second Circuit imposed a "leave-to-file" sanction on Hayes, refusing "to accept for filing any further papers from [Hayes] regarding appeals of class action securities fraud claims in the Harmony Gold litigation unless he first obtains leave of the Court to file such papers." *Harmony Gold*, Order at 2 (2d Cir. Dec. 16, 2013) (ECF No. 141).

The procedure in this Circuit for imposing leave-to-file sanctions involves three stages: (1) the court notifies the litigant that the filing of future frivolous appeals, motions, or other papers might result in sanctions (*Sassower v. Sansverie*, 885 F.2d 9, 11 (2d Cir. 1989)); (2) if the litigant continues to file frivolous appeals, motions or other papers, the court orders the litigant to show cause why a leave-to-file sanction order should not issue; and (3) if the litigant fails to show why sanctions are not appropriate, the court issues a sanctions order (*Gallop v. Cheney*, 642 F.3d 364, 370 (2d Cir. 2011)).

The Second Circuit has already warned Hayes that the continued filing of duplicative, vexatious, and clearly meritless motions will result in the impositions of a sanction which would require Hayes to obtain permission prior to filing any further submissions before the court. That warning does not appear to have been effective, considering that this court was forced to waste yet more time on an application that has twice been rejected on the merits. Accordingly, Hayes is hereby ORDERED to show cause, within 30 days of the entry of this order (*i.e.*, by June 5), why

5

the court should not impose on him a requirement that he obtain leave of court prior to filing any further papers or applications in this long-settled class action.

## CONCLUSION

This constitutes the decision and order of the court. It is a written opinion.

The Clerk of Court is respectfully directed to terminate the motion at Docket Number 625.

Dated: May 5, 2022

_____
U.S.D.J.

BY ECF TO ALL COUNSEL